## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAYNE DREXEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-428 (JJF) |
| v. | ) |
| | ) |
| HARLEYSVILLE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF DEPOSITION *DUCES TECUM*

TO:    William M. Kelleher
       Ballard Spahr Andrews & Ingersoll LP
       919 N. Market Street, 12th Floor
       Wilmington, DE 19801-3034

PLEASE TAKE NOTICE that plaintiff will take the deposition of Tower Insurance Services*

on February 17, 2006, beginning at 10:00 a.m. at the offices of Smith, Katzenstein & Furlow LLP,

800 Delaware Avenue, 7th Floor, P.O. Box, Wilmington, DE 19899

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Robert K. Beste

Robert K. Beste, III (# 3931)
The Corporate Plaza
800 Delaware Avenue, P.O. Box 410
Wilmington, Delaware 19899
(302) 652-8400
Attorneys for Plaintiff

Dated: January 30, 2006

* Attendance at the deposition will be waived if the deponent produces the documents requested
pursuant to the attached subpoena on or before February 17, 2006.
10010744.WPD

AO 88 (Rev. 7/00) Subpoena in a Civil Case

## Issued by the

# United States District Court

DISTRICT OF ____ **DELAWARE** ____

| | |
|---|---|
| LAYNE DREXEL, | **SUBPOENA IN A CIVIL CASE - *DUCES TECUM*** |
| Plaintiff, | |
| v. | Case Number:  05-428 (JJF) |
| HARLEYSVILLE INSURANCE CO., | |
| Defendant. | |

**TO:**    TOWER INSURANCE SERVICES
c/o Raymond E. Tomasetti, Jr., Registered Agent
1209 Coastal Highway
Fenwick Island, DE 19944

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Smith, Katzenstein & Furlow LLP<br>800 Delaware Avenue, 7th Floor<br>Wilmington, DE 19801 | FEBRUARY 17, 2006 AT 10:00 A.M.* |

■ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE SCHEDULE A ATTACHED HERETO**
*Attendance at the deposition will be waived if the deponent produces the requested documents on or before February 17, 2006.*

| PLACE | DATE AND TIME |
|---|---|
| Smith, Katzenstein & Furlow LLP<br>800 Delaware Avenue, 7th Floor<br>P.O. Box 410<br>Wilmington, DE 19899 | FEBRUARY 17, 2006 AT 10:00 A.M. * |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Robert K. Beste, III (ID No. 3931)<br>Attorney for Plaintiff | January 27, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Smith, Katzenstein & Furlow LLP, 800 Delaware Avenue, P.O. Box 410, Wilmington, DE 19899
(302) 652-8400

## SCHEDULE A

1.    All documents relating to Harleysville Policy Number MPA812988.

2.    All documents relating to the property located at 1740 West 4th Street in Wilmington,

Delaware.

3.    All documents relating to Layne Drexel.

10010665.WPD

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on next page)

## PROOF OF SERVICE

| SERVED | DATE | | PLACE |
|---|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

_____

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) Protection of Persons Subject to Subpoenas.**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place with the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10010663.WPD

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAYNE DREXEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) C.A. No. 05-428 (JJF) |
| v. | ) |
| | ) |
| HARLEYSVILLE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of January, 2006, a copy of the foregoing

**NOTICE OF DEPOSITION** was served on the following via eFiling:

William M. Kelleher
Ballard Spahr Andrews & Ingersoll LP
919 N. Market Street, 12th Floor
Wilmington, DE 19801-3034

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Robert K. Beste

Kathleen M. Miller (ID No. 2898)
Robert K. Beste, III (ID No. 3931)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405
Email: rkb@skfdelaware.com
Attorneys for Plaintiff Layne Drexel

10010745.WPD