**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAYNE DREXEL, )<br>)<br>    Plaintiff, )<br>)    C.A. No. 05-428 (JJF)<br>    v. )<br>)<br>HARLEYSVILLE INSURANCE CO., )<br>)<br>    Defendant. ) | |

### *Motion to Compel*

Plaintiff, Layne Drexel ("Drexel"), respectfully requests that the Court compel defendant, Harleysville Mutual Insurance Company ("Harleysville"), to respond fully to his discovery requests.

1.  On May 9, 2005, Drexel filed a complaint in the Delaware Superior Court alleging that Harleysville breached its insurance contract with Drexel by denying coverage for fire damage to Drexel's property sustained on June 22, 2004, and Drexel also brought counts of promissory estoppel, bad faith, and a statutory claim for attorneys' fees. *See* Ex. A (D.I. 1, Ex. A). On June 24, 2005 defendant Harleysville removed the action to this Court. (D.I. 2)

2.  On March 17, 2006, Harleysville responded to Drexel's First Set of Interrogatories and First Request for Production. *See* Exs. B & C, respectively. In response to request 3, which seeks "all policies and procedures used by Harleysville at the time of the loss relating in anyway to . . . claims adjustment, cancellation of insurance policies, acceptance of late payments, payment of claims after lapse or cancellation of policy, [and] late payment notifications," Harleysville committed "to the extent plaintiff seeks procedures implicated by plaintiff's claims or relied upon in connection with plaintiff's claim, Harleysville will produce responsive, non-privileged documents." *See* Ex. C at 2–3. These policies and procedures (as well as testimony concerning

those policies and procedures) are directly relevant to the manner and effectiveness of Harleysville's purported retroactive policy cancellation after the loss at issue had occurred and, consequently, they are discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure. To date, however, Harleysville has failed to produce any policies or procedures.

3. Following Harleysville's responses to that discovery, counsel for the parties discussed the depositions that would need to occur during discovery, and agreed that Drexel would first depose a Rule 30(b)(6) witness, then later any employees of Harleysville as determined to be necessary following the 30(b)(6) deposition. On June 8, 2006, Drexel formally requested a Rule 30(b)(6) deposition, production of the relevant policies and procedures, and forwarded a draft 30(b)(6) deposition notice. On June 22, 2006, Harleysville committed, by email, to produce a 30(b)(6) witness. *See* Ex. D.

4. Following correspondence and several telephone conversations between counsel regarding the scheduling of depositions, Drexel again formally requested a 30(b)(6) deposition and production of the policies and procedures relevant to his claim on December 18, 2006. *See* Ex. E. Drexel also requested the following documents, all of which are referenced in Harleysville's document production: renewal quotes dated May 28, 2003, June 4, 2003, March 11, 2004, and March 25, 2004, a "NP Invoice" dated June 14, 2004, and the June 22, 2004 acknowledgment letter to Drexel. *Id.* Alternatively, Drexel asked Harleysville to confirm its inability to produce those documents. *Id.* To date, Harleysville has failed to respond to Drexel's requests. These documents are directly relevant to plaintiff's claims in that they reflect notices purportedly sent to Drexel during the time his premium payment allegedly was not paid. Further, the 2003 notices are relevant in that

they show the ongoing relationship between the parties and prior correspondence regarding premium payments. As such, the documents are relevant and discoverable under Rule 26(b)(1).

     5.     On April 11, 2007, in a final effort to avoid this motion to compel, Drexel again requested the 30(b)(6) deposition and production of the documents, policies, and procedures detailed above. *See* Ex. F. Drexel also formally requested dates for several Harleysville employees which counsel for the parties had discussed on several occasions. Each individual Drexel seeks to depose was involved in the claim handling or cancellation process, or both, and each likely has knowledge regarding the claim at issue—making their depositions within the broad scope of discovery defined by Rule 26(b)(1).

     6.     Drexel's First Set of Interrogatories (Ex. B) and First Request for Production (Ex. C), also sought information and documents relevant to Drexel's bad faith claim–specifically his assertion that Harleysville's denial of his claim was made without reasonable justification and with reckless disregard to his rights. *See* Ex. B, No. 6 ("State the gross annual income for [the] last 5 years."), Ex. B, No. 7 ("State your net worth as of (1) June 22, 2004 and (2) the close of your most recent fiscal year."), Ex. B, No. 8 ("Identify the Chief Financial Officer of Harleysville"); Ex. C, No. 7 ("A copy of your corporate income tax returns for the preceding 5 years."). Harleysville refused to provide this information and documentation, classifying it as irrelevant, not reasonable likely to lead to the discovery of admissible evidence, and harassing. *See* Ex. B at Nos. 6–8, Ex. C. at No. 7.

     7.     Under Delaware law, the jury can consider evidence of Harleysville's financial condition is reaching a punitive damages award. *See*, *e.g.*, *Gannett Co. v. Kanaga*, 750 A.2d 1174, 1190 (Del. 2000) ("'[T]he defendant's financial well being' is one of the factors to be considered by

the jury in assessing punitive damages.") (citation omitted).  Accordingly, this financial information is both relevant and discoverable under Rule 26(b)(1).

8.  On at least 2 occasions, Drexel requested that Harleysville produce the financial information discussed above.  *See* Exs. E, F.  Harleysville has not responded to either request.

WHEREFORE, based on the forgoing, plaintiff Layne Drexel respectfully requests that the Court order defendant to produce the documentation detailed above, a Rule 30(b)(6) deponent or deponents, and the financial information and documents detailed above.

                SMITH, KATZENSTEIN & FURLOW LLP

                /s/  *Robert K. Beste*
                Kathleen M. Miller (ID No. 2898)
                Robert K. Beste, III (ID No. 3931)
                800 Delaware Avenue, 10th Floor
                Post Office Box 410
                Wilmington, Delaware 19899 (Courier 19801)
                Telephone:    (302) 652-8400
                Telecopy:    (302) 652-8405
                Email:    rkb@skfdelaware.com

April 16, 2007                *Attorneys for plaintiff*