**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAYNE DREXEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-428 (JJF) |
| v. | ) |
| | ) |
| HARLEYSVILLE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

### *Motion to Compel and for Sanctions*

Plaintiff, Layne Drexel ("Drexel"), respectfully requests that the Court compel defendant, Harleysville Mutual Insurance Company ("Harleysville"), to respond fully to his discovery requests.

1. On May 9, 2005, Drexel filed a complaint in state court alleging, *inter alia*, that Harleysville breached its insurance contract by denying coverage for fire damage to his property. *See* Ex. A. On June 24, 2005 Harleysville removed the action to this Court. (D.I. 1)

2. On March 17, 2006, Harleysville responded to Drexel's document requests, which sought "all policies and procedures . . . relating . . . claims adjustment, cancellation of insurance policies, acceptance of late payments, payment of claims after lapse or cancellation of policy, [and] late payment notifications." *See* Ex. B. In response, Harleysville stated that, "to the extent plaintiff seeks procedures implicated by plaintiff's claims or relied upon in connection with [his] claim, Harleysville will produce responsive, non-privileged documents." *Id.* at 2–3. These materials are relevant to Harleysville's policy cancellation and are discoverable under Rule 26(b)(1).

3. Following this response, the parties agreed to first conduct a Rule 30(b)(6) deposition of Harleysville, then later depose Harleysville's employees involved in the claim. On June 8, 2006, Drexel requested a Rule 30(b)(6) deposition on specific topics by forwarding a draft deposition

notice, and again requested production of all policies and procedures relevant to this case and the topics listed in the notice. *See* Ex. C. On June 22, 2006, Harleysville committed to produce a 30(b)(6) witness on the topics listed in the draft notice. *See* Ex. D. During subsequent calls, Harleysville again committed to produce its policies and procedures before the 30(b)(6) deposition.

      4.      On December 18, 2006, Drexel again requested a 30(b)(6) deposition and production of the policies and procedures, and sent a draft notice. *See* Ex. E. Drexel also requested documents referenced in Harleysville's file but not produced or, alternatively, asked Harleysville to confirm its inability to produce the documents.[1] Each document is relevant and discoverable under Rule 26(b)(1), because they are notices purportedly sent to Drexel, or because they show the ongoing contractual relationship between the parties and correspondence regarding premiums.

      5.      On April 11, 2007, Drexel again requested the 30(b)(6) deposition and complete production of the documents, policies, and procedures detailed above; and also pointed out that full production of the policies and procedures was "essential to the 30(b)(6) deposition." *See* Ex. F. Drexel also requested dates for Harleysville's employees. Each employee was involved in the claim, the policy cancellation, or both—making their testimony discoverable under Rule 26(b)(1). On April 16, 2007, since Harleysville had neither identified a 30(b)(6) deponent, nor produced its relevant policies, procedures, or documents, nor provided employee depositions dates, Drexel filed a motion to compel (which was later withdrawn in an attempt to avoid motion practice). (D.I. 26)

      6.      After Drexel filed the motion to compel (on April 20, 2007), Harleysville committed to producing a 30(b)(6) witness, in Delaware, on the subjects listed in the draft notice, to produce its policies and procedures relevant to those topics, and to provide dates for the employee

---

[1] Specifically, Drexel requested the "renewal quotes dated May 28, 2003, June 4, 2003, March 11, 2004, and March 25, 2004, a 'NP Invoice' dated June 14, 2004, and the June 22, 2004 acknowledgment letter to Drexel." *See* Ex. F.

depositions.  *See* Exs. G & H.  Accordingly, Drexel formally filed the (unchanged) notice of deposition on April 27, 2007 setting the deposition date for May 7, 2007.  Ex. I.

7. As of April 30, 2007, Harleysville had not produced any policies, procedures, documents, or employee deposition dates.  As such, Drexel's requested, by telephone and letter, immediate production of the policies and procedures at issue; warning that the deposition could not go forward absent complete, immediate production.  *See* Ex. J.  By May 2, 2007, Harleysville had not produced any materials, prompting another letter requesting immediate production.  *See* Ex. K.

8. Later on May 2, 2007, Harleysville forwarded, without explanation, a "Property Manual."  *See* Ex. L.  That document, however, has little to no relevance to the topics set forth in the 30(b)(6) notice.  As such, Drexel again requested production of the relevant policies and procedures.  *See* Ex. M.  In a subsequent call, Harleysville confirmed that it would not produce any additional documents, *see* Ex. N, and indicated—*for the first time*—that the 30(b)(6) witness could not testify on most topics in the notice.  Harleysville also confirmed that the witness could not produce any other policies or procedures, because they were "not his area" (this language is paraphrased).  Based on these developments, Drexel cancelled the 30(b)(6) deposition, *see* Ex. N, and vacated the notice of deposition.  (D.I. 30)  In a final effort to avoid motion practice, Drexel again requested that Harleysville address the disputes.  *See* Ex. N.  Harleysville did not respond.

9. In light of this stonewalling, Drexel respectfully requests that the Court sanction Harleysville for its discovery abuses under Rule 37.  Specifically, Rule 37(a)(2)(B) authorizes the Court to compel production of a 30(b)(6) witness where an entity "fails to make a designation under Rule 30(b)(6) . . . ," and Rule 37(a)(4)(A) goes on to state "the [C]ourt shall . . . require the party whose conduct necessitated the motion . . . to pay the moving party reasonable expenses incurred

in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure [or] response . . . was substantially justified . . . ."

      10.     Here, Harleysville's "production" of a witness unprepared to testify on the subjects listed in the deposition is akin to no production at all. As explained by the Third Circuit:

> In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than . . . a deponent who physically appears for the deposition but sleeps through it. Indeed, we believe that the purpose behind Rule 30(b)(6) undoubtedly is frustrated [when] . . . a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entities' behalf. . . . Thus, we hold that when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d).

*Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000) (citations omitted, punctuation altered). Further, Harleysville's nondisclosure of its policies and procedures, despite repeated commitments to produce, warrants sanctions under Rule 37(a)(2)(B).

      WHEREFORE, Drexel respectfully requests that the Court order Harleysville to produce a 30(b)(6) deponent in Delaware, to produce all relevant policies and procedures, to provide the documents detailed in paragraph 4, *supra*, and to provide dates for its employees' depositions.

                          SMITH, KATZENSTEIN & FURLOW LLP

                            /s/ Robert K. Beste
                          Kathleen M. Miller (ID No. 2898)
                          Robert K. Beste, III (ID No. 3931)
                          Post Office Box 410
                          Wilmington, Delaware 19899
                          Phone:      (302) 652-8400
                          Facsimile:  (302) 652-8405
                          Email:       rkb@skfdelaware.com

May 9, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAYNE DREXEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-428 (JJF) |
| v. | ) |
| | ) |
| HARLEYSVILLE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

*Local Rule 7.1.1 Statement*

      Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, counsel for plaintiff hereby certifies that he made reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion. The specifics of those efforts are detailed in plaintiff's Motion to Compel.

      SMITH, KATZENSTEIN & FURLOW LLP

      /s/  *Robert K. Beste*
      Kathleen M. Miller (ID No. 2898)
      Robert K. Beste, III (ID No. 3931)
      Post Office Box 410
      Wilmington, Delaware 19899
      Phone:   (302) 652-8400
      Facsimile:   (302) 652-8405
      Email:   rkb@skfdelaware.com

May 9, 2007