**MOTION TO COMPEL**

**EXHIBIT A**

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

LAYNE DREXEL,               :
                            :
            Plaintiff,      :        C.A. No. 05C-05–_____
                            :
    v.                      :        Arbitration Case
                            :
HARLEYSVILLE INSURANCE CO., :        Jury Trial Demanded
                            :
            Defendant.      :

FILED PROTHONOTARY 2005 MAY -9 PM 3: 46

## <u>COMPLAINT</u>

1.    Plaintiff, Layne Drexel, is an adult resident of the State of Delaware, residing at 1910 Old Capitol Trial in Newark, Delaware.

2.    Defendant, Harleysville Insurance Company (hereinafter "**Harleysville**"), upon information and belief, is an insurance corporation licensed to sell insurance in the State of Delaware, authorized to conduct business in the State of Delaware, and is subject to service through the Insurance Commissioner of the State of Delaware under the provisions of 18 *Del. C.* § 525.

3.    Layne Drexel, at all relevant times, was the fee simple owner of certain real estate located within the State of Delaware, namely 1740 W. 4th Street in Wilmington, Delaware (hereinafter "**Insured Premises**"). Layne Drexel operated the Insured Premises as a rental property, which consisted of 1 commercial and 2 residential rental units.

4.    Commencing in approximately June 1999, Layne Drexel insured the Insured Premises through defendant, Harleysville, under Commercial Package Policy No. MPA 812988 ("**Commercial Policy**"). Layne Drexel renewed the Commercial Policy on a

continuing basis through June 8, 2005. Harleysville issued the Commercial Policy in effect for the period of June 8, 2004 to June 8, 2005 on or about March 26, 2004.

5.      The Commercial Policy provides coverage for losses sustained, caused, and related to fires, including accidental fires.

6.      The Commercial Policy was in full force and effect between June 8, 2004 and June 8, 2005.

7.      Upon information and belief, on or about June 18, 2004, Harleysville mailed a letter to Layne Drexel indicating that $283.80 in premium payment was due under the terms of the Commercial Policy (hereinafter "**Premium Letter**").

8.      On June 22, 2004, the Insured Premises sustained serious damage as the result of an accidental fire.

9.      On or about June 22, 2004, Layne Drexel submitted a claim for coverage under the Commercial Policy, which Harleysville acknowledged that same day. Layne Drexel made a claim for the damage to the Insured Premises and for lost of income.

10.     Layne Drexel, upon receipt of and in response to the Premium Letter after the fire, promptly forwarded a draft (hereinafter "**Draft**") in the amount of $283.80 to Harleysville to cover the premiums due under the terms of the Commercial Policy.

11.     Harleysville received, accepted, negotiated, and subsequently received good funds from Layne Drexel under the terms of the Draft.

12.     Following the fire, Tower Insurance Services Inc. (hereinafter "**Tower Services**"), by and through, among others, its employee, agent, or representative George Powell, both of which were acting as the agents, employees, or representatives of

Harleysville, notified Layne Drexel that Harleysville assigned to Tower Services the task of investigating and adjusting Layne Drexel's claim in relation to the fire under the Commercial Policy.

13.    On multiple occasions, Tower Services assured and advised Layne Drexel that Harleysville would assume and pay all costs associated with the repair and restoration of the Insured Premises, including the payment of certain other compensation such as lost rental revenue, covered under the terms of the Commercial Policy due to the loss from the fire. Tower Service's assurances included an offer, on behalf of Harleysville, to pay lost income coverage as those losses occurred.

14.    Upon information and belief, Tower Services, as directed and authorized by Harleysville, retained, hired, and instructed Booth Insurance Restorations (hereinafter "**Booth Restorations**") to make necessary repairs to the Insured Premises, and in the process again, and repeatedly over the course of several weeks, assured Layne Drexel that Harleysville would and was assuming the cost of repair to the Insured Premises.

15.    On or about August 1, 2004, Tower Services, on behalf of Harleysville, notified Booth Restorations that "Certainly, Mr. Drexel is encouraged to begin repair actively for the fire that occurred over one month ago . . . . "

16.    By or shortly after mid-August 2004, Booth Restorations completed the necessary repair and restoration to the Insured Premises under the approval, supervision, and direction of Tower Services.

17.    On or about August 9, 2004, Booth Restorations and Tower Services reached an agreement whereby Booth Restoration would repair the Insured Premises for $49,877.20.

10001339.WPD                                    3

Booth Restorations commenced, and subsequently completed, the repairs to the Insured Premises.

18.     In a letter dated September 14, 2004, Harleysville notified Layne Drexel for the first time that it canceled the Commercial Policy for non-payment of premium and was refusing to pay for the repairs and restoration of the Insured Premises, which were performed at Harleysville's request and pursuant to its direction. Harleysville September 14, 2004 denial was clearly without any reasonable justification.

### Count I — Breach of Contract

19.     Layne Drexel repeats, re-alleges, and incorporates by reference herein the foregoing paragraphs 1 through 19.

20.     At all relevant times, the Commercial Policy was in full force and effect and all premiums associated with the policy were fully paid. Layne Drexel complied with all of the terms and conditions of the policy.

21.     Pursuant to the terms of the Commercial Policy, the June 22, 2004 fire in the Insured Premises, and the damages and consequential losses associated thereto, is a Covered Cause of Loss.

22.     Pursuant to the terms of the Commercial Policy, Harleysville is required to pay for the complete cost of restoration and repair to the Insured Premises, as well as pay the claim for lost income.

23.     Harleysville's refusal to pay for the covered losses related to the June 22, 2004 fire is a material breach of the Commercial Policy and contact of insurance, as well as obligations thereto implied as a matter of law.

10001339.WPD                                 4

24.    As a direct result of Harleysville's breach of the Commercial Policy, Layne Drexel has sustained damages in the amount of $53,675.20; which is comprised of $49,877.20 in repair expenses, $618.00 in lost income for the commercial unit (representing 1 month's rent), and $2,180.00 in lost income from the residential units (representing 2 months' rent for 2 units at $545.00 a month).

### Count II — Promissory Estoppel

25.    Layne Drexel repeats, re-alleges, and incorporates by reference herein the foregoing paragraphs 1 through 24.

26.    Through their actions, representations, and directions, both those made directly and those made through their agents, employees, and representatives, Harleysville is estopped from denying coverage and refusing to provide payment for the damages sustained in the June 22, 2004 fire. The actions, representations, and directions were undertaken by or on behalf of Harleysville and Tower Services with the reasonable expectation that those actions, representations, and directions would induce action or forbearance on the part of Layne Drexel and the other individuals or entities involved or connected with the repair and restoration of the Insured Premises.

27.    Layne Drexel reasonably and detrimentally relied on the actions, representations, and directions of Harleysville and Tower Services, both those made directly and those made through their agents, employees, and representatives, including those actions, representations, and directions directed at other individuals or entities involved or connected with the repair and restoration of the Insured Premises.

28.    Layne Drexel incurred substantial additional costs that he would not otherwise have incurred were it not for their actions, representations, and directions of Harleysville and Tower Services, both those made directly and those made through its agents, employees, and representatives.

29.    Injustice can be avoided only by requiring Harleysville to compensate Layne Drexel for the complete cost of restoration and repair to the Insured Premises, as well as to compensate him for certain other losses sustained as a result of the fire for which the Commercial Policy provides coverage, in the amount of $53,675.20, as detailed in the prior Count.

### Count III — Bad Faith Breach of Contract

30.    Layne Drexel repeats, re-alleges, and incorporates by reference herein the foregoing paragraphs 1 through 29.

31.    Harleysville's denial of Layne Drexel's claim was clearly without any reasonable justification and made with reckless disregard for the rights of Layne Drexel.

32.    Harleysville, in its denial of Layne Drexel's claim, its actions in investigating said claim, and its interactions with the various entities and individuals involved in the investigation and adjustment of the claim, breached the obligations of good faith and fair dealing which are implied into the Commercial Policy as a matter of law.

33.    Harleysville's continuing bad faith refusal to pay Layne Drexel's claim, and its breaches to the implied obligations of good faith and fair dealing, entitle Layne Drexel to the award of punitive damages and other recovery as allowed under Delaware law.

### Count IV — Attorneys' Fees

34.    Layne Drexel repeats, re-alleges, and incorporates by reference herein the foregoing paragraphs 1 through 34.

35.    Pursuant to 18 *Del. C.* § 4103, the Insured Premises is a "Qualified Property" subject to the provisions of Title 18, Chapter 41 of the Delaware Code.

36.    Pursuant to 18 *Del. C.* §§ 904 and 4102, the Commercial Policy qualifies as "property insurance."

37.    Upon the return of a judgment against Harleysville in this civil action, Layne Drexel is entitled to recover his attorneys fees and costs from Harleysville.

**WHEREFORE** plaintiff, Layne Drexel, demands judgment in his favor in the amount of $53,675.20, plus punitive damages, costs, an award of attorney's fees, and other relief this Court deems just.

SMITH, KATZENSTEIN & FURLOW LLP

Kathleen M. Miller (ID No. 2898)
Robert K. Beste, III (ID No. 3931)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302.652.8400
Facsimile:   302.652.8405

*Attorneys for plaintiff, Layne Drexel*

May 9, 2005

**MOTION TO COMPEL**

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LAYNE DREXEL,             )
                                )
      Plaintiff,         )
                                )
       v.             )     C.A. No. 05-428 (JJF)
                                )
HARLEYSVILLE INSURANCE CO.,   )
                                )
      Defendant.     )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Harleysville Insurance Company ("Harleysville")," by and through its attorneys, hereby responds and objects to plaintiff's request for production as follows:

### GENERAL OBJECTIONS

1.    Harleysville objects to these requests for production to the extent that they exceed the scope of, or would impose any greater obligation than, that which is permissible under the Federal Rules of Civil Procedure.

2.    Harleysville objects to these requests for production to the extent that they call for the production of information or materials protected by the attorney-client privilege or the work product doctrine, or which are otherwise protected from disclosure under the Federal Rules of Civil Procedure or applicable law.

3.    Harleysville objects to these requests for production to the extent that they call for the production of information and/or documents that are confidential or proprietary in nature, or that relate to third parties to whom Harleysville owes fiduciary or other legal obligations.

Subject to and without waiving the foregoing General Objections, Harleysville responds as follows:

## RESPONSES AND OBJECTIONS TO REQUESTS

1.     Any and all documents related to the policy at issue or identified in your response to plaintiffs first set of interrogatories.

**RESPONSE AND/OR OBJECTIONS:**    Harleysville incorporates general objections 1 through 3 as though fully set forth herein.  Subject to and without waiving the foregoing general objections, and with respect to documents relating to the policy, Harleysville has already produced all responsive, non-privileged documents in its claims file.  With respect to documents identified in response to plaintiff's interrogatories, Harleysville shall produce responsive, non-privileged documents.

2.     A complete copy of the relevant policy of insurance, including all endorsements and all prior version of said policy.

**RESPONSE AND/OR OBJECTIONS:**    Harleysville incorporates general objections 1 through 3 as though fully set forth herein.  Subject to and without waiving the foregoing general objections, Harleysville shall produce responsive, non-privileged documents.

3.     A copy of all policies and procedures used by Harleysville at the time of the loss relating in anyway to the following subjects: claims adjustment, cancellation of insurance policies, acceptance of late payments, payment of claims after lapse or cancellation of policy, late payment notifications.

**RESPONSE AND/OR OBJECTIONS:**    Harleysville incorporates general objections 1 through 3 as though fully set forth herein.  Harleysville further objects to this Request as overly broad in that plaintiff's request contains no temporal limitation, is not limited only to property claims, and is not limited to the company that issued plaintiff's policy.  Subject to and without waiving the foregoing general and specific objections, and to the extent plaintiff seeks

procedures implicated by plaintiff's claim or relied upon in connection with plaintiff's claim, Harleysville will produce responsive, non-privileged documents.

       4.    A copy of the policy payment log and all associated documentation, including but not limited to checks and other forms of payment, since the inception of the policy at issue.

**RESPONSE AND/OR OBJECTIONS:**    Harleysville incorporates general objections 1 through 3 as though fully set forth herein.  Harleysville also objects to Request 4 as overly broad and as seeking documents that are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Harleysville has previously produced all documentation of plaintiff's payments relevant to the instant litigation.

       5.    A copy of all correspondence and enclosures, including but not limited to drafts, related to or concerning the policy at issue. This request shall include all documents whether stored electronically or otherwise (as do all requests).

**RESPONSE AND/OR OBJECTIONS:**    Harleysville incorporates general objections 1 through 3 as though fully set forth herein.  Harleysville further objects to Request for Production 5 to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiving the foregoing general objections, Harleysville has already produced all responsive, non-privileged documents in its claims file and it is currently compiling documents responsive to plaintiff's first set of interrogatories.

       6.    A copy of all documents relating to the reserves associated with the policy at issue.

**RESPONSE AND/OR OBJECTIONS:**    Harleysville incorporates general objections 1 through 3 as though fully set forth herein.  Harleysville further objects to Request 6 as seeking information that is neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and

specific objections, Harleysville has produced all responsive, non-privileged documents in its claims file, and will produce the claims system reserve history.

      7.    A copy of your corporate income tax returns for the preceding 5 years.

**RESPONSE AND/OR OBJECTIONS:**    Harleysville incorporates general objections 1 through 3 as though fully set forth herein.  Harleysville further objects to this request as not seeking documents relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.  Harleysville further objects to Request 7 as harassing.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

BY: _____
William M. Kelleher (Attorney I.D. No. 76545)
919 N. Market Street, 12th Floor     *DE 3961*
Wilmington, DE 19801-3034
(302) 252-4465

Attorney for Defendant,
Harleysville Mutual Insurance Company

DATED:  March 16, 2006

## CERTIFICATE OF SERVICE

I, William M. Kelleher, Esquire, hereby certify that on March 16, 2006, I have

served a copy of the foregoing Answers and Objections to Requests for Production of

Documents upon the following by United States first-class mail, postage pre-paid:

Robert K. Beste, III, Esquire
Smith, Katzenstein & Furlow
800 Delaware Avenue, 7th Floor
P. O. Box 410
Wilmington, DE 19899-0410

William M. Kelleher

( 3 9 6 1 )

**MOTION TO COMPEL**

**EXHIBIT C**



**Smith
Katzenstein
Furlow** LLP

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

June 8, 2006

Craig B. Smith

Robert J. Katzenstein

David A. Jenkins

Laurence V. Cronin

Michele C. Gott

Kathleen M. Miller

Joelle E. Polesky

P     D. Anderson

Robert K. Beste

Etta R. Wolfe

*Via Electronic and U.S. Mail*

John C. Grugan, Esquire
Ballard Spahr Andrews & Ingersoll LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Re:    *Drexel v. Harleysville Insurance*
       *C.A. No. 05-428 JJF*

Dear John:

This letter will serve as plaintiff's informal request that Harleysville produce a Rule 30(b)(6) representative to testify regarding the issues outlined in the draft deposition notice enclosed herein. We request that the Rule 30(b)(6) deposition occur in June 2006, in your Wilmington office or at some other agreeable location.

In its document production response, Harleysville committed to producing copies of all policies bearing on plaintiff's claims. Obviously, I am requesting immediate production of all such policies to ensure adequate examination of the 30(b)(6) witness at deposition. Should the fields of examination implicate additional policies or procedures, plaintiff requests immediate production of those as well.

I also have enclosed a proposed scheduling order. Please let me know if any changes to the scheduling order are requested at your earliest convenience.

I look forward to hearing from you on these various issues.

Sincerely,

Robert K. Beste

RKB/vkm

Enclosure

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LAYNE DREXEL,                          )
                                       )
    Plaintiff,                         )
                                       )    C.A. No. 05-428 (JJF)
        v.                            )
                                       )
HARLEYSVILLE INSURANCE CO.,            )
                                       )
    Defendant.                         )

### NOTICE OF DEPOSITION

TO:    William M. Kelleher
        Ballard Spahr Andrews & Ingersoll LP
        919 N. Market Street, 12th Floor
        Wilmington, DE 19801-3034

Pursuant to Federal Rule of Civil Procedure 30(b)(6), examination of Harleysville is requested relevant to the policy of insurance written by Harleysville, specifically Commercial Package Policy No. MPA 812988 (the "Policy"), and concerning the loss at issue in this litigation sustained by plaintiff on June 22, 2004 at the property located at 1740 W. 4th Street in Wilmington, Delaware and the related claim for coverage under the Policy (the "Claim"). As to all fields of examination, the relevant time period shall be June 2004 through the end of 2004. The fields of examination are as follows:

(1)    Harleysville's policies and procedures with respect to coverage termination and notice thereof to its insured;

(2)    Harleysville's policies and procedures with respect to acceptance and processing of premium payments from insureds, including late premium payments;

(3)    Harleysville's policies and procedures on the effective cancellation date selected by

10014894.WPD

Harleysville when cancelling property insurance;

(4)    Harleysville's policies and procedures with respect to adequate justifications for the cancellation of insurance policies, including the type at issue in this suit and retroactive cancellations after claims have been made on a policy;

(5)    Harleysville's policies and procedures regarding claims notes and notations, including methods of recording and reading claims notes;

(6)    Harleysville's denial of the Claim and cancellation of the Policy at issue;

(7)    The history of the Claim at issue including all direction and communications with third parties or plaintiff;

(8)    All payments made associated with this claim, whether withdrawn or not;

(9)    Harleysville's policy as to the number of cancellation notices required to be sent and the effective date of that cancellation for the type of policy at issue.


SMITH, KATZENSTEIN & FURLOW LLP

_____

Kathleen M. Miller (ID No. 2898)
Robert K. Beste, III (ID No. 3931)
The Corporate Plaza
800 Delaware Avenue, P.O. Box 410
Wilmington, Delaware 19899
Telephone:  (302) 652-8400
Facsimile: (302) 652-8405

*Attorneys for Plaintiff,*
*Layne Drexel*

Dated: June 8, 2006


10014894.WPD

**MOTION TO COMPEL**

**EXHIBIT D**

## Robert K. Beste

| | |
|---|---|
| **From:** | Grugan, John C. (Phila) [GruganJ@ballardspahr.com] |
| **Sent:** | Thursday, June 22, 2006 6:31 PM |
| **To:** | Robert K. Beste |
| **Subject:** | RE: Drexel |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Orange |

Robert,

My apologies for not getting back to you sooner -- I was out of the country (I think that my secretary called your secretary last week to let you know).  Brooke Hertzer, who works with me here, will be in touch with you next week about the written discovery responses.  As far as a corporate designee, the client is identifying the appropriate person, and once I have that information I'll be able to commit to a date.  Finally, as far as settlement goes, I think we're in the same position as we were when we spoke last.  It sounds like you can't come off a number in the high $50s, and I don't have anywhere near that authority.

John

---

**From:** Robert K. Beste [mailto:RKB@skfdelaware.com]
**Sent:** Thursday, June 22, 2006 4:34 PM
**To:** Grugan, John C. (Phila)
**Subject:** Drexel

John:

Please let me know when I can expect to hear from you regarding my recent letter and the settlement discussion we had.

Robert K. Beste, III
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Del. 19899-0410

e   rkb@skfdelaware.com
p   302.652.8400
f   302.652.8405

6/26/2006

**MOTION TO COMPEL**

**EXHIBIT E**





**Smith**
**Katzenstein**
**Furlow** LLP

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

December 18, 2006

Craig B. Smith

Robert J. Katzenstein

David A. Jenkins

Laurence V. Cronin

Michele C. Gott

Kathleen M. Miller

e E. Polesky

Roger D. Anderson

Robert K. Beste

Etta R. Wolfe

*Via Facsimile and U.S. Mail*

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, PA
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

**Re:    *Drexel v. Harleysville Insurance***
             ***C.A. No. 05-428 JJF***

Dear Steve:

This letter will serve as plaintiff's second request (the first was made on June 8, 2006) that Harleysville produce a Rule 30(b)(6) representative or representatives to testify regarding the issues outlined in the draft deposition notice enclosed herein. On a related issue concerning document request 3 and interrogatory 5, I again request a complete production of policies and procedures responsive to that request. The request is clear, straightforward, and seeks production of a limited scope of materials—policies and procedures in place as of the date of loss that implicate issues of cancellation of policies, acceptance of late premium payments, payment of claims after lapse or cancellation of policy, late payments and notifications, and general claims adjustment. I would assume that Harleysville maintained a finite set of policies or procedures, or both, that implicated those subjects and concern commercial policies at the time of the loss at issue. Absent commitment from Harleysville within 10 calendar days to produce these policies and procedures, and to identify dates for the 30(b)(6) deposition of the appropriate person, plaintiff will file a motion to compel. I would be happy to discuss this issue in greater detail and left you a voicemail on the issue, but you did not return my call. Obviously, the document production issues outlined above will need to be resolved prior to the deposition or depositions.

As you know, I notified Harleysville of deficiencies in its discovery responses by letter on June 8, 2006. In response, Harleysville produced an additional set of documents purporting to complete its discovery obligations with respect to, *inter alia*, request 1. Request 1 sought "[a]ny and all documents related to the policy at issue or identified

Stephen P. Casarino, Esquire
December 18, 2006
Page 2

in your response to plaintiff's first set of interrogatories." Thus, I will assume that Harleysville now has produced all non-privileged documents pertaining to this matter—please correct me if my understanding is not accurate.

On that issue, I note that Harleysville has not produced the renewal quotes dated May 28, 2003, June 4, 2003, June 11, 2003, March 11, 2004, March 25, 2004, and March 26, 2004 referenced at DR 0195, the "NP Invoice" dated June 14, 2004 and referenced at DR 0200, or the June 22, 2004 acknowledgment letter to the insured referenced at DR 0203. I renew my request made on June 8, 2006 to produce these documents. Alternatively, please confirm that Harleysville is unable to produce these documents.

Turning to interrogatories 6, 7, and 8, and document request 7, the information sought potentially is relevant to plaintiff's bad faith claim against Harleysville. I ask that you reconsider Harleysville's refusal to provide responsive information and documents and notify me of Harleysville's intention in the immediate future. If a confidentiality order would be helpful, or some type of attorneys' eyes only agreement, plaintiff would be happy to enter into such an agreement to move this case along. Again, however, plaintiff will file a motion to compel absent adequate production of information and documents.

I also suggest that we contact the Court and request a scheduling order to govern this case. I have enclosed a proposed scheduling order for your review and comment. Please let me know if any changes to the scheduling order are requested at your earliest convenience.

On a final issue, I will provide dates for Mr. Drexel's deposition in the near future.

Sincerely,

Robert K. Beste

RKB/vkm

Enclosure

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LAYNE DREXEL,                          )
                                       )
        Plaintiff,                     )
                                       )        C.A. No. 05-428 (JJF)
        v.                             )
                                       )
HARLEYSVILLE INSURANCE CO.,            )
                                       )
        Defendant.                     )

### NOTICE OF DEPOSITION

TO:    Stephen P. Casarino, Esquire
       Casarino, Christman & Shalk, PA
       800 North King Street, Suite 200
       P.O. Box 1276
       Wilmington, DE 19899

Pursuant to Federal Rule of Civil Procedure 30(b)(6), examination of Harleysville is requested relevant to the policy of insurance written by Harleysville, specifically Commercial Package Policy No. MPA 812988 (the "Policy"), and concerning the loss at issue in this litigation sustained by plaintiff on June 22, 2004 at the property located at 1740 W. 4th Street in Wilmington, Delaware and the related claim for coverage under the Policy (the "Claim"). As to all fields of examination, the relevant time period shall be June 2004 through the end of 2004. The fields of examination are as follows:

(1)    Harleysville's policies and procedures with respect to coverage termination and notice thereof to its insured;

(2)    Harleysville's policies and procedures with respect to acceptance and processing of premium payments from insureds, including late premium payments;

(3)    Harleysville's policies and procedures on the effective cancellation date selected by

10014894.WPD

Harleysville when cancelling property insurance;

(4)     Harleysville's policies and procedures with respect to adequate justifications for the cancellation of insurance policies, including the type at issue in this suit and retroactive cancellations after claims have been made on a policy;

(5)     Harleysville's policies and procedures regarding claims notes and notations, including methods of recording and reading claims notes;

(6)     Harleysville's denial of the Claim and cancellation of the Policy at issue;

(7)     The history of the Claim at issue including all direction and communications with third parties or plaintiff;

(8)     All payments made associated with this claim, whether withdrawn or not;

(9)     Harleysville's policy as to the number of cancellation notices required to be sent and the effective date of that cancellation for the type of policy at issue.

SMITH, KATZENSTEIN & FURLOW LLP

_____

Kathleen M. Miller (ID No. 2898)
Robert K. Beste, III (ID No. 3931)
The Corporate Plaza
800 Delaware Avenue, P.O. Box 410
Wilmington, Delaware 19899
Telephone:  (302) 652-8400
Facsimile: (302) 652-8405

*Attorneys for Plaintiff,*
*Layne Drexel*

December 18, 2006

10014894.WPD

**MOTION TO COMPEL**

**EXHIBIT F**



**Smith
Katzenstein
Furlow** LLP

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

April 11, 2007

Craig B. Smith

Robert J. Katzenstein

David A. Jenkins

Laurence V. Cronin

Michele C. Gott

Kathleen M. Miller

Joelle E. Polesky

Roger D. Anderson

Robert K. Beste

Etta R. Wolfe

*By Facsimile & U.S. Mail*

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, PA
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

*Re:*    ***Drexel v. Harleysville Insurance
C.A. No. 05-428 JJF***

Dear Steve:

As we have discussed, I plan to request an amendment to the Court's scheduling order extending the discovery deadline until June 30, 2007. If that date is acceptable, I would ask that you execute the stipulation and return it to me as soon as possible.

As you know, I have requested a date for a Rule 30(b)(6) Harleysville deponent on the issues outlined in the attached draft deposition notice. Unfortunately, I am reaching the point where I will be forced to file a motion to compel on this issue. Please provide dates as soon as possible so that we can avoid unnecessary motion practice. In order to move forward with the deposition, I will also need a complete response to plaintiff's 5th interrogatory and 3rd request for production, both of which seek various Harleysville policies and information relating to those policies—and which are essential to the 30(b)(6) deposition.

Additionally, Harleysville has not responded to my letter of December 18, 2006 outlining what I see as deficiencies in Harleysville's discovery responses. With respect to plaintiff's first request for production, which requested "[a]ny and all documents related to the policy at issue or identified in your response to plaintiff's first set of interrogatories," I again request that Harleysville produce the renewal quotes dated May 28, 2003, June 4, 2003, March 11, 2004, and March 25, 2004 (referenced at DR 0195), the "NP Invoice" dated June 14, 2004 (referenced at DR 0200), and the June 22, 2004 acknowledgment letter to the insured (referenced at DR 0203).

Stephen P. Casarino, Esquire
April 11, 2007
Page 2

Turning to interrogatories 6, 7, and 8, and document request 7, the information sought is relevant to plaintiff's bad faith claim against Harleysville. I ask that you reconsider Harleysville's refusal to provide responsive information and documents and notify me of Harleysville's intention in the immediate future. If a confidentiality order would be helpful, or some type of attorneys' eyes only agreement, plaintiff would be happy to enter into such an agreement to move this case along. Again, however, plaintiff will file a motion to compel absent adequate production of information and documents.

Lastly, I am formally requesting the depositions of the following individuals or, if they are no longer employed by Harleysville, a last known address: Robert Southard, Amber Stanton, Brooke Beauman, Linda Seville, Sherry Clodfelter, Danny Riddle. I would expect that these depositions will be relatively short and that several could be scheduled for the same date. Absent a commitment from Harleysville to provide these dates or the corresponding addresses, I will need to file a motion to compel on this issue as well.

Again, I hope to avoid unnecessary motion practice on these issues, but unless I receive substantive responses on this issues by Monday, April 16, 2007, I will be forced to file a motion to compel.

Sincerely,

Robert K. Beste

rkb@skfdelaware.com

RKB/vkm

Enclosure

04343|CORA|10024373.WPD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LAYNE DREXEL,                           )
                                        )
        Plaintiff,                      )
                                        )        C.A. No. 05-428 (JJF)
        v.                              )
                                        )
HARLEYSVILLE INSURANCE CO.,             )
                                        )
        Defendant.                      )

### NOTICE OF DEPOSITION

TO:     Stephen P. Casarino, Esquire
        Casarino, Christman & Shalk, PA
        800 North King Street, Suite 200
        P.O. Box 1276
        Wilmington, DE 19899

        Pursuant to Federal Rule of Civil Procedure 30(b)(6), examination of Harleysville is

requested relevant to the policy of insurance written by Harleysville, specifically Commercial

Package Policy No. MPA 812988 (the "Policy"), and concerning the loss at issue in this litigation

sustained by plaintiff on June 22, 2004 at the property located at 1740 W. 4th Street in Wilmington,

Delaware and the related claim for coverage under the Policy (the "Claim").  As to all fields of

examination, the relevant time period shall be June 2004 through the end of 2004.  The fields of

examination are as follows:

        (1)     Harleysville's policies and procedures with respect to coverage termination and notice

thereof to its insured;

        (2)     Harleysville's policies and procedures with respect to acceptance and processing of

premium payments from insureds, including late premium payments;

        (3)     Harleysville's policies and procedures on the effective cancellation date selected by

10014894.WPD

Harleysville when cancelling property insurance;

(4)    Harleysville's policies and procedures with respect to adequate justifications for the cancellation of insurance policies, including the type at issue in this suit and retroactive cancellations after claims have been made on a policy;

(5)    Harleysville's policies and procedures regarding claims notes and notations, including methods of recording and reading claims notes;

(6)    Harleysville's denial of the Claim and cancellation of the Policy at issue;

(7)    The history of the Claim at issue including all direction and communications with third parties or plaintiff;

(8)    All payments made associated with this claim, whether withdrawn or not;

(9)    Harleysville's policy as to the number of cancellation notices required to be sent and the effective date of that cancellation for the type of policy at issue.

SMITH, KATZENSTEIN & FURLOW LLP

_____

Kathleen M. Miller (ID No. 2898)
Robert K. Beste, III (ID No. 3931)
The Corporate Plaza
800 Delaware Avenue, P.O. Box 410
Wilmington, Delaware 19899
Telephone:  (302) 652-8400
Facsimile: (302) 652-8405

*Attorneys for Plaintiff,*
*Layne Drexel*

10014894.WPD