**MOTION TO COMPEL**

**EXHIBIT M**




**Smith Katzenstein Furlow LLP**

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

May 2, 2007

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Joelle E. Polesky
Roger D. Anderson
Robert K. Beste
Etta R. Wolfe

*By Facsimile & U.S. Mail*

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, PA
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

*Re:*   *Drexel v. Harleysville Insurance*
         *C.A. No. 05-428 JJF*

Dear Mr. Casarino:

I am in receipt to the materials you sent to me by email at 3:08 p.m. today, which you forwarded to me without explanation. I responded by email asking you to confirm the materials you sent represented all policies and procedures that Harleysville maintains relevant to the subjects listed in the 30(b)(6) notice. I also left you a voicemail. You did not respond to either attempt to discuss this issue.

After reviewing the materials you sent, the "Property Manual" has little relevance to the topics listed in the 30(b)(6) deposition (I have enclosed yet another copy). Unless you represent to me, in writing and on Harleysville's behalf, that this "Property Manual" represents all policies and procedures of Harleysville relevant to the topics listed in the notice, I will vacate the deposition. As I have indicated to you on several occasions, I will be out of town Thursday through Sunday night and I need sufficient time to prepare for the deposition. Unless I have such a representation or a full production of relevant documents by 5 p.m. tonight, I will vacate the notice and the deposition will not go forward on Monday.

Sincerely,

Robert K. Beste

RKB/vkm

Enclosure

04343|CORD|10025160.WPD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAYNE DREXEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-428 (JJF) |
| v. | ) | |
| | ) | |
| HARLEYSVILLE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITION**

TO:   Stephen P. Casarino, Esquire
      Casarino, Christman & Shalk, PA
      800 North King Street, Suite 200
      P.O. Box 1276
      Wilmington, DE 19899

Pursuant to Federal Rule of Civil Procedure 30(b)(6), examination of Harleysville is requested relevant to the policy of insurance written by Harleysville, specifically Commercial Package Policy No. MPA 812988 (the "Policy"), and concerning the loss at issue in this litigation sustained by plaintiff on June 22, 2004 at the property located at 1740 W. 4th Street in Wilmington, Delaware and the related claim for coverage under the Policy (the "Claim"). The deposition will take place on Monday, May 7, 2007 at 1:00 p.m. at the offices of Smith, Katzenstein & Furlow LLP, 800 Delaware Avenue, Suite 1000, Wilmington, DE. As to all fields of examination, the relevant time period shall be June 2004 through the end of 2004. The fields of examination are as follows:

(1)   Harleysville's policies and procedures with respect to coverage termination and notice thereof to its insured;

(2)   Harleysville's policies and procedures with respect to acceptance and processing of premium payments from insureds, including late premium payments;

10014894.WPD

(3) Harleysville's policies and procedures on the effective cancellation date selected by Harleysville when cancelling property insurance;

(4) Harleysville's policies and procedures with respect to adequate justifications for the cancellation of insurance policies, including the type at issue in this suit and retroactive cancellations after claims have been made on a policy;

(5) Harleysville's policies and procedures regarding claims notes and notations, including methods of recording and reading claims notes;

(6) Harleysville's denial of the Claim and cancellation of the Policy at issue;

(7) The history of the Claim at issue including all direction and communications with third parties or plaintiff;

(8) All payments made associated with this claim, whether withdrawn or not;

(9) Harleysville's policy as to the number of cancellation notices required to be sent and the effective date of that cancellation for the type of policy at issue.

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller

Kathleen M. Miller (ID No. 2898)
Robert K. Beste, III (ID No. 3931)
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

*Attorneys for Plaintiff,*
*Layne Drexel*

April 27, 2007

10014894.WPD

**MOTION TO COMPEL**

**EXHIBIT N**



**Smith Katzenstein Furlow LLP**

*Attorneys at Law*

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Joelle E. Polesky
Roger D. Anderson
Robert K. Beste
Etta R. Wolfe

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

May 2, 2007

**By Facsimile & U.S. Mail**

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, PA
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

Re:   *Drexel v. Harleysville Insurance*
      *C.A. No. 05-428 JJF*

Dear Mr. Casarino:

As we discussed a few moments ago, Harleysville will not produce any additional policies or procedures relevant to the topics listed in the 30(b)(6) deposition notice today. You declined to do so despite numerous representations and commitments to produce all policies or procedures relevant to the topics listed in the notice well in advance of any Harleysville 30(b)(6) deposition, and also despite the fact the "Property Manual" purportedly responsive to my repeated requests has little connection to my requests or the topics listed in the notice. As such, I have filed the enclosed notice cancelling the deposition on Monday.

I ask that Harleysville address, in writing, each discovery issue set forth in plaintiff's motion to compel, excepting only the bad faith discovery. Please do so *prior to* Wednesday, May 9, 2007, or plaintiff will be forced to file a motion to compel. In that motion, I will ask the Court for the attorney's fees incurred in relation to both motions to compel.

Sincerely,

Robert K. Beste

RKB/vkm

Enclosure