IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAYNE DREXEL, : | |
| : | C.A. No.: 05-428 JJF |
| Plaintiff, : | |
| v. : | |
| : | |
| HARLEYSVILLE INSURANCE CO. : | |
| : | |
| Defendant. : | |

## DEFENDANT'S RESPONSE TO MOTION FOR SANCTIONS

1.      Plaintiff's Request for Production originally filed asked for two types of deponents, one dealing with policies and procedures relating to termination of coverage and the other dealing with the denial of the claim in this particular case.

2.      Harleysville Insurance Company has several offices.  The adjusting company is in Nashville, TN.  The home office is in Harleysville, PA.  The defense was able to identify Gregg Parker as a person having knowledge about the denial of the claim.  Arraignments were made for him to be deposed in Delaware.  Defendant agreed to pay the costs of transportation and Mr. Parker obtained a non refundable airline ticket to Philadelphia for May 7, 2007.  Plaintiff's counsel was advised that after the deposition of Mr. Parker, should he need to depose someone else concerning the case the defendant would try to make that person available.

3.      Plaintiff is correct that the policies and procedures were not forthcoming.  On April 3, 2007 the claims property manual was emailed to the undersigned who in turn emailed it to plaintiff's counsel.  Plaintiff's counsel advised that the documents produced were not the documents dealing with cancellation of a policy.  The undersign agrees but represented that the person to be deposed was not the person dealing with the matters concerning cancellation policy but with the plaintiff's claim.  Plaintiff's counsel advised that if he did not receive the policy

documentation he would cancel the deposition of Mr. Parker even though Mr. Parker did not deal with the cancellation issue.

4. Even though the deposition had been noticed and scheduled and air fare paid, plaintiff's counsel unilaterally vacated the deposition of Mr. Parker on May 2, 2007.

5. A portion of the claims procedures was subsequently emailed to the undersigned and sent to plaintiff's counsel, however he had then filed this motion for sanctions.

6. The defendant has identified two witnesses as the persons who have knowledge concerning the cancellation of policies. They are available for deposition in Nashville, Tennessee and Harleysville, PA.

7. Plaintiff's counsel is correct in that it has taken a period of time to obtain the documentation and the person to testify on behalf of Harleysville. However, the delay was not caused by any attempt of the defendant to "stonewall" but to make sure that the appropriate person would be available and that the appropriate documents would be available. Any stonewalling has been done by plaintiff who refuses to be deposed until Harleysville responds to discovery.

                CASARINO, CHRISTMAN & SHALK

                /s/ Stephen P. Casarino, #174
                Stephen P. Casarino, Esquire
                800 North King Street, Suite 200
                P.O. Box 1276
                Wilmington, DE 19899
                302 594-4500
                Attorney for Defendant Harleysville

Dated: May 15, 2007

Case 1:05-cv-00428-JJF    Document 32    Filed 05/15/2007    Page 3 of 3