# EXHIBIT N



Southeast Claims Service Center
Metro Airport Business Center II
2885 Elm Hill Pike
P.O. Box 140996
Nashville        TN        37214-0996
888) 549-9876   Fax (888) 492-7524
www.harleysvillegroup.com

August 13, 2004


Layne Drexel
1910 Old Capitol TR
Newark, DE 19711

RE:  Claim #:  FS0530739UND
     Policy #:  MPA812988
     Date of Loss:  6/22/04

Dear Mr. Drexel:

Attached is a copy of your paperwork documenting your loss.

A check for $38,114.64 has been issued and will be mailed from our accounting center within the next few days.

This amount is the actual cash value of your loss. Actual cash value is the replacement cost less depreciation. Once the repairs have been completed and you present us with a completion notice from your contractor with the amount actually spent we will issue a check for the recoverable depreciation or the amount spent, whichever is less.

If you have any questions, please feel free to contact me at 1-888-549-9876, extension 1292.

Sincerely,


Sherry Clodfelter
Senior Claims Specialist
Southeast Regional Claims

enclosure

DR 0331

# PROOF OF LOSS POLICY RELEASE AND SUBROGATION RECEIPT

Insured:  Layne Drexel

Policy Number:  MPA812988

Claim Number:  S0530739

Date of Loss:  6/22/04      Cause of Loss:  fire

Loss Location:  1740 W 4th Street, Wilmington, DE

## Section I - Payments Made

The above named insured confirms receipt of payments totaling Thirty-Eight Thousand, One Hundred, Fourteen and 64/100.

($38,114.64) to or on behalf of the above named insured by Harleysville (hereinafter "the insurance company") for Layne Drexel.

## Section II - Payments Owed

The insurance company confirms that recoverable depreciation in the amount of Ten Thousand, Seven Hundred, Sixty-Two and 56/100 ($10,762.56) is still owed to the above named insured for           and confirms that said amount will be paid upon verified completion of repair and replacement of damaged property in accordance with the terms of the insurance policy.

## Section III - Agreement

Payments outlined in Section I above discharge and satisfy all of the insurance company's obligations under the above named policy for the damages described in Section 1.

Payments outlined in Section II above will be made in accordance with the terms of the insurance policy and after the insured notifies the insurance company in writing of the completion of all repairs and the insurance company has verified the completion of all repairs by inspection of the repaired property and review of the bills, receipts, checks and related documents. Payments outlined in Section II above, when made, will discharge and satisfy all of the insurance company's obligations under the above named policy for the damages described in Section II.

When all payments outlined in Section I and Section II are made, said payments will be full and final payments for claims made against the above named policy for the entire loss which occurred on

DR 0332

Page 1 of 3

the date noted above. The payments in Section I and Section II above will discharge and satisfy all of the insurance company's obligations under the above named policy for the loss described above.

In consideration of, and to the extent of said payments, the above named insureds hereby assign, transfer and set over to the insurance company any and all claims or causes of action of whatsoever kind and nature which the above named insureds now have, or may hereafter have, to recover against any person or persons as the result of the above described loss. The above named insured agrees that the insurance company may enforce the claims or causes of action described herein in such manner as shall be necessary or appropriate for recovery of amounts paid by the insurance company, either in its own name of in the name of the insured. The above named insured also agrees that the insured will furnish such papers, information, evidence, testimony, signatures, access to property and/or other things and/or actions as shall be within the insured's possession or control for the purpose of enforcing such claim, demand or cause of action for the insurance company's recovery of the payments described above. Nothing in this document should be construed as a release of any individuals or entities that may be liable for the above described loss.

The above named insured covenants that no release or settlement of any such claim, demand or cause of action has been given by the insured without the written consent of the insurance company. If the insured has made any release or settlement without the written consent of the insurance company the insured will reimburse the insurance company for the loss payment outlined herein above.

In witness whereof, I have set my hand and seal this _____ day of _____, 2000, at _____.

Witness:                                             Insured:

_____    _____
_____    _____
_____    _____
_____

                                                     Insurance Company:

                                                     _____
                                                     _____