**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAYNE DREXEL, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   C.A. No. 05-428 (JJF) |
|     v. | ) |
| | ) |
| HARLEYSVILLE INSURANCE CO., | ) |
| | ) |
|     Defendant. | ) |

### *Reply in Support of Plaintiff's Motion to Compel and for Sanctions*

Plaintiff, Layne Drexel ("Drexel"), replies to defendant Harleysville Mutual Insurance Company's ("Harleysville") response (D.I. 32) to his Motion to Compel and for Sanctions (D.I. 31):

    1.    Drexel's motion to compel demonstrates that Harleysville, without explanation, failed to respond to (1) Drexel's repeated requests, *commencing in March 2006*, that Harleysville produce potentially relevant policies and procedures, (2) Drexel's repeated requests, *commencing in June 2006*, that Harleysville produce a Rule 30(b)(6) deponent on the topics specified in the draft notice, (3) Drexel's repeated requests, *commencing in December 2006*, that Harleysville produce documents referenced in its claim file, and (4) Drexel's requests for employee depositions.

    2.    Under to Rule 37(a)(4)(A): "the [C]ourt shall . . . require the party whose conduct necessitated the motion . . . to pay . . . reasonable expenses . . . including attorney's fees, unless the nondisclosure [or] response . . . was substantially justified . . . ." (emphasis added).

    3.    Harleysville's response to Drexel's motion, however, only addresses the 30(b)(6) deposition issue and the policy and procedure issue. As such, Drexel submits that the motion to

compel Harleysville to produce the missing documents[1] and to produce its employees for deposition is unopposed and should be granted outright. Further, since Harleysville did not attempt to show its failure to respond was "substantially justified," sanctions are called for under Rule 37(a)(4)(A).

4.  Drexel's motion documents Harleysville's delay in producing the policies and procedures sought by Drexel—*a 15 month delay that continues*. In response, Harleysville acknowledges the delay,[2] but fails to offer *any* justification for it. Harleyville does suggest that it attempted to do so after Drexel filed this motion.[3] As explained in Drexel's motion, that purported production provided a document with little to no relevance. *Compare* D.I. 31, Ex. I (the 30(b)(6) notice), *with* Ex. L (the purported production). To date, Harleyville has not produced the policies and procedures sought by Drexel. Consequently, Drexel respectfully submits that the Court should compel immediate and complete production of Harleysville's policies and procedures.

5.  Moreover, because Harleysville failed to explain how its refusal to produce these documents was "substantially justified," sanctions are called for under Rule 37(a)(4)(A).

6.  Drexel's motion establishes that Harleysville first advised Drexel—*on May 2, 2007*—that its 30(b)(6) witness set for a May 7, 2007 deposition was unable to testify regarding the vast majority of topics listed in the deposition notice. *See* D.I. 31 at ¶¶ 6–8. Further, Harleyville failed to produce the policies and procedures essential to that deposition, thus preventing a meaningful deposition. These actions forced Drexel to cancel the deposition.

---

[1] Specifically, Drexel requested the "renewal quotes dated May 28, 2003, June 4, 2003, March 11, 2004, and March 25, 2004, a 'NP Invoice' dated June 14, 2004, and the June 22, 2004 acknowledgment letter to Drexel." *See* Ex. F.

[2] D.I. 32 at ¶7 ("Plaintiff's counsel is correct in that it has taken a period of time to obtain the documentation . . . .").

[3] D.I. 32 at ¶5 ("A portion of the claims procedures was subsequently mailed emailed to the undersigned and sent to plaintiff's counsel, however, he had then file this motion for sanctions.").

7.  Now, Harleysville asserts that Drexel must conduct at least 2 depositions, yet fails to confirm that those 2 depositions will satisfy the subjects listed in the notice.[4] Short of such confirmation, Drexel must assume Harleyville intends to produce a string of deponents on discrete topics in the notice. As this Court has held, however:

> Rule 30(b)(6) provides that after receiving a notice of deposition, the corporation should "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). Additionally, the deponent has a "duty of being knowledgeable on the subject matter identified as the area of inquiry." *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 148, 151 (D.D.C.1999)."

*Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 2005 WL 440621, at *3 (D. Del.) (Ex. A). Harleysville's failure to produce a deponent with knowledge of the topics listed in Drexel's notice flies directly in the face of its obligations under the Rule—particularly where it did not inform Drexel that it intended to drastically limit the scope of the deposition. Naturally, if Harleysville objected to the scope of the notice or felt it was burdensome, it should have filed a motion for protective order (or, as a first step, contact Drexel's counsel to discuss the issue).[5] Harleyville took no such basic steps and apparently intended to simply produce a witness with no knowledge regarding most of the topics at issue.

8.  The 30(b)(6) deposition should occur in Delaware because Harleysville did not object to the location listed in Drexel's notice. Drexel's motion establishes that Harleysville's actions are

---

[4] D.I. 32, ¶6 ("The defendant has identified two witnesses as the persons who have knowledge concerning the cancellation of the policies. They are available in Nashville, Tennessee and Harleysville, PA.").

[5] *See Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 422 (D. Del. 1992) ("If a party from whom discovery is sought does not comply with a Rule 30(b)(6) deposition notice, the party must seek a protective order . . . .").

tantamount to a failure to appear.[6] If the Court agrees, Rule 37(d) provides:

> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).[7]

The deposition should also occur in Delaware because Harleyville issued a policy in Delaware. Thus, it is reasonable to require Harleysville's witness to come to Delaware. [8]

10. The discovery deadline in this case is on June 30, 2007 (D.I. 27) and the pretrial conference is scheduled for August 2, 2007. At this point, Harleysville's stonewalling has prevented nearly all meaningful discovery. Drexel, therefore, reserves the right to request alterations to the schedule in this matter to allow full and complete discovery.

SMITH, KATZENSTEIN & FURLOW LLP

/s/ *Robert K. Beste*
Kathleen M. Miller (ID No. 2898)
Robert K. Beste, III (ID No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
Phone:      (302) 652-8400
Facsimile:  (302) 652-8405
Email:      rkb@skfdelaware.com

May 24, 2007

---

[6]*See Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000) ("Thus, we hold that when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d).").

[7]*See also Loosley v. Stone*, 15 F.R.D. 373, 375 (S. D. Ill. 1954) ("It is likewise evident that if plaintiff was not satisfied with the time and place of the depositions the rules afforded her an opportunity to have the court, on motion, change the time and the place designated in the notices. The rules do not contemplate that a party may wait until after the date designated by the opposing party for the taking of the deposition to ask a modification of the terms of the notice by the court."); *Dictograph Prods., Inc. v. Kentworth Corp.*, 7 F.R.D. 543, 544 (D. Ky. 1947) ("The rules afforded to plaintiff an opportunity to have the Court, on motion, change the place designated in the notice . . . . The rules do not contemplate that a party may wait until after the date designated by the opposing party for the taking of the deposition to ask a modification of the terms of the notice by the Court.").

[8]*See Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 384 (M. D. N.C. 1988) ("Defendant sells insurance policies in various states and, therefore, can well be expected to have claims and actions brought by its policyholders in those states, especially, as to its medical policies. Defending lawsuits in various forums throughout this country is, therefore, one of the expected costs of doing business for defendant.").