

**Smith Katzenstein Furlow LLP**

*Attorneys at Law*

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Joelle E. Polesky
Roger D. Anderson
Robert K. Beste
Etta R. Wolfe

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

May 31, 2007

*By Electronic Filing*

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the
District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *Layne Drexel v. Harleysville Insurance*
      C.A. 05-0428 JJF

Dear Judge Farnan:

I write in response to Mr. Casarino's letter of May 30, 2007 (D.I. 37), in which defendant requested permission to file a motion for summary judgment past the May 18, 2007 deadline for dispositive motions. Plaintiff opposes defendant's request on 2 substantive and 3 procedural grounds. Substantively, plaintiff submits that: (1) allowing defendant to present a motion for summary judgment even though it has continually stonewalled plaintiff's legitimate discovery requests is unduly prejudicial and unfair, and (2) defendant offers no legitimate justification for the extension request. Procedurally, plaintiff submits that: (1) defendant waived any right to move for summary judgment by failing to do so prior to the deadline, (2) defendant's failure to comply with Local Rule 7.1.1 bars the extension sought in Mr. Casarino's letter, and (3) defendant's request is improper and should be made by motion pursuant to Rule 7(b)(1).

Substantively, plaintiff's motion to compel and for sanctions (D.I. 31) outlines defendant's continuing and unexplained refusal to respond to plaintiff's discovery requests. Defendant's response to plaintiff's motion offers neither a relevant justification for defendant's failures nor legitimate legal grounds to oppose plaintiff's discovery requests. As such, plaintiff has not been afforded his right to discoverable materials and would be severely prejudiced by any motion for summary judgment brought by defendant at this juncture. The second substantive ground is that defendant's failure to show excusable neglect in moving for summary judgment prior to the deadline bars the relief sought. Presumably, defendant's extension request is

The Honorable Joseph J. Farnan, Jr.
May 31, 2007
Page 2

brought pursuant to Rule 6(b)(2), which authorizes the Court to enlarge defendant's time to file such a motion where it shows "excusable neglect . . . ." In its letter request, however, defendant offers only that, after the deadline, "it became clear that defendant's argument will permit the [C]ourt to consider granting summary judgment for defendant." Plaintiff submits that the Court should reject any such assertion, primarily because defendant failed to indicate some reason it could not access the legal authority on which it intends to rely prior to the deadline. Plainly, defendant is obligated to review potential dispositive motions *prior* to the deadline, not after its adversary files its own motion. Harleysville's failure to do so does not satisfy the "excusable neglect" standard of Rule 6(b)(2).

Plaintiff opposes defendant's request on 3 procedural grounds as well. First, the deadline for a motion for summary judgment passed on May 18, 2007 (D.I. 24). Accordingly, defendant waived its right to file such a motion. Second, defendant's non-dispositive request for an extension is barred because it failed to comply with the provisions of Local Rule 7.1.1 which requires an effort to reach agreement for such relief. Third, Rule 7(b)(1) mandates that defendant present its request for an extension as a motion, and thus bars the letter request offered by defendant.

Thank you for your attention to this matter, and counsel are available at the Court's convenience to address this issue.

Respectfully,

*[signature]*

Robert K. Beste (ID No. 3931)

rkb@skfdelaware.com

RKB/vkm

cc:     Clerk of Court (by electronic filing)
        Stephen P. Casarino, Esquire (by electronic filing)