# EXHIBIT A

*04343*
*C*

## Victoria Miller

**From:** Robert K. Beste
**Sent:** Thursday, September 14, 2006 5:11 PM
**To:** 'Steve Casarino (scasarino@casarino.com)'
**Subject:** Drexel
**Contacts:** Steve Casarino

Steve:

These are the letters I was referring to when we spoke today. Mr. Grugan did not respond to these letters, since (according to him) Harleysville wanted to resolve the matter. Naturally, we expect a response and complete discovery responses to avoid a motion to compel. Also, in light of you opinion as to the quality of Mr. Drexel's discovery responses (which I will not repeat here), I ask you to specify what additional information you feel Harleysville is entitled to receive from Mr. Drexel. I understand that you will be on vacation for 2 weeks-have a nice time.

Rob Beste

Robert K. Beste
Smith, Katzenstein & Furlow LLP
P.O. Box 410
Wilmington, Del. 19899-0410

p:    (302) 652-8400
f:    (302) 652-8405
e:    rkb@skfdelaware.com

**Smith
Katzenstein
Furlow LLP**

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

June 8, 2006

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Joelle E. Polesky
R_____ D. Anderson
Robert K. Beste
Etta R. Wolfe

*Via Electronic and U.S. Mail*

John C. Grugan, Esquire
Ballard Spahr Andrews & Ingersoll LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

*Re:   Drexel v. Harleysville Insurance*
*       C.A. No. 05-428 JJF*

Dear John:

As we discussed, this letter will outline deficiencies in Harleysville's discovery responses. Absent an agreement for complete discovery responses prior to June 16, 2006, plaintiff will present a motion to compel addressing the issues set forth herein. That being said, I would reiterate my hope these issues can be resolved in an amicable and cooperative fashion.

Initially, despite identification of numerous documents in Harleysville's interrogatory and request for production responses, no responsive documents have been produced to date.

I also note the following specific deficiencies in Harleysville's discovery responses. Interrogatory and request 4 both seek all payment history information regarding the policy at issue. This information should be readily accessible by Harleysville and the payment history of this policy plainly is relevant and reasonably calculated to lead to the discovery of admissible evidence. Further, the information and documents produced to date do not provide a clear history of payment receipts by Harleysville.

Harleysville's response to interrogatory 5 remains incomplete.

10014825.WPD

John C . Grugan, Esquire
June 8. 2006
Page 2

With respect to interrogatories 6 through 8 and request 7, this information is both relevant to plaintiff's bad faith claim against Harleysville and discoverable. *See, e.g.*, Del. Pattern Jury Instructions § 21.27. We ask that Harleysville produce responsive information and materials.

Please provide documents responsive to Requests 1 – 3, and, including relevant policy and procedures production.

In reviewing the documents produced thus far, I note that Harleysville has not produced the renewal quotes dated May 28, 2003, June 4, 2003, June 11, 2003, March 11, 2004, March 25, 2004, and March 26, 2004 referenced at DR 0195, the "NP Invoice" dated June 14, 2004 and referenced at DR 0200, or the June 22, 2004 acknowledgment letter to the insured referenced at DR 0203.

Also, with respect to document 9 listed on Harleysville's privilege log. please clarify the basis for the privilege. Further, is the date listed on the log accurate for that item?

Please advise of Harleysville's intentions on these issues as soon as possible.

Sincerely,

Robert K. Beste

RKB/vkm

cc:    William M. Kelleher, Esquire (via electronic mail only)

10014825.WPD



**Smith Katzenstein Furlow LLP**

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

June 8, 2006

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Joelle E. Polesky
R     D. Anderson
Robert K. Beste
Etta R. Wolfe

*Via Electronic and U.S. Mail*

John C. Grugan, Esquire
Ballard Spahr Andrews & Ingersoll LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

*Re:*  *Drexel v. Harleysville Insurance*
       *C.A. No. 05-428 JJF*

Dear John:

This letter will serve as plaintiff's informal request that Harleysville produce a Rule 30(b)(6) representative to testify regarding the issues outlined in the draft deposition notice enclosed herein. We request that the Rule 30(b)(6) deposition occur in June 2006, in your Wilmington office or at some other agreeable location.

In its document production response, Harleysville committed to producing copies of all policies bearing on plaintiff's claims. Obviously, I am requesting immediate production of all such policies to ensure adequate examination of the 30(b)(6) witness at deposition. Should the fields of examination implicate additional policies or procedures, plaintiff requests immediate production of those as well.

I also have enclosed a proposed scheduling order. Please let me know if any changes to the scheduling order are requested at your earliest convenience.

I look forward to hearing from you on these various issues.

Sincerely,

Robert K. Beste

RKB/vkm

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LAYNE DREXEL,                           )
                                        )
                  Plaintiff,            )
                                        )
                                        )    C.A. No. 05-428 (JJF)
         v.                             )
                                        )
HARLEYSVILLE INSURANCE CO.,             )
                                        )
                  Defendant.            )

## PROPOSED SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1.     **Pre-Discovery Disclosures.** The parties have exchanged by October 24, 2005, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.     **Joinder of other Parties.** All motions to join other parties shall be filed on or before October 31, 2005.

3.     **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to _____ for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact _____ to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4.     **Discovery.**

(a)     Exchange and completion of interrogatories, identification of all fact witnesses and document production shall be commenced so as to be completed by September 30, 2006.

(b)    Maximum of 50 interrogatories by each party to any other party.

(c)    Maximum of 25 requests for admission by each party to any other party.

(d)    Maximum of 10 depositions by plaintiff and 10 by defendant.

(e)    Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the plaintiff by July 15, 2006; from the defendant by August 31, 2006.

(f)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties.

5.    **Discovery Disputes.**

(a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b)    All parties shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c)    Upon receipt of the Answer, the movant shall notify Chambers by e-mail at _____ that the parties have completed briefing.

(d)    Upon receipt of movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6.    **Amendment of Pleadings.**   All motions to amend the pleadings shall be filed on or before July 1, 2006.

7.    **Case Dispositive Motions.**   Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before October 31, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

8.    **Applications by Motion.**

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995).   Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.  The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: _____.  The e-mail shall provide a short statement describing the emergency.

9.    **Pretrial Conference and Trial.**    The Court will schedule a Pretrial Conference and Trial after reviewing the parties' proposed scheduling order.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

———————————————
DATE

———————————————
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LAYNE DREXEL,                          )
                                       )
        Plaintiff,                     )
                                       )    C.A. No. 05-428 (JJF)
        v.                             )
                                       )
HARLEYSVILLE INSURANCE CO.,            )
                                       )
        Defendant.                     )

## NOTICE OF DEPOSITION

TO:    William M. Kelleher
       Ballard Spahr Andrews & Ingersoll LP
       919 N. Market Street, 12th Floor
       Wilmington, DE 19801-3034

Pursuant to Federal Rule of Civil Procedure 30(b)(6), examination of Harleysville is requested relevant to the policy of insurance written by Harleysville, specifically Commercial Package Policy No. MPA 812988 (the "Policy"), and concerning the loss at issue in this litigation sustained by plaintiff on June 22, 2004 at the property located at 1740 W. 4th Street in Wilmington, Delaware and the related claim for coverage under the Policy (the "Claim"). As to all fields of examination, the relevant time period shall be June 2004 through the end of 2004. The fields of examination are as follows:

(1)    Harleysville's policies and procedures with respect to coverage termination and notice thereof to its insured;

(2)    Harleysville's policies and procedures with respect to acceptance and processing of premium payments from insureds, including late premium payments;

(3)    Harleysville's policies and procedures on the effective cancellation date selected by

10014894.WPD

Harleysville when cancelling property insurance;

(4)    Harleysville's policies and procedures with respect to adequate justifications for the cancellation of insurance policies, including the type at issue in this suit and retroactive cancellations after claims have been made on a policy;

(5)    Harleysville's policies and procedures regarding claims notes and notations, including methods of recording and reading claims notes;

(6)    Harleysville's denial of the Claim and cancellation of the Policy at issue;

(7)    The history of the Claim at issue including all direction and communications with third parties or plaintiff;

(8)    All payments made associated with this claim, whether withdrawn or not;

(9)    Harleysville's policy as to the number of cancellation notices required to be sent and the effective date of that cancellation for the type of policy at issue.


SMITH, KATZENSTEIN & FURLOW LLP


Kathleen M. Miller (ID No. 2898)
Robert K. Beste, III (ID No. 3931)
The Corporate Plaza
800 Delaware Avenue, P.O. Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

*Attorneys for Plaintiff,*
*Layne Drexel*

Dated: June 8, 2006


10014894.WPD

**EXHIBIT B**



*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

December 18, 2006

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
 E. Polesky
Roger D. Anderson
Robert K. Beste
Etta R. Wolfe

*Via Facsimile and U.S. Mail*

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, PA
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

**Re:**   *Drexel v. Harleysville Insurance*
          *C.A. No. 05-428 JJF*

Dear Steve:

This letter will serve as plaintiff's second request (the first was made on June 8, 2006) that Harleysville produce a Rule 30(b)(6) representative or representatives to testify regarding the issues outlined in the draft deposition notice enclosed herein.  On a related issue concerning document request 3 and interrogatory 5, I again request a complete production of policies and procedures responsive to that request. The request is clear, straightforward, and seeks production of a limited scope of materials—policies and procedures in place as of the date of loss that implicate issues of cancellation of policies, acceptance of late premium payments, payment of claims after lapse or cancellation of policy, late payments and notifications, and general claims adjustment. I would assume that Harleysville maintained a finite set of policies or procedures, or both, that implicated those subjects and concern commercial policies at the time of the loss at issue.  Absent commitment from Harleysville within 10 calendar days to produce these policies and procedures, and to identify dates for the 30(b)(6) deposition of the appropriate person, plaintiff will file a motion to compel.  I would be happy to discuss this issue in greater detail and left you a voicemail on the issue, but you did not return my call.  Obviously, the document production issues outlined above will need to be resolved prior to the deposition or depositions.

As you know, I notified Harleysville of deficiencies in its discovery responses by letter on June 8, 2006.  In response, Harleysville produced an additional set of documents purporting to complete its discovery obligations with respect to, *inter alia*, request 1. Request 1 sought "[a]ny and all documents related to the policy at issue or identified

Stephen P. Casarino, Esquire
December 18, 2006
Page 2

in your response to plaintiff's first set of interrogatories." Thus, I will assume that Harleysville now has produced all non-privileged documents pertaining to this matter—please correct me if my understanding is not accurate.

On that issue, I note that Harleysville has not produced the renewal quotes dated May 28, 2003, June 4, 2003, June 11, 2003, March 11, 2004, March 25, 2004, and March 26, 2004 referenced at DR 0195, the "NP Invoice" dated June 14, 2004 and referenced at DR 0200, or the June 22, 2004 acknowledgment letter to the insured referenced at DR 0203. I renew my request made on June 8, 2006 to produce these documents. Alternatively, please confirm that Harleysville is unable to produce these documents.

Turning to interrogatories 6, 7, and 8, and document request 7, the information sought potentially is relevant to plaintiff's bad faith claim against Harleysville. I ask that you reconsider Harleysville's refusal to provide responsive information and documents and notify me of Harleysville's intention in the immediate future. If a confidentiality order would be helpful, or some type of attorneys' eyes only agreement, plaintiff would be happy to enter into such an agreement to move this case along. Again, however, plaintiff will file a motion to compel absent adequate production of information and documents.

I also suggest that we contact the Court and request a scheduling order to govern this case. I have enclosed a proposed scheduling order for your review and comment. Please let me know if any changes to the scheduling order are requested at your earliest convenience.

On a final issue, I will provide dates for Mr. Drexel's deposition in the near future.

Sincerely,

Robert K. Beste

RKB/vkm

Enclosure

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LAYNE DREXEL,                              )
                                          )
    Plaintiff,                        )
                                          )      C.A. No. 05-428 (JJF)
    v.                                )
                                          )
HARLEYSVILLE INSURANCE CO.,               )
                                          )
    Defendant.                        )

### NOTICE OF DEPOSITION

TO:    Stephen P. Casarino, Esquire
        Casarino, Christman & Shalk, PA
        800 North King Street, Suite 200
        P.O. Box 1276
        Wilmington, DE 19899

Pursuant to Federal Rule of Civil Procedure 30(b)(6), examination of Harleysville is requested relevant to the policy of insurance written by Harleysville, specifically Commercial Package Policy No. MPA 812988 (the "Policy"), and concerning the loss at issue in this litigation sustained by plaintiff on June 22, 2004 at the property located at 1740 W. 4th Street in Wilmington, Delaware and the related claim for coverage under the Policy (the "Claim"). As to all fields of examination, the relevant time period shall be June 2004 through the end of 2004. The fields of examination are as follows:

(1)    Harleysville's policies and procedures with respect to coverage termination and notice thereof to its insured;

(2)    Harleysville's policies and procedures with respect to acceptance and processing of premium payments from insureds, including late premium payments;

(3)    Harleysville's policies and procedures on the effective cancellation date selected by

10014894.WPD

Harleysville when cancelling property insurance;

(4)     Harleysville's policies and procedures with respect to adequate justifications for the cancellation of insurance policies, including the type at issue in this suit and retroactive cancellations after claims have been made on a policy;

(5)     Harleysville's policies and procedures regarding claims notes and notations, including methods of recording and reading claims notes;

(6)     Harleysville's denial of the Claim and cancellation of the Policy at issue;

(7)     The history of the Claim at issue including all direction and communications with third parties or plaintiff;

(8)     All payments made associated with this claim, whether withdrawn or not;

(9)     Harleysville's policy as to the number of cancellation notices required to be sent and the effective date of that cancellation for the type of policy at issue.


                        SMITH, KATZENSTEIN & FURLOW LLP


                        _____
                        Kathleen M. Miller (ID No. 2898)
                        Robert K. Beste, III (ID No. 3931)
                        The Corporate Plaza
                        800 Delaware Avenue, P.O. Box 410
                        Wilmington, Delaware 19899
                        Telephone:  (302) 652-8400
                        Facsimile: (302) 652-8405

                        *Attorneys for Plaintiff,*
                        *Layne Drexel*

December 18, 2006


10014894.WPD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

LAYNE DREXEL,                                )
                                             )
                    Plaintiff,               )
                                             )
                                             )    C.A. No. 05-428 (JJF)
        v.                                   )
                                             )
HARLEYSVILLE INSURANCE CO.,                  )
                                             )
                    Defendant.               )

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.** The parties have exchanged by October 24, 2005, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Joinder of other Parties.** All motions to join other parties shall be filed on or before October 31, 2005.

3.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4.    **Discovery.**

        (a)    Exchange and completion of interrogatories, identification of all fact witnesses and document production shall be commenced so as to be completed by February 28, 2007.

(b)    Maximum of 50 interrogatories by each party to any other party.

(c)    Maximum of 25 requests for admission by each party to any other party.

(d)    Maximum of 10 depositions by plaintiff and 10 by defendant.

(e)    Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the plaintiff by March 31, 2007; from the defendant by April 30, 2007.

(f)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties.

5.    **Discovery Disputes.**

(a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1.  Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion.  No reply is permitted.

(b)    All parties shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c)    Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d)    Upon receipt of movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6.    **Amendment of Pleadings.**    All motions to amend the pleadings shall be filed on or before February 1, 2007.

7.    **Case Dispositive Motions.**    Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before May 31, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

8.    **Applications by Motion.**

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.    **Pretrial Conference and Trial.**    After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.


_____          _____
DATE                             UNITED STATES DISTRICT JUDGE

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4474
CONNECTION TEL                    95944509
SUBADDRESS
CONNECTION ID
ST. TIME             12/18 12:57
USAGE T              01'01
PGS. SENT                9
RESULT               OK
```

■

**Smith
Katzenstein
Furlow LLP**

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Telecopy: (302) 652-8405

# FACSIMILE COVER SHEET

**To:** _____ Stephen P. Casarino _____

    **Fax Phone No.** _____ 594-4509 _____

    **Office Phone No.** _____ 594-4500 _____

**From:** _____ Robert K. Beste, III _____

**Date:** _____ December 18, 2006 _____

---

**Additional Comments:**

    Total number of pages including this cover letter: __*9*__

    Client Name & Matter No.: __04343/drex__

If you do not receive all of the pages, please call back as soon as possible at the following number: (302) 652-8400 and ask for the mailroom.

**EXHIBIT C**

# CASARINO, CHRISTMAN & SHALK, P.A.
### ATTORNEYS AT LAW
800 NORTH KING STREET
SUITE 200
P.O. BOX 1276
WILMINGTON, DELAWARE 19899

STEPHEN P. CASARINO
COLIN M. SHALK
BETH H. CHRISTMAN
DONALD M. RANSOM
KENNETH M. DOSS
THOMAS P. LEFF
MATTHEW E. O'BYRNE
SARAH C. BRANNAN
J'AIME L. WALKER **

** ADMITTED IN PA and NJ ONLY

REPLY TO OUR MAILING ADDRESS:
P.O. BOX 1276
WILMINGTON, DE 19899

(302) 594-4500
FAX: (302) 594-4509

May 30, 2007

Robert K. Beste, III, Esq.
Smith Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

   Re:   **Drexel v. Harleysville**

Dear Rob:

      When I read your brief I was surprised that you had not received a copy of the June 14, 2004
notice. As you know I did not have this case originally and I had assumed that all documentation
was sent to you. I contacted Harleysville to make sure that document is available and I enclose a
copy of it. To make sure you have all the documentation sent to your client, enclosed are the
following: Premium Notice dated March 26, 2004, Notice of Policy Expiration dated June 15, 2004.
Conformation of Termination dated July 7, 2004, and the various audit trails.

                              Very truly yours,

                              STEPHEN P. CASARINO

SPC/rt
Enclosures

# EXHIBIT D

**EXHIBIT D**

CC&S
Fax:
May 30 2007 05:30pm P012/017

Harleysville Mutual Insurance Company
355 Maple Avenue
Harleysville, PA 19438-2297
www.harleysvillegroup.com

# Harleysville.

**COMMERCIAL PACKAGE POLICY**

**MPA 812988**

Named Insured:

LAYNE DREXEL
1910 OLD CAPITOL TR
NEWARK DE 19711

| Policy Term | 06/08/04 to 06/08/05 |
| | 12:01 A.M. Standard Time |
| Issue Date | 07/06/04 |
| Reason for Issue | Cancellation |
| Change Effective | 06/08/04 |

For assistance please contact your agent
S. T. GOOD INSURANCE, INC.
at 800-531-1883

(Agent Code 07-3641)

---

### Cancellation Memorandum

**This policy has been cancelled Flat Rate**

**for the following reason:**

**Non-Payment**

The Unearned Premium Is:            $1,394.00
Total Return Due For This Cancellation:      $1,394.00