IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LAYNE DREXEL,                          :
                                       :        C.A. No.: 05-428 JJF
            Plaintiff,                 :
      v.                               :
                                       :
HARLEYSVILLE INSURANCE CO.             :
                                       :
            Defendant.                 :


      Defendant's Reply Brief in support of its Motion for Summary Judgment.



                              CASARINO, CHRISTMAN & SHALK


                              _____/s/ Stephen P. Casarino,_____
                              STEPHEN P. CASARINO, ESQUIRE
                              Bar I.D. No. 174
                              800 North King Street, Suite 200
                              P.O. Box 1276
                              Wilmington, DE 19899-1276
                              302 594-4500
                              Attorney for Defendant Harleysville


Dated: June 20, 2007

## **TABLE OF CONTENTS**

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Arguments:

        i.  Plaintiff was timely notified that his policy was up for renewal . . . . . . 1

        ii.  Plaintiff's policy was not cancelled  . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        iii.  The policy language is clear and does not relate to renewals . . . . . . . 3

        v.   There was no hidden trap; plaintiff was informed of the consequences
        of non-payment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF CITATIONS

*Dimenico v. Selective Insurance Company of America*, 833 A.2d 984
(Del Super 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Engerbrtsen v. Engerbretsen* , 675 A.2d 13 (Del. Super 1995), Affm. 676 A.2d 902
(Del 1996) (table) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hallowell v. State Farm Mutual Automobile Insurance Company*, 443 A.2d 926
(Del 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*State Farm Mutual Automobile Insurance Company v. Mundorf, 659 A.2d 215*
*(Del 1995)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## ARGUMENT

i.    PLAINTIFF WAS TIMELY NOTIFIED THAT HIS POLICY WAS
UP FOR RENEWAL

Plaintiff argues that 18 Del.C. § 4122 is not applicable because plaintiff had a commercial

policy and not a residential policy.  § 4122 requires an insurance company to give thirty days

notice of its intention not to renew.  If § 4122 is not applicable to plaintiff's policy, then defendant

was not required to give any notice that the policy was up for renewal.

There is no requirement in the Delaware statutes or the Delaware administrative code

for an insurance company to give any notice relating to a commercial policy that is up for

renewal.  For instance, 18 Del.C.§ 3905, dealing with casualty insurance policies requires a 30 day

notice if an insurance company desires not to renew.  However, "this section shall not apply in case

of non-payment of premium or if the insurer has manifested its willingness to renew."  It is the law

of Delaware that an insurer is under no legal requirement to notify the insured that his policy is

about to renew, unless required by statute.

This was stated clearly by the Delaware Supreme Court in *State Farm Mutual Automobile*

*Insurance Company v. Mundorf*, 659 A2d 215 (Del 1995), a case cited by plaintiff as well as

defendant.  In *Mundorf*, the court noted an exception to the general rule with regard to assigned risk

policies because they are governed by a special regulation.  The policy in question here is not an

assigned risk policy.  For non-assigned risk policies the court stated the applicable law:

> "In general, a policy holder is charged with knowledge of the expiration date
> recited in his or her insurance policy when that date is clearly stated. [citing cases]
> Unless there is a policy or statutory direction to the contrary, the insurer is under no
> legal duty to give to the insured notice of the expiration of an insurance policy, and
> the insurer is not obligated to renew the policy automatically. [citing cases] Absent
> a statutory grace period, the insured's failure to pay a renewal premium by the due
> date ordinarily results in a lapse of coverage as of the last day of the policy period

1

[citing cases]". pp 217-218

If there is no statutory requirement that the insured be given thirty days notice, then no notice is required.  If there is nothing in the policy relating to renewals, as in this case, then no notice is required.

ii.     PLAINTIFF'S POLICY WAS NOT CANCELLED.

Plaintiff argues that the plain language of the policy must be followed.  The defendant agrees, however there is nothing in the policy relating to the renewal of the policy.  Plaintiff cites policy provisions relating to cancellations.  As pointed out in defendant's opening brief, the policy was not cancelled but not renewed by the plaintiff.

The cancellation provisions of the policy make it clear that it applies only to a current policy.          2.     We may cancel this policy by mailing or delivering to the first Named Insured written notice of the cancellation at least:

a)     Ten days before the effective date of cancellation if we cancel for non-payment of premium; or

b)     Thirty days before the effective date of cancellation if we cancel for any other reason.

***

4.     Notice of cancellation will state the effective date of cancellation.  The policy period will end on that date.

5.     If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata.  If the Named Insured cancels, the refund may be less than pro rata.  The cancellation will be effective even if we have not made or offered a refund.  (emphasis added)

None of these provisions relate to a policy that is not in effect.  The plaintiff's policy was never renewed.

2

iii.    THE POLICY LANGUAGE IS CLEAR AND DOES NOT
RELATE TO RENEWALS.

The plaintiff asks this court to interpret the defendant's cancellation provision to apply to failure of plaintiff to renew his policy. Ambiguities are construed against an insurance company, however there is no ambiguity in the policy. No matter how the cancellation provision is read, it still deals with cancellations and not with renewals.

It is the plaintiff who asks the court to reconstruct the insurance policy to provide a clause for non-renewal. If a policy language is clear and unambiguous, the court will not destroy or twist the words under the guise of constructing them. *Hallowell v. State Farm Mutual Automobile Insurance Company*, 443 A2d 926 (Del 1982); *Engerbretsen v. Engerbretsen*, 675 A2d 13 (Del Super.1995), Affm. 676 A2d 902 (Del 1996)(table).

The fact is that the plaintiff's policy beginning June 8, 2004 was never in effect, and therefore was never cancelled.

Plaintiff insists that he should have 10 days before notice of cancelling the policy. Even if the court were to construe Harleysville's notice of expiration as a notice of cancellation, the fact remains that Harleysville's letter of June 15, 2004 told plaintiff he had to pay his premium by June 30, 2004, more than 10 days to keep his policy in effect. It is hard to imagine that plaintiff feels he did not receive 10 days notice that his policy would terminate. No matter what words defendant used, the fact remains that plaintiff did not pay his premium until July 14, 2004, 2 weeks after the deadline set forth in the policy. See *Dimenico v. Selective Insurance Company of America*, 833 A.2d 984 (Del. Super 2002).

3

### iv.     THERE WAS NO HIDDEN TRAP; PLAINTIFF WAS INFORMED OF THE CONSEQUENCES OF NON-PAYMENT

Plaintiff claims that he was a victim of a hidden trap, however, has not explained why he is the victim or why there was a  trap.  He was put on notice on March 26, 2004 that to renew his policy he had to send a minimum payment of only $283.80 to the insurance company by June 8, 2004.  Nothing could be clearer than the premium notice.  It advised him of the minimum payment, the payment schedule, and the due date.

When the plaintiff did not pay his premium in a timely manner, on June 15, 2004 he was sent a notice of policy expiration advising that his policy had expired and that if he wanted to have continued coverage he had to pay his premium by June 30, 2004, 12:01 a.m. standard time.  Plaintiff did not pay even though he was advised that his policy had expired and could be continued.

It is difficult to imagine how the plaintiff was trapped.  If he claims he was relying upon the cancellation provision as opposed to the two notices sent to him, one wonders what he possible could have been thinking.  He knew he had not paid his premium, he knew the policy had lapsed, and he was informed that he could reinstate it by making a payment.  What plaintiff tried to do, and this point has not been addressed by plaintiff, is back date a check to make it appear that he paid his premium on June 7, one day before the due date.  That check was written on July 1, 2004, not June 7.  Thus, it is clear that plaintiff had notification, because otherwise he would not have back dated the check.  Plaintiff as fully aware of the consequences of non-payment.

CASARINO, CHRISTMAN & SHALK

4

_____/s/ Stephen P. Casarino,_____
STEPHEN P. CASARINO, ESQUIRE
Bar I.D. No. 174
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899-1276
302 594-4500
Attorney for Defendant Harleysville

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen P. Casarino, Esq., hereby certify that I have mailed from 800 North King Street, Suite 200, Wilmington, DE 19801, on this 20th day of June, 2007, true and correct copies of Defendant's Reply Brief in Response in support of its Motion for Summary Judgment addressed to:

Robert K. Beste, III, Esquire
Smith, Katzenstein & Furlow
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

CASARINO, CHRISTMAN & SHALK

  /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQ
I.D. No. 174
800 N. King Street, Suite 200
Wilmington, DE 19899-1276
(302) 594-4500
Attorney for the Defendant Harleysville

6