**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LAYNE DREXEL,                                    :
                                                 :
     Plaintiff,                                :
                                                 :    C.A. No. 05-00428 (JJF)
       v.                                       :
                                                 :    Jury Trial Demanded
HARLEYSVILLE INSURANCE CO.,                      :
                                                 :
     Defendant.                                :

---

### *Plaintiff's Proposed Jury Instructions*

---

SMITH, KATZENSTEIN & FURLOW LLP

  /s/  *Robert K. Beste*
Kathleen M. Miller (No. 2898)
Robert K. Beste, III (No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
Telephone:    (302) 652-8400
Facsimile:    (302) 652-8405
Email:       rkb@skfdelaware.com

July 31, 2007                    *Attorneys for plaintiff*

04343|PLDG|10029014.WPD

*Table of Contents*

## Preliminary Instructions

**Introduction; Role of Jury** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Conduct of the Jury** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Bench Conferences** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Jury Questions for Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Note-Taking By Jurors** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Description of Trial Proceedings** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Recess Admonition** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Post-Trial Instructions

**Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Description of Case** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**All Persons and Organizations Are Equal Before the Law** . . . . . . . . . . . . . . 12

**Evidence Defined** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Direct and Circumstantial Evidence** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Number of Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Credibility of Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Use of Deposition** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Use of Interrogatories** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Burden of Proof** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Contract Formation, Offer and Acceptance** . . . . . . . . . . . . . . . . . . . . . . . . . 21

**Construction of Ambiguous Terms – Breach of Contract** . . . . . . . . . . . . . . . 23

**Waiver** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**Promissory Estoppel** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**Estoppel** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

**Breach of Contract** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

**Bad Faith Breach of Contract:** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**Effect on Instructions as to Damages** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

**Deliberations** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

**Deadlock** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Preliminary Instructions*

**Introduction; Role of Jury**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts.  You will have to decide what happened.  I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special

rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

**Bench Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Jury Questions for Witnesses**

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

**Note-Taking By Jurors**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use—they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1.      Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2.      Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make

important observations.  You may make your note after having made an observation.

3.    Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.  Noted are not to be used in place of the evidence.

4.    Do not take your notes away from court.  I repeat, at the end of each day, please leave your notes in the jury room.

**Description of Trial Proceedings**

The trial will proceed in the following manner:

First, attorneys for Layne Drexel will make an opening statement to you. Next, attorneys for Harleysville Mutual Insurance Company may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

Each party is given an opportunity to present its evidence. Layne Drexel goes first because he has the burden of proof. Layne Drexel will present witnesses whom counsel for Harleysville Mutual Insurance Company may cross-examine, and Layne Drexel may also present evidence. Following Layne Drexel's case, Harleysville Mutual Insurance Company may present evidence. Counsel for Layne Drexel may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law, and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their client's positions. As with opening statements, closing arguments are not evidence. After that you will retire to the jury room to deliberate on your verdict in this case.

**Recess Admonition**

We are about to take a recess. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately. Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

**Post-Trial Instructions**

**Introduction**

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Description of Case**

Plaintiff, Layne Drexel, at all times relevant, owned the property located at 1740 West Fourth Street in Wilmington, Delaware.  As the result of a June 22, 2004 fire, the property sustained heavy damage.  The dispute centers around a policy of property insurance issued by Harleysville Mutual Insurance Company ("Harleysville") and providing coverage for losses to the property.  Mr. Drexel asserts that since 1999, that the property was continually insured by Harleysville.  In the alternative, Mr. Drexel asserts that Harleysville is estopped from denying insurance coverage for the fire based on its conduct.  Finally, Mr. Drexel asserts that Harleysville acted in bad faith in denying his claim.

Harleysville asserts that there was no insurance contract in effect on the date of the loss, and therefore it was not obligated to pay Mr. Drexel's claim.

**All Persons and Organizations Are Equal Before the Law**

In your deliberations, you must not consider the fact that Mr. Drexel is an individual while Harleysville is a corporation.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.  This means you should not favor Mr. Drexel over Harleysville.  The status of plaintiff and defendant as individuals or corporations should not affect your decisions in any way.

**Evidence Defined**

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated—that is, formally agreed to by the parties; and

4.      Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by lawyers;

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence, and a lawyer on the other side may have

objected.  This simply means that the lawyer was requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection was made.  Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, ignore the question.  If it was overruled, treat the answer like any other.  If you are instructed that some item of evidence was received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may have been ordered struck from the record and you were instructed to disregard this evidence.  Do not consider any testimony or other evidence that was struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

**Direct and Circumstantial Evidence**

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Number of Witnesses**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says, or only part of it, or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1)    the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)    the quality of the witness's understanding and memory;

(3)    the witness's manner while testifying;

(4)    whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5)    whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)    how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)    any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Use of Deposition**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you by reading the transcript.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Use of Interrogatories**

You will now hear [have heard]  answers that [name of party] gave in response to written questions submitted by the other side.  The written questions are called "interrogatories."  The written answers were given in writing and under oath, before the trial.

You must consider [name of party]'s answers to interrogatories in the same manner as if the answers were made from the witness stand.

**Burden of Proof**

This is a civil case. Layne Drexel is the party who brought this lawsuit. Harleysville Mutual Insurance Company is the party against which the lawsuit was filed. Layne Drexel has the burden of proving his case by what is called the preponderance of the evidence. That means Layne Drexel has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Layne Drexel and the evidence favorable to Harleysville Mutual Insurance Company on opposite sides of the scales, Layne Drexel would have to make the scales tip somewhat on his side. If Layne Drexel fails to meet this burden, the verdict must be for Harleysville Mutual Insurance Company. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Contract Formation, Offer and Acceptance**:

A contract is a legally binding agreement between two or more parties. Each party to the contract must perform according to the agreement's terms. A party's failure to perform a contractual duty constitutes breach of contract. If a party breaches the contract and that breach causes injury or loss to another party, then the injured party may claim damages.

For a legally binding contract to exist, there must be:

1.    an offer of a contract by one party;

2.    an acceptance of that offer by the other party;

3.    consideration for the offer and acceptance; and

4.    sufficiently specific terms that determine the obligations of each party.

In this case, Layne Drexel alleges that Harleysville Mutual Insurance Company breached a contract by refusing to compensate him for damage to his property sustained during a fire on June 22, 2004. You must determine from a preponderance of the evidence whether a legally binding contract was formed between Layne Drexel and Harleysville Mutual Insurance Company.

A legally binding contract requires that the parties manifest or show mutual assent to the contract's terms. Mutual assent is not a subjective or personal understanding of the terms by either party. Rather, mutual assent must be shown by words or acts of the parties in a way that represents a mutually understood intent.

An offer is a display of willingness to enter into a contract on specified terms. To constitute an offer, this display must be made in a way that would lead a reasonable person to understand that an acceptance, having been sought, will result in a binding contract. An

offer remains open for a reasonable time only, unless withdrawn earlier.  What constitutes a reasonable period must be determined from the particular circumstances of the case and from any conditions declared in the terms of the offer.  In this case, Layne Drexel asserts that Harleysville Mutual Insurance Company extended an offer to enter into an insurance contract by sending him a Premium Invoice on March 26, 2004.

An acceptance of an offer is an agreement, either by express act or by conduct, to the precise terms of the offer so that a binding contract is formed. In this case, Layne Drexel asserts that he accepted Harleysville Mutual Insurance Company's offer of insurance coverage by mailing a premium payment in the amount of $283.80.  If you find that Layne Drexel accepted an offer from Harleysville Mutual Insurance Company by sending the $283.80, you should assume that those funds are adequate consideration to support the contract.

**Construction of Ambiguous Terms – Breach of Contract**

There are certain rules to consider in interpreting contractual terms that appear ambiguous or unclear.

First, if the party that drafted the language of the contract can be determined, the language must be construed most strongly against that party. In this case, Harleysville drafted the insurance contract at issue, and its language must be construed most strongly against Harleysville.

Second, if the contract's language is susceptible of two constructions, one of which makes it a fair, customary, and reasonable contract that a prudent person would make, while the second interpretation makes the contract inequitable, unusual, or one that a prudent person would likely not make, the first interpretation must be preferred.

Third, to determine the parties' intent when there are ambiguous terms, the jury will look to the construction given to the terms by the parties as shown through their conduct during the period after the contract allegedly became effective and before the institution of this lawsuit. The parties' conduct after a contract is made should be given great weight in determining its meaning.

**Waiver**

Waiver is the voluntary relinquishment or abandonment of a legal right or advantage. A waiver may be expressly made or implied from conduct or other evidence. The party alleged to have waived a right must have known about the right and intended to give it up. Here, Layne Drexel maintains that Harleysville Mutual Insurance Company waived any right to insist on timely premium payments in 2 ways. First, Layne Drexel asserts that Harleysville Mutual Insurance Company waived its right to a timely payment by including certain language in its March 26, 2004 Premium Invoice. Second, Layne Drexel maintains that Harleysville Mutual Insurance Company waived any right to insist on timely premium payments by accepting his premium check and causing the funds to be withdrawn from his bank account. If you find that Harleysville Mutual Insurance Company waived any right to insist upon timely premium payments for either reason, you can find that the parties did enter into an insurance contact.

With respect to the following 2 legal questions, those of estoppel and promissory estoppel, you must apply the "clear and convincing" standard to the evidence presented to you.  This standard is difference than the "preponderance of the evidence" standard which applies to all other legal questions before you.

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard. But it does not require proof beyond a reasonable doubt, the standard applied in criminal cases.

Again, the clear and convincing evidentiary standard applies only to the questions of estoppel and promissory estoppel.  You must apply the preponderance of the evidence standard to all other questions before you.

**Promissory Estoppel**

In this case, Layne Drexel seeks insurance benefits from Harleysville Mutual Insurance Company after an accidental fire damaged his property on June 22, 2004.  In the event, however, that you determine that Layne Drexel and Harleysville Mutual Insurance Company did not enter into a contract of insurance, that does not end the inquiry.  Here, Layne Drexel also asserts he is entitled to insurance benefits under the theory of promissory estoppel.

If someone makes a promise to a person who reasonably relies on that promise and who later takes an action to that person's detriment, then the one making the promise is obligated to fulfill the promise.  A promise is a declaration by which a person agrees to perform or refrain from doing a specified act.  Mere expressions of opinion, expectation, or assumption are not promises.

You must determine from the evidence whether Harleysville Mutual Insurance Company made a promise to Layne Drexel to pay for the repairs to his property through its actions and conduct after that fire.  If you find that such a promise was made, and that Layne Drexel relied on it to his detriment, then you may award Layne Drexel damages for the detriment suffered as a result of Harleysville Mutual Insurance Company's failure to fulfill his promise.

You must determine whether Mr. Drexel has proved all of the above elements by clear and convincing evidence.

**Estoppel**

When the conduct of a party to a contract intentionally or unintentionally leads another party to the contract, in reasonable reliance on that conduct, to change its position to its detriment, then the original party cannot enforce a contractual right contrary to the second party's changed position. This is known in the law as estoppel. Reasonable reliance means that the party that changed its position must have lacked the means of knowing the truth about the facts in question.

In this case, Layne Drexel must prove:

1.      that there was a contractual relationship between Mr. Drexel and Harleysville;

2.      that Mr. Drexel changed his position to his detriment because of Harleysville's conduct; and

3.      that Mr. Drexel reasonably relied on the conduct of Harleysville.

You must determine whether Mr. Drexel has proved all of the above elements by clear and convincing evidence.

**Breach of Contract**

Because Mr. Drexel was a party to the contract at issue, he would be entitled to recover damages from Harleysville for any breach of the contract.  To establish that Harleysville is liable to Mr. Drexel for breach of contract, Mr. Drexel must prove that one or more terms of his contract with Harleysville have not been performed and that Mr. Drexel has sustained damages as a result of Harleysville's failure to perform.

Here, Mr. Drexel asserts that Harleysville had a contractual duty to pay for the fire damage repairs, which cost $49,877.20, as well as lost rental income in the amount of $3,798.00.  If you find that Harleysville breach its contract with Mr. Drexel to insure against these losses, then you can award Mr. Drexel damages in that amount.

**Bad Faith Breach of Contract**:

If you find that the parties entered into a valid insurance contract, you must then determine whether Harleysville Mutual Insurance Company acted in bad faith when it breached that insurance contract, in other words, when it refused to pay Layne Drexel's insurance claim.

In order to prove that Harleysville Mutual Insurance Company's breach of contract occurred in bad faith, Layne Drexel must show that Harleysville Mutual Insurance Company denied his insurance claim without reasonable justification to do so, and that Harleysville Mutual Insurance Company denied the claim with reckless disregard for Layne Drexel's rights. Harleysville Mutual Insurance Company denies plaintiff's claim that the breach of the insurance contract occurred in bad faith, and asserts that it was justified in denying Layne Drexel's insurance claim.

Not every refusal to pay an insurance claim constitutes a bad faith breach of an insurance policy. You must determine whether, at the time Harleysville Mutual Insurance Company denied coverage, there were facts or circumstances known to Harleysville Mutual Insurance Company that created a legitimate dispute over its liability under the policy. If you find that Harleysville Mutual Insurance Company refused to pay the claim without any reasonable justification, you may find that Harleysville Mutual Insurance Company acted in bad faith. Bad faith means that there were no facts or circumstances known to Harleysville Mutual Insurance Company that created a legitimate dispute over Layne Drexel's claim.

If you find that Harleysville Mutual Insurance Company refused to pay Layne Drexel's insurance claim with a reckless indifference to his rights, you may impose punitive damages.

Punitive damages are different from compensatory damages. You may award punitive damages if you find by a preponderance of the evidence that Harleysville, i.e. its employees, acted intentionally or recklessly. Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence. Punitive damages may only be awarded against a company to punish it for outrageous conduct and to deter it, and others like it, from similar conduct in the future.

The outrageous conduct may be the result of intentional conduct or reckless indifference. Each refers to the state of mind of the person charged. Intentional conduct refers to conscious awareness. Reckless indifference refers to conscious indifference. Each requires that the defendant foresee that its conduct threatens a particular harm to another. Reckless indifference is a conscious indifference that amounts to a "I don't care" attitude. Reckless conduct occurs when a person, with no intent to cause harm, performs an act so unreasonable and dangerous that he or she knows or should know that there is an eminent likelihood of harm that can result.

The law provides no fixed standards for the amount of punitive damages but leaves the amount to your sound discretion, exercised without passion or prejudice.

In determining any award of punitive damages, you must consider the following: the reprehensibility or outrageousness of Harleysville's conduct and the amount of punitive damages that will deter Harleysville and others like it from similar conduct in the future.

You may consider Harleysville's financial condition for this purpose only. Harleysville's financial condition must not be considered in assessing compensatory damages. Any award of punitive damages must bear a reasonable relation to Mr. Drexel's compensatory or nominal damages. If you find that Mr. Drexel is entitled to an award of punitive damages, you must state the amount of punitive damages separately on the verdict form.

**Effect on Instructions as to Damages**

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that any award of damages is appropriate.

**Deliberations**

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to

re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone

about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

**Deadlock**

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions. You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges—judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.