**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LAYNE DREXEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-00428 (JJF) |
| v. | : | |
| | : | Jury Trial Demanded |
| HARLEYSVILLE INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

### *Local Rule 16.4(d) Pretrial Order*

*1.   Statement of the Nature of the Action*

*By plaintiff*:

Plaintiff brought this action against Harleysville Mutual Insurance Company alleging 3 counts arising out of a property insurance contract. Specifically, plaintiff alleges that defendant breached the property insurance contract between the parties by refusing to pay for repairs resulting from a fire that occurred on June 22, 2004, in the amount of $49,877.20 (Count I). Plaintiff also alleges that defendant, due to its actions following the fire, should be estopped from denying coverage under the property insurance contract (Count II), and that defendant breached the insurance contract in bad faith (Count III). Finally, plaintiff brought a statutory claim for attorneys' fees pursuant to Title 18, Chapter 41 of the Delaware Code (Count IV).

*By defendant*:

The defendant contends that the insurance policy was terminated prior to the fire and no coverage is available. Cross motions for summary judgment have been filed and are currently waiting decision by the court.

*2.   Constitutional Or Statutory Basis of Federal Jurisdiction*

Defendant removed this action (from the Superior Court of the State of Delaware) on the basis of diversity of citizenship and its assertion that the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332(a)(1)). (D.I. 1)

3.  *Statement of Facts Which Are Admitted Without Proof*

*By plaintiff*:

a.  Layne Drexel is an adult resident of the State of Delaware and, at all relevant times, was the fee simple owner of 1740 West Fourth Street in Wilmington, Delaware.

b.  Harleysville Mutual Insurance Company is a foreign insurance company authorized to insure property within the State of Delaware.

c.  Commencing in 1999, defendant insured 1740 West Fourth Street against certain losses, including fire damage. That coverage remained in place through at least June 8, 2004. Plaintiff is the beneficiary of that insurance coverage.

d.  On June 22, 2004, an accidental fire caused extensive damage to 1740 West Fourth Street, Wilmington, Delaware.

*By defendant*:

It is admitted that the fire occurred on June 22, 2004. It is further admitted that the following documents were sent by Harleysville to plaintiff:

   a.   March 29, 2004 - premium invoice;
   b.   June 14, 2002 - notice of policy cancellation;
   c.   July 7, 2004 - conformation of termination;

\* Plaintiff does not stipulate to defendant's proposed facts admitted without formal proof (due to defendant's failure to produce its employees for deposition).

4.  *Issues of Fact Which Remain to Be Litigated*

*By plaintiff*:

None known at this time (but see plaintiff's reservation of rights in section 13).

*By defendant*:

   a.   Was plaintiff timely notified that his policy was up for renewal.
   b.   Did plaintiff post date a check in order to obtain insurance coverage.
   c.   Amount of damages should plaintiff recover.

04343|ORD|10029132.WPD

5.  *Issues of Law Which Remain to Be Litigated*

<u>By plaintiff</u>:

a.  Whether defendant effectively cancelled the insurance policy prior to the loss at issue (plaintiff moved for summary judgment on this issue). (D.I. 33)

b.  Whether defendant breached the insurance contract in bad faith and, if so, the amount of punitive damages.

c.  Whether the doctrine of promissory estoppel precludes defendant from denying coverage under the insurance policy at issue.

d.  Whether, and in what amount, plaintiff is entitled to attorneys' fees under Title 18, Chapter 41 of the Delaware Code (plaintiff moved for summary judgment on this issue).

e.  If the Court determines that Harleysville Mutual Insurance Company is entitled to summary judgment on the issue of whether plaintiff's policy expired on June 8, 2004, whether Harleysville waived any right to timely premium payments by accepting Layne Drexel's late premium payment and whether plaintiff accepted defendant's offer of coverage by sending his premium payment late (see paragraphs 8 and 13 for additional details).

<u>By defendant</u>:

The primary issue of law is whether the plaintiff's policy expired for non payment of premium or whether the policy continued and was improperly terminated by the insurance company. These issues are presently before the court on cross motions for summary judgment.

6.  *List of Premarked Exhibits*

<u>By plaintiff</u>:

P1    May 8, 1997 Lease Agreement between plaintiff and Dhiro Patel.

P2    June 17, 1999 Business Owners Application. *

P3    March 14, 2002 Premium Invoice. **

P4    June 11, 2003 Premium Invoice. **

P5    March 23, 2004 Request for Survey by defendant. **

P6    March 26, 2004 Premium Invoice.

P7    April 30, 2004 Request for Cancellation/Termination Notice.

P8    April 30, 2004 Recommendations by Bob Eckert. **

P9    May 17, 2004 email from Brook Beauman to Linda Seville. *

P10   June 3, 2004 letter from S.T. Good Insurance, Inc. to plaintiff, with enclosures. *

P11   Defendant's March 26, 2004 Premium Invoice.

P12   June 3, 2004 email from Brooke Beauman to Linda Seville. *

P13   Defendant's June 22, 2004 "Acknowledgement" of Claim No. F SO-530739-U ND.

P14   June 23, 2004 Assignment Notification from defendant to Tower Insurance Services.

P15   June 24, 2004 First Report & Acknowledgment by Tower Insurance Services. **

P16   June 29, 2004 letter from Tower Insurance Services to plaintiff. **

P17   June 29, 2004 email from Brooke Beauman to Marc Good. *

P18   July 1, 2004 estimate by Tower Insurance Services. *

P19   July 6, 2004 Confirmation of Termination, with Certificate of Mailing.

P20   July 6, 2004 letter from Tower Insurance Services to plaintiff. *

P21   July 15, 2004 letter from defendant to plaintiff. **

P22   July 20, 2004 estimate by G. S. Booth & Assocs., Inc. **

P23   July 23, 2004 Wilmington Fire Department report.

P24   July 25, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc., including attachment. *

P25   July 27, 2004 letter from defendant to S. T. Good Insurance, Inc. *

P26   July 27, 2004 report by Fire Analysis Consulting Group. *

P27   July 29, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P28   July 30, 2004 letter from Tower Insurance Services to defendant.

P29   August 1, 2004 letter from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P30   August 9, 2004 estimate by Tower Insurance Services. *

P31   August 9, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc.*

P32   August 9, 2004 facsimile from G. S. Booth & Assocs., Inc. to Tower Insurance Services. *

P33   August 9, 2004 letter from Tower Insurance Services to defendant. *

P34   August 13, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P35   August 13, 2004 facsimile from G. S. Booth & Assocs., Inc. to Tower Insurance Services. *

P36   August 13, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P37   August 13, 2004 Adjustment Invoice by Tower Insurance Services. *

P38   August 13, 2004 email from Robert Southard to Cherry Clodfelter. **

P39   August 13, 2004 facsimile from Tower Insurance Services to defendant. *

P40   August 13, 2004 Statement of Loss.

P41   August 13, 2004 letter from defendant to plaintiff, with enclosures. **

P42   August 17, 2005 email from Amber Stanton to Sherry Clodfelter. *

P43   August 24, 2004 letter from plaintiff to the Insurance Commissioner of the State of Delaware. **

P44   September 14, 2004 letter from defendant to plaintiff.

P45   September 14, 2004 letter from defendant to plaintiff, with certified mail receipt. **

04343|ORD|10029132.WPD

P46     Defendant's March 30, 2005 Audit Trail and processing remarks. **

P47     Defendant's March 30, 2005 Adjuster Remarks printout. **

P48     March 30, 2005 email from Vincent Bracco to Sherry Clodfelter. *

P49     March 30, 2005 facsimile from Vincent Bracco to Sherry Clodfelter. *

P50     Commercial Package No. MPA-812988 (including Letter of Certification).

P51     Defendant's "Direct Bill - Account/Payment Info" and Direct Bill - Audit Trail."

P52     Personal check from Layne Drexel.

P53     ISO Properties, Inc. Multi-line Report. **

P54     Defendant's October 25, 2005 Initial Disclosures **

P55     Defendant's March 17, 2006 Interrogatory and Request for Production Responses.**

Plaintiff reserves the right to rely upon and exhibits identified by defendant, and to amend this list following discovery.

\*       Defendant objects - hearsay Rule 803
\*\*     Defendant objects - relevancy Rule 402

By defendant:

       a.     March 29, 2004 - premium notice *
       b.     June 14, 2004 - notice of policy cancellation **
       c.     July 7, 2004 - conformation of termination **
       d.     checks by plaintiff drawn on WFSF, Nos. 4356 through 4363 ***
       e.     insurance policy in controversy

\*       Plaintiff objects based on Rules 802 (hearsay) and 901 (authentication).
\*\*     Plaintiff objects based on Rules 802 (hearsay), 901 (authentication), and 402 (relevance).
\*\*\*   Plaintiff objects based on rule 402 (relevance).

7.        *Witness List*

By plaintiff:

| | |
|---|---|
| Layne Drexel<br>1910 Old Capital Trail<br>Newark, Delaware | Mark D. Good<br>S.T. Good Insurance, Inc.<br>67 Christiana Road<br>New Castle, Delaware |
| Jerry Booth<br>Mark Pedrotti<br>G. S. Booth & Assocs., Inc.<br>333 Robinson Lane<br>Wilmington, Delaware | George Powell<br>Tower Insurance Services<br>Post Office Box 4088<br>Greenville, Delaware |
| Harleysville Mutual Insurance Co.<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Robert Southard<br>5901 Peachtree Dunwoody Rd. NE<br>Suite A100<br>Atlanta, Georgia |
| Amber Stanton<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Sherri Clodfelter<br>Lakeview Ridge II<br>2630 Elm Hill Pike, Suite 100<br>Nashville, Tennessee |
| Brooke Beauman<br>225 Monroe Avenue<br>Edgewater, Maryland | Linda Seville<br>3 Audrey Drive<br>Barto, Pennsylvania |
| Danny Riddle<br>Lakeview Ridge II<br>2630 Elm Hill Pike, Suite 100<br>Nashville, Tennessee | Cynthia Beauman<br>355 Maple Avenue<br>Harleysville, Pennsylvania |
| Vincent J. Bracco<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Bob Eckert<br>355 Maple Avenue<br>Harleysville, Pennsylvania |
| Chris Logan<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Rob Hamilton<br>355 Maple Avenue<br>Harleysville, Pennsylvania |

Robert Sullivan
355 Maple Avenue
Harleysville, Pennsylvania

Plaintiff reserves the right to rely upon and witnesses identified by defendant, and to amend this list following discovery.


By defendant:

Robert Souhard, Atlanta, GA
Amber Stanton, Harleysville, PA
Sherry Codfelter, Nashville, TN
Danny Riddle, Nashville, TN
Linda Seville, 3 Aubry Drive, Barto, PA 19504
Brooke Bauman, 335 Monroe Avenue, Edgewater, MD


8.      *Brief Statement of What Plaintiff Intends to Prove*

If the Court grants Layne Drexel's motion for summary judgment on Counts I and IV (which presents only questions of law), then plaintiff intends to prove that Harleysville Mutual Insurance Company acted in bad faith when it breached the insurance contract by refusing to pay for the fire damage repairs.

If the Court denies Layne Drexel's motion for summary judgment, then plaintiff intends to prove that Harleysville Mutual Insurance Company offered him insurance coverage for the period between June 8, 2004 and June 7, 2005, and that he accepted that offer by mailing his premium payment to Harleysville. Although Harleysville Mutual Insurance company asserts that it received that premium payment late, it nonetheless accepted that payment and cashed Layne Drexel's check, which fulfilled Layne Drexel's obligations under the insurance contract. By accepting Layne Drexel's premium check, Harleysville Mutual Insurance Company waived any right it had to require timely premium payments. Even if the Court were to grant Harleysville Mutual Insurance Company's motion for summary judgment and hold that the June 8, 2003 to June 7, 2004 contract expired when plaintiff failed to pay the premium in a timely fashion, this issue will still require a trial because plaintiff asserts a new contract was formed when he sent his premium payment to Harleysville Mutual Insurance Company and it negotiated that premium check.

Pursuant to 6 *Del. C.* § 2301(a), plaintiff is entitled to pre-judgment interest at the rate of 7.5%, commencing when Harleysville denied his claim on August 13, 2004.

Alternatively, plaintiff will argue that promissory estoppel applies and that, because of its actions after the fire damages at issue, Harleysville should be estopped from refusing to pay for the fire damage.

9. *Brief Statement of What Defendant Intends to Prove*

The defendant expects to prove that the plaintiff's insurance policy was not renewed due to non payment of premium. Defendant will also show that plaintiff attempted to fraudulently obtain insurance by backdating a check to claim that the paid the premium in a timely manner. Defendant will show that there was no insurance coverage available to the plaintiff at the time of the loss.

10. *Statement by Counterclaimants or Cross-claimants*

Not applicable.

11. *Desired Amendments to the Pleadings*

Not applicable.

12. *Certification of Settlement Efforts*

The parties to this action, through counsel, certify that they have engaged in meaningful, two way settlement communications, without success.

13. *Other Matters*

<u>By plaintiff</u>:

To date, defendant refuses to allow plaintiff any meaningful discovery. In response, plaintiff filed a motion to compel and for sanctions, which is fully briefed. Defendant, through its refusal to allow discovery, has prevented plaintiff from investigating his claims and the facts of this case, and from preparing adequately for trial. In the event defendant's refusal to allow adequate discovery continues between now and trial, that continuing refusal will deprive plaintiff of due process of law (by preventing him from investigating his claims). Moreover, defendant's actions have prevented plaintiff from adequately considering the proper content of this order, and plaintiff reserves the right to amend his portions of this order following adequate discovery.

Plaintiff filed a motion for summary judgment asking the Court to determine, as a matter of law, whether defendant effectively terminated the insurance coverage prior to the loss according to the terms of the policy. Plaintiff's motion pertains to Count I (breach of contract) and Count IV (a statutory claim for attorneys' fees) and, if successful, would render Count II (promissory estoppel) moot. Only plaintiff's bad faith claim would require further litigation if plaintiff's motion for summary judgment is granted.

In response to plaintiff's motion, defendant requested permission to file a motion for summary judgment past the dispositive motion deadline, a request the Court has not addressed. Nonetheless, defendant filed a motion for summary judgment. Defendant's motion for summary judgment argues that the insurance policy at issue does not require advance notice of expiration. Further, defendant's motion asserts that the policy expired by its own terms on June 8, 2004 (before the June 22, 2004 fire damage).

If the Court grants defendant's request to file a dispositive motion past the deadline, and then grants that motion, a trial will be required regarding whether defendant's March 26, 2004 premium invoice constituted an offer of insurance coverage and whether plaintiff accepted that offer by sending his premium payment. Further, the jury will need to determine whether defendant waived the right to insist on timely premium payments by negotiating plaintiff's late premium payment. Plaintiff's bad faith (Count III), promissory estoppel (Count II), and attorneys' fees (Count IV) claims would remain viable under this scenario.

*By defendant*:

The defendant takes exception to plaintiff's comment that it has refused to allow plaintiff meaningful discovery. The opposite is true. The defendant has produced practically every document in its possession to the plaintiff. When plaintiff filed a request for a Rule 30(b)(6) deposition, the defendant indicated that two people would have to be produced, one relating to procedures and one relating to the claim. The person relating to the claim was identified and arraignments were made for him to come to Delaware from Nashville Tennessee for the deposition. The airline tickets were purchased and the plaintiff unilaterally cancelled the deposition at the last minute. He refused to go forward with the deposition because Harleysville had not produced copies of its procedures. The procedures in no matter related to the witness who was being called. Now withstanding that representation, plaintiff refused to take the deposition, therefore forcing the defendant to incur the cost of the airline tickets.

The defendant had attempted to take the deposition of the plaintiff. Plaintiff's attorney refused to permit the scheduling of the deposition because he had not received defendant's responses to discovery. Even though defendant advised that there was no correlation between the two, plaintiff still refused to attend the deposition.

Plaintiff finally agreed to a deposition on July 12, 2007. Prior to the deposition, plaintiff's counsel unilaterally cancelled the deposition.

14.   *This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice*.

SMITH, KATZENSTEIN & FURLOW LLP

  /s/  *Robert K. Beste*
Kathleen M. Miller (No. 2898)
Robert K. Beste, III (No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
Telephone:   (302) 652-8400
Facsimile:   (302) 652-8405
Email:   rkb@skfdelaware.com

*Attorneys for plaintiff*


CASARINO CHRISTMAN & SHALK, P.A.

  /s/ *Stephen P. Casarino*
Stephen P. Casarino (No. 174)
800 N. King St., Ste. 200
Wilmington, Delaware 19801
(302) 594-4500

*Attorneys for defendant*


**SO ORDERED** this _____ day of _____, 2007


                                            United States District Court Judge