IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAYNE DREXEL, | : | |
| | : | C.A. No.: 05-428 JJF |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE INSURANCE CO. | : | |
| | : | |
| Defendant. | : | |

DEFENDANT'S ANSWERING BRIEF TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

 

CASARINO, CHRISTMAN & SHALK

  /S/ Stephen P. Casarino
Stephen P. Casarino, Esquire
Bar I.D. No. 174
800 N. King Street, Suite 200
Wilmington, DE 19801
Attorney for Defendant

Dated: November 15, 2007

**TABLE OF CONTENTS**

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Plaintiff's policy was not cancelled for non payment of premium.
    His policy terminated because he failed to pay the premium. . . . . . . . . . . . . . . . . 2

    The policy language is clear and does not relate to renewals . . . . . . . . . . . . . . . . 4

    The plaintiff was not a victim of a hidden trap . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**TABLE OF CITATIONS**

*Engerbretsen v. Engerbretsen*, 675 A2d 13 (Del Super.1995),
Affm. 676 A2d 902 (Del 1996)(table). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dimenico v. Selective Insurance Company of America*,
833 A.2d 984 (Del. Super 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hallowell v. State Farm Mutual Automobile Insurance Company*,
443 A2d 926 (Del 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*State Farm Mutual Ins. Co. v. Mundorf* 659 A2d 215 (Del. 1995) . . . . . . . . . . . . . . . . . . 2

*Whistman v. West American*, 686 P2d 1086 (Wash. Apps. 1984) . . . . . . . . . . . . . . . . . . . 3

## SUMMARY OF ARGUMENTS

I. Plaintiff's policy was not cancelled for non payment of premium. His policy terminated because he failed to pay the premium.

II. The policy language is clear and does not relate to renewals.

III. The plaintiff was not a victim of a hidden trap.

**ARGUMENT**

I. PLAINTIFF'S POLICY WAS NOT CANCELLED FOR NON PAYMENT OF PREMIUM. HIS POLICY TERMINATED BECAUSE HE FAILED TO PAY THE PREMIUM.

The fundamental dispute in this case is whether the plaintiff's policy terminated for non payment of premium or whether an existing policy was cancelled for non payment. Plaintiff insists that the policy was cancelled. However, the facts show otherwise.

If plaintiff's policy was terminated because he did not pay the premium, there is no notice requirement under Delaware Code. A cancellation, on the other hand requires that the insurance company provide a notice of cancellation. It is clear that cancellation refers only to a policy in effect at the time of cancellation.

Cancellation is the termination of a policy prior to its expiration as distinguished from a policy lapsed or expired by its own terms. See Cooch on Insurance 3rd §30:1 and 30:2. As stated by Cooch: "Cancellation must be distinguished from termination of the policy under its own terms since in the latter case, notice is not generally required." For example, Cooch on Insurance 3rd §30:3 "The right to cancel is the right to terminate a policy prior to its expiration, as distinguished from a policy's lapse, or expiration by its own terms, and from the breaking off of negotiations due to a failure to achieve a meeting of the minds."

This is clearly the law of Delaware. *State Farm Mutual Ins. Co. v. Mundorf,* 659 A2d 215 (Del. 1995) See also cases cited in Defendant's Opening Brief in Support of its Motion for Summary Judgment.

Plaintiff argues that the cancellation provision in the Harleysville policy is clear and unambiguous. It certainly is with regard to the cancellation of a policy. However, the policy does

not deal with termination of a renewal policy for non-payment of premium.

Plaintiff's premium notice set forth a payment schedule. To obtain insurance the total premium was $1,394.00. Plaintiff had the option of paying that at once on June 8, 2004 or of making a partial payment of $283.30. He then had a payment schedule requiring monthly payments through February 2005. Plaintiff was informed that those amounts had to be received on the due date in order to avoid a notice of cancellation for non payment of premium. The policy contains a cancellation provision which is required by Delaware law. However, it relates only to cancellations. That is clear by reading the section in its entirety. If a policy is cancelled, the insurance company will refund paid premiums on a pro rata basis.

Here, it is undisputed that the policy was not cancelled for non premium. The policy never went into effect because the plaintiff did not pay his premium in a timely manner.

Plaintiff relies heavily upon *Whistman v. West American*, 686 P2d 1086 (Wash. Apps. 1984). The facts in *Whistman* are distinguishable. There, the agent wrote to the deceased insured's representative stating that a cancellation of the policy was requested. There was no lapse or termination notice. Because the carrier stated that it was cancelling the policy, the court concluded that the cancellation clause in the policy must apply. Here, Harleysville did not state it was cancelling the policy. To the contrary, the form that Harleysville sent had two sections, Notice Of Policy Expiration and Notice of Cancellation for Non Payment of Premium. The form clearly checks Notice of Policy Expiration. Thus, it is clear that Harleysville was terminating the policy for non payment of premium.

Likewise, when the second notice was sent to the plaintiff, once again the form was checked Conformation of Termination and not Conformation of Cancellation. There certainly was no

3

confusion on the party of Harleysville. The form indicated that the policy had expired.

      II.      THE POLICY LANGUAGE IS CLEAR AND DOES NOT RELATE TO RENEWALS.

The plaintiff asks this court to interpret the defendant's cancellation provision to apply to failure of plaintiff to renew his policy. Ambiguities are construed against an insurance company, however there is no ambiguity in the policy. No matter how the cancellation provision is read, it still deals with cancellations and not with renewals.

It is the plaintiff who asks the court to reconstruct the insurance policy to provide a clause for non-renewal. If a policy language is clear and unambiguous, the court will not destroy or twist the words under the guise of constructing them. *Hallowell v. State Farm Mutual Automobile Insurance Company*, 443 A2d 926 (Del 1982); *Engerbretsen v. Engerbretsen*, 675 A2d 13 (Del Super.1995), Affm. 676 A2d 902 (Del 1996)(table).

The fact is that the plaintiff's policy beginning June 8, 2004 was never in effect, and therefore was never cancelled.

Plaintiff insists that he should have 10 days before notice of cancelling the policy. Even if the court were to construe Harleysville's notice of expiration as a notice of cancellation, the fact remains that Harleysville's letter of June 15, 2004 told plaintiff he had to pay his premium by June 30, 2004, more than 10 days to keep his policy in effect. It is hard to imagine that plaintiff feels he did not receive adequate notice that his policy would terminate. No matter what words defendant used, the fact remains that plaintiff did not pay his premium until July 14, 2004, 2 weeks after the deadline set forth in the policy. See *Dimenico v. Selective Insurance Company of America*, 833 A.2d 984 (Del. Super 2002).

      III.      THE PLAINTIFF WAS NOT A VICTIM OF A HIDDEN TRAP.

Plaintiff claims that he was a victim of a hidden trap, however, has not explained why he is a victim or why there was a trap. He was put on notice on March 26, 2004 that to renew his policy he had to send a minimum payment of only $283.80 to the insurance company by June 8, 2004. Nothing could be clearer than the premium notice. It advised him of the minimum payment, the payment schedule, and the due date.

When the plaintiff did not pay his premium in a timely manner, on June 15, 2004 he was sent a Notice of Policy Expiration advising that his policy had expired and that if he wanted to have continued coverage he had to pay his premium by June 30, 2004, 12:01 a.m. standard time. Plaintiff did not pay even though he was advised that his policy had expired and could be continued upon timely payment.

It is difficult to imagine how the plaintiff was trapped. If he claims he was relying upon the cancellation provision as opposed to the two notices sent to him, one wonders what he possible could have been thinking. He knew he had not paid his premium, he knew the policy had lapsed, and he was informed that he could reinstate it by making a payment. What plaintiff tried to do, and this point has not been addressed by plaintiff, is back date a check to make it appear that he paid his premium on June 7, one day before the due date. That check was written on or about July 1, 2004, not June 7. Thus, it is clear that plaintiff had notification, because otherwise he would not have back dated the check. Plaintiff as fully aware of the consequences of non-payment.

CASARINO, CHRISTMAN & SHALK

      /s/ Stephen P. Casarino,
STEPHEN P. CASARINO, ESQUIRE
Bar I.D. No. 174
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899-1276
302 594-4500
Attorney for Defendant Harleysville

**CERTIFICATE OF SERVICE**

I, STEPHEN P. CASARINO, Esq., hereby certify that I have caused to be deposited in the mailbox at 800 North King Street, Suite 200, Wilmington, DE 19801, on this 15th day of November, 2007, a true and correct copy of the attached Defendant's Answering Brief to Plaintiff's Motion for Summary Judgment to:

>Robert K. Beste, III, Esq.
>Smith Katzenstein & Furlow LLP
>800 Delaware Avenue, 7th Floor
>P.O. Box 410
>Wilmington, DE 19899

>CASARINO, CHRISTMAN & SHALK
>
>/s/ Stephen P. Casarino
>STEPHEN P. CASARINO, ESQUIRE
>Bar I.D. No. 174
>800 N. King Street, Suite 200
>P.O. Box 1276
>Wilmington, DE 19899
>Attorney for Defendant