# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAYNE DREXEL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:05-cv-428 JJF |
| HARLEYSVILLE INSURANCE CO., | : |
| Defendant. | : |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HARLEYSVILLE MUTUAL INSURANCE COMPANY

Defendant Harleysville Mutual Insurance Company ("Harleysville"), improperly named in the Complaint "Harleysville Insurance Company," by and through its attorneys, for its answer and affirmative defenses:

1. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1, and therefore denies the averments and demands strict proof thereof at trial.

2. Denies the averments contained in paragraph 2 of the Complaint, except admits that Harleysville is qualified to transact business within the State of Delaware and denies all averments regarding service through the Insurance Commissioner of the State of Delaware as conclusions of law to which no response is required.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

4. Denies the averments contained in paragraph 4 of the Complaint, except admits that Harleysville insured Drexel's property at 1740 W. 4th Street, Wilmington, Delaware

PHL_A #2013928 v2



(the "Insured Premises") under Commercial Package Policy No. MPA 812988 (the "Policy"), from June 1999 to June 8, 2004.

5. With regard to the averments contained in paragraph 5, Harleysville respectfully refers the Court to the Policy for the contents thereof.

6. Denies the averments contained in paragraph 6 of the Complaint.

7. With regard to the averments contained in paragraph 7 of the Complaint, Harleysville respectfully refers the Court to the June 18, 2004 letter for the contents thereof.

8. Admits that the premises sustained damage as the result of a fire, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining averments in paragraph 8 of the Complaint, and therefore denies the averments and demands strict proof at trial.

9. Denies the averments contained in paragraph 9 of the Complaint, except admits that Drexel reported the loss to Harleysville on June 22, 2004, and that Harleysville acknowledged receipt of the claim on that same date.

10. Denies the averments contained in paragraph 10 of the Complaint. To the contrary, Harleysville did not receive plaintiff's payment until July 14, 2004, one month after Harleysville notified plaintiff of the impending cancellation of the Policy for non-payment.

11. Denies the averments contained in paragraph 11 of the Complaint. To the contrary, Harleysville received a check from plaintiff well after the payment was due, and returned the payment to plaintiff on the same day as it received the payment.

12. Denies the averments contained in paragraph 12 of the Complaint as conclusions of law to which no response is required, except admits that Harleysville retained Tower Insurance Services to inspect the Insured Premises.

13. Denies the averments contained in paragraph 13 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of the Complaint relating to Tower Services' communications with Drexel, and demands strict proof at trial.

14. Denies the averments contained in paragraph 14 of the Complaint.

15. With regard to the averments contained in paragraph 15 of the Complaint, Harleysville respectfully refers the Court to the August 1, 2004 letter for the contents thereof.

16. Denies the averments contained in paragraph 16, except lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 16 relating to Booth's completion of the repairs to the Insured Premises.

17. Lacks knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

18. Denies the averments contained in paragraph 18 of the Complaint insofar as they purport to characterize the contents of the letter dated September 14, 2004, and respectfully refers the Court to that letter for the contents thereof. To the extent a response is required, Harleysville denies the averments contained in paragraph 18 of the Complaint. To the contrary, Harleysville repeatedly notified Drexel that it had not received payment for the Policy, and provided Drexel with more than sufficient opportunity to make that payment. Drexel, however, failed to remit his payment until more than three weeks after the loss.

## COUNT I

19. Repeats and restates its responses to the preceding paragraphs as though fully set forth.

20.-24. The averments set forth in paragraphs 20 through 24 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Harleysville denies the averments contained in paragraphs 20 through 24.

## COUNT II

25. Repeats and restates its responses to the preceding paragraphs as though fully set forth.

26.-29. The averments set forth in paragraphs 26 through 29 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Harleysville denies the averments contained in paragraphs 26 through 29.

## COUNT III

30. Repeats and restates its responses to the preceding paragraphs as though fully set forth.

31.-33. The averments set forth in paragraphs 31 through 33 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Harleysville denies the averments contained in paragraphs 31 through 33.

## COUNT IV

34. Repeats and restates its responses to the preceding paragraphs as though fully set forth.

35.-37. The averments set forth in paragraphs 35 through 37 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Harleysville denies the averments contained in paragraphs 35 through 37.

WHEREFORE, Harleysville respectfully requests that judgment be entered in its favor and against plaintiff, together with such other relief, including attorneys' fees and costs, as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action or any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not incurred any damages or losses as a result of Harleysville's conduct.

## THIRD AFFIRMATIVE DEFENSE

Harleysville has performed each and every duty owed to plaintiff to the extent that any such duty exists or ever existed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff waived his claims in whole or in part against Harleysville.

WHEREFORE, Harleysville respectfully requests that judgment be entered in its favor and against plaintiff, together with such other relief, including attorneys' fees and costs, as the Court deems just and proper.

BALLARD SPAHR ANDREWS &
INGERSOLL, LLP

BY: _____
William M. Kelleher, Esquire (I.D. No. 3961)
919 N. Market Street, 12th Floor
Wilmington, DE 19801-3034
302-242-4465

Attorney for Defendant,
Harleysville Mutual Insurance Company

Dated: July 1, 2005

Of counsel:

John C. Grugan, Esquire
Kelly L. Gibson, Esquire
**Ballard Spahr Andrews & Ingersoll, LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215-665-8500

## CERTIFICATE OF SERVICE

      I, William M. Kelleher, certify that I have this day served a true and correct copy of the below described pleading or motion upon opposing counsel at the address listed below:

Pleading or Motion served:        Answer to Complaint

Opposing Counsel:        Kathleen M. Miller
Robert K. Beste, III, Esquire
**Smith, Katzenstein & Furlow LLP**
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

Mode of Service:        Via first class mail

_____
William M. Kelleher
(3961)

Dated:
1 July 2005

# U.S. District Court

## District of Delaware

Notice of Electronic Filing

The following transaction was received from Kelleher, William M. entered on 7/1/2005 at 11:39 AM EDT and filed on 7/1/2005

**Case Name:** Drexel v. Harleysville Insurance Company
**Case Number:** 1:05-cv-428
**Filer:** Harleysville Mutual Insurance Company
**Document Number:** 2

**Docket Text:**
ANSWER to Complaint by Harleysville Mutual Insurance Company. (Attachments: # (1) Certificate of Service) (Kelleher, William)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/1/2005] [FileNumber=64898-0] [ 5843fb0cf9d84fe7349eec578443b70285596c58ef547132dcf33f3fd3fa350175a417 0980dc4baf0013844fbf5a29d57a7f2fa0dc688c21e8ad5fbe21fe02a8]]
**Document description:** Certificate of Service
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/1/2005] [FileNumber=64898-1] [ 045fdf6f6d487eb5ee11e39949447c8d3cd0b080f00ad2344aea7693778a3cd103c46d 662f13fc7ec711466eac1d102295f4d467d524862cde040bde36d7ac24]]

**1:05-cv-428 Notice will be electronically mailed to:**

Robert Karl Beste , III    rkb@skfdelaware.com, tlc@skfdelaware.com

William M. Kelleher    kelleherw@ballardspahr.com,

**1:05-cv-428 Notice will be delivered by other means to:**