# EXHIBIT S

695 N.W.2d 335                                                                                                               Page 1
695 N.W.2d 335, 2004 WL 2952677 (Iowa App.)
**(Cite as: 695 N.W.2d 335, 695 N.W.2d 335 (Table))**

C

Ralston v. American Family Mut. Ins. Co.
Iowa App.,2004.
(The Court's decision is referenced in a "Decisions Without Published Opinions" table in the North Western Reporter. See FI IA R 6.14(5) for rules regarding the use and citation of unpublished opinions.)
Court of Appeals of Iowa.
Cindy S. RALSTON, Plaintiff-Appellant/Cross-Appellee,
v.
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellee/Cross-Appellant.
No. 04-0662.

Dec. 22, 2004.

Appeal from the Iowa District Court for Jones County, Douglas S. Russell, Judge.
A plaintiff insured appeals and a defendant insurer cross-appeals from a district court ruling granting the defendant's motion for summary judgment. AFFIRMED.

Peter Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.
Matthew Nagle of Lynch Dallas, P.C., Cedar Rapids, for appellee.

Heard by HUITINK, P.J., and MAHAN, MILLER, VAITHESWARAN, and EISENHAUER, JJ.
MILLER, J.
*1 Plaintiff Cindy Ralston appeals and defendant American Family Mutual Insurance Company (American Family) cross-appeals, following a district court summary judgment ruling in favor of American Family. We conclude the district court appropriately granted summary judgment on the second of two grounds urged by American Family. Accordingly, we affirm the summary judgment ruling on appeal, and need not address American Family's argument on cross-appeal-that the court erred when it declined to grant summary judgment on the first ground as well.

**I. Background Facts and Proceedings.** The undisputed facts reveal the following. In 1995 Cindy Ralston purchased an automobile insurance policy from American Family. The parties renewed the policy in October 2001, with a policy coverage period of October 17, 2001, to April 17, 2002. The dates of coverage were clearly conveyed to Ralston in writing.

On January 14, 2002, following a December 2001 reminder notice, Ralston made a partial premium payment on the automobile policy. American Family issued another past due notice on January 24, 2002, requiring Ralston to make a minimum payment by January 31, 2002. When no payment was received, American Family sent Ralston a notice that her policy was cancelled effective February 16, 2002. The notice was sent to Ralston via certified mail. However, postal records show that Ralston never signed for the letter. Instead, the letter was apparently returned and was receipted for by Elliot Franklin, an American Family employee, on February 25, 2002. This notice, like all other relevant correspondence American Family sent to Ralston, was mailed to the address listed on the policy. This was the same address that appeared on Ralston's checks.

On March 21, 2002, American Family sent Ralston a demand for the "balance owed for coverage provided to the cancellation date" of February 16, 2002. Ralston remitted the exact amount of the balance owed, $221.10, on March 26, 2002. The payment, which was received by American Family on March 29, was the last payment made by Ralston on the automobile insurance policy.

On May 20, 2002, one of the vehicles Ralston had insured under the American Family policy was involved in a collision. The operator of the vehicle, Ralston's daughter, died as a result of her injuries. When Ralston notified American Family of the loss, she was informed the policy was out of force prior to the accident, due to a non-payment of premium. American Family also made an express

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

reservation of its right to deny coverage for any other valid reason.[FN1]

> FN1. The written reservation letter provided, in pertinent part:
> American Family Insurance Company is asserting this reservation of its rights because the policy may be out of force.
> ... [N]o act of any company representative ... shall be construed as waiving any of American Family Insurance Company's rights.... We do not waive our rights to deny coverage for any other valid reasons which may arise.

In October 2002 Ralston filed a two-count petition against American Family. Count I sought a declaratory judgment that the insurance policy was not cancelled and remained in force. Count II sought damages for an alleged bad faith denial of coverage. In its answer American Family admitted that it had denied coverage under the policy, asserting "the policy was no longer in force because of nonpayment of premium."

*2 In August 2003 American Family sought summary judgment and dismissal of Ralston's petition. It alternately asserted that the policy had been cancelled in February 2002, and that it had terminated at the end of the coverage period, in April 2002, when Ralston failed to pay the renewal premium. Following Ralston's successful motion to continue, the summary judgment motion came on for hearing in December 2003.

The district court rejected American Family's claim that, under the undisputed facts, Ralston's policy had been cancelled in February 2002. In reaching this decision the court noted there was evidence that Ralston had not, in fact, received the cancellation notice. The court nevertheless determined summary judgment was appropriate, concluding the automobile policy had not been renewed and had therefore terminated prior to the May 2002 accident. The court rejected Ralston's assertion that American Family had waived its right to rely on non-renewal as a basis for denying coverage.

After the court denied a motion made by Ralston pursuant to Iowa Rule of Civil Procedure 1.904(2), Ralston appealed. American Family cross-appealed. On appeal Ralston asserts the district court erred in concluding American Family had not waived its termination argument, and further in concluding that the policy terminated prior to the accident. On cross-appeal American Family contends the district court should have granted summary judgment on the alternate ground that Ralston's policy had been cancelled in February 2002.

**II. Scope and Standards of Review.** Summary judgment rulings are reviewed for correction of errors at law. Iowa R.App. P. 6.4; *General Car & Truck Leasing Sys., Inc. v. Lane & Waterman,* 557 N.W.2d 274, 276 (Iowa 1996). Where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Iowa R. Civ. P. 1.981(3); *City of West Branch v. Miller,* 546 N.W.2d 598, 600 (Iowa 1996). However, when a motion for summary judgment is made and supported as provided in rule 1.981 a party resisting summary judgment may not simply rely upon the pleadings; he or she must "set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered." Iowa R. Civ. P. 1.981(5). Although summary judgment is improper where reasonable minds could differ on resolution of the matter before the court, *Dickerson v. Mertz,* 547 N.W.2d 208, 212 (Iowa 1996), no fact issue exists if the dispute is over legal consequences flowing from undisputed facts. *City of West Branch,* 546 N.W.2d at 600.

**III. Right or Ability to Assert Termination by Nonrenewal.** The district court concluded American Family was entitled to assert non-renewal as a basis for its denial of coverage under the automobile insurance policy. Ralston contends this was error in two regards: that termination for nonpayment of the renewal premium was not adequately pled as an affirmative defense, and that American Family affirmatively waived its right to deny coverage on this basis.[FN2] We find no merit in either conten-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tion.

> FN2. In her reply brief Ralston raises, for the first time, an assertion that the claim is barred under the specific theory of estoppel by acquiescence. Issues neither presented to nor passed on by the district court will not be addressed for the first time on appeal. *See Benavides v. J.C. Penney Life Ins. Co.,* 539 N.W.2d 352, 356 (Iowa 1995); *see also Sun Valley Iowa Lake Ass'n v. Anderson,* 551 N.W.2d 621, 642 (Iowa 1996) (noting that we typically do not address an argument raised for the first time in a reply brief).

**\*3** Assuming without deciding that termination for nonpayment is in fact an affirmative defense,FN3 we conclude it was adequately raised by American Family. Our rules require liberal construction of pleadings. *See Werner's Inc. v. Grinnell Mut. Reins. Co.,* 477 N.W.2d 868, 870 (Iowa Ct.App.1991). A pleading need only provide "fair notice of the claim asserted to allow that party to make an adequate response." *Gosha v. Woller,* 288 N.W.2d 329, 331 (Iowa 1980). Within the context of an answer, we look to see whether a party has pled "facts giving rise to a defense[;] it is not essential that a specific label be attached to it." *In re Guardianship of Collins,* 327 N.W.2d 230, 233 (Iowa 1982).

> FN3. An affirmative defense is "one which rests on facts not necessary to support the plaintiff's case." *Erickson v. Wright Welding Supply, Inc.,* 485 N.W.2d 82, 86 (Iowa 1992). We question whether American Family's termination argument is in fact an affirmative defense, or merely the assertion of a fact that could refute an element of Ralston's claim. *See Bond v. Cedar Rapids Television Co.,* 518 N.W.2d 352, 355 (Iowa 1994) (noting that where issue raised by defendant was not an affirmative defense but an element of the plaintiffs recovery, the burden on the issue lies with the plaintiff).

American Family's termination argument is premised on the assertion that, under the terms of the automobile insurance policy, Ralston's failure to pay the required renewal premium resulted in non-renewal of the policy. The policy provided, in pertinent part:
This policy will automatically terminate at the end of the policy period if you or your representative do not accept our offer to renew it. Your failure to pay the required renewal premium when due means that you have declined our offer.

In its answer American Family admitted certain facts and also asserted certain facts, in pertinent part as follows:American Family admits it informed Plaintiff that [the] policy ... was out of force due to nonpayment of premium. A certified cancellation letter was sent to Ms. Ralston on February 1, 2002....
....
American Family admits that it has denied coverage under the policy because the policy was no longer ... in force because of nonpayment of premium....
....
Plaintiff has failed to comply with the terms of the insurance contract. Specifically, Plaintiff failed to make timely payment of the premium.

Under Iowa's liberal rules of pleading, the foregoing language is adequate to encompass not only an assertion that coverage was properly denied because the policy had been cancelled for nonpayment, but also an assertion that coverage had been denied because nonpayment of the renewal premium resulted in the termination of the policy.

Moreover, even if it could be argued that the answer was not sufficiently specific to encompass an affirmative defense on the ground of termination, "a defendant may first raise an affirmative defense in a motion for summary judgment as long as the plaintiff is not prejudiced." *McElroy v. State,* 637 N.W.2d 488, 497 (Iowa 2001). Here, four months passed between the filing of American Family's summary judgment motion and hearing on the motion. This provided Ralston adequate time to conduct discovery and prepare a resistance to the sum-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

mary judgment request. Even if the termination defense was not raised until the summary judgment motion was filed, we see no evidence that the late assertion prejudiced Ralston.

We also reject Ralston's contention that American Family waived its right to deny coverage based on nonrenewal. Waiver requires the existence of a right, actual or constructive knowledge of that right, and an intention to relinquish such right. *See Scheetz v. IMT Ins. Co.,* 324 N.W.2d 302, 304 (Iowa 1982). Waiver of rights under an insurance contract is typically an issue of fact for the jury, particularly where the alleged waiver is based on the acts or conduct of the insurer. *Id.* However, when the evidence is undisputed, the issue is one of law, and properly decided by the court. *Id.*

***4** In this case, it is undisputed that American Family had adequate knowledge of its right or ability to raise a termination claim. Thus, the only question is whether there was a genuine issue of material fact regarding American Family's intent to relinquish any such right or ability. The only fact Ralston points to in support of her position is that American Family did not, prior to commencement of this case, in express terms assert nonrenewal as a ground for denying coverage. However, American Family did expressly reserve its right to deny coverage for any valid reason which might arise. Although Ralston complains this was a "generic" reservation, she provides no persuasive authority or argument as to why it was insufficient to reserve to American Family the right to assert a ground for denial other than the one already communicated to Ralston.

The district court properly concluded, as a matter of law, that American Family did not waive its right to deny coverage based on termination. We therefore turn to Ralston's contention that, even if American Family properly raised the issue of termination, the district court erred in concluding that the policy did in fact terminate at the end of the coverage period.

**IV. Termination by Nonrenewal.** Ralston does not dispute that she should have been aware the automobile insurance policy coverage period expired on April 17, 2002. *See First Nat'l Bank v. Watts,* 462 N.W.2d 922, 927 (Iowa 1990) (charging insured with knowledge of a "clearly stated expiration date"). She does not claim that she paid a renewal premium, and under the undisputed facts no such payment was made. Nor does Ralston dispute that, under the terms of the policy, failure to pay the renewal premium when due resulted in automatic termination of the policy at the end of the coverage period. Rather, she claims the policy did not terminate, despite all the foregoing, as American Family never sent her notice of its intent to terminate the policy.

Ralston concedes that American Family had no inherent obligation to provide such notice, *see id.,* and it is clear that, in light of Ralston's failure to pay the renewal premium, no such notice was required by the policy terms. Ralston's contention relies solely on Iowa Code section 515D.7 (2001), which generally requires an insurer to provide notice of its intent not to renew the policy. That requirement, however, does not apply "[i]f the insured *fails to pay any premium due* or any advance premium required by the insurer for renewal." Iowa Code § 515D.7(2) (emphasis added). Here, It is undisputed that the last premium payment made by Ralston was the $221.10 payment made in March 2002, and that she never paid the remaining past-due premium for the October 2001 to April 2002 policy period.

While Ralston complains American Family did not provide her statutory notice that it was canceling her policy, *see* Iowa Code § 515D.4, any such failure is irrelevant to our analysis of this issue. Under the plain language of section 515D.7, it is sufficient that Ralston was aware her premium payment was past due, and that she failed to make payment. Cancellation and nonrenewal are distinct concepts, *see Travelers Indem. Co. v. Fields,* 317 N.W.2d 176, 185 (Iowa 1982), and often rest on distinctly different grounds. *Compare* Iowa Code § 515D.4 (limiting reasons for cancellation) with Iowa Code § 515D.6 (listing prohibited bases for nonrenewal). We see no basis, under either the statutory scheme

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of chapter 515D or case law, for conditioning one notice requirement upon the other.

***5** Because Ralston failed to pay a premium due, section 515D.7's notice requirements do not apply. Because Ralston failed to pay the renewal premium, the policy terminated, by its own terms, on April 17, 2002. Upon such termination, American Family had no further obligation to contract with Ralston. *See First National Bank,* 462 N.W.2d at 927.

**V. Conclusion.** American Family adequately pled, and did not waive, its assertion that the policy terminated at the end of the coverage period. As the undisputed facts reveal the policy did terminate at the end of the coverage period, and because that termination occurred prior to Ralston's claimed loss, the district court did not err in granting American Family summary judgment on this ground. Ralston's petition was properly dismissed. Because this affords American Family full relief, we find it unnecessary to address its claim on cross-appeal.

**AFFIRMED.**

Iowa App.,2004.
Ralston v. American Family Mut. Ins. Co.
695 N.W.2d 335, 2004 WL 2952677 (Iowa App.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.