# EXHIBIT T

Not Reported in N.W.2d                                                                                                              Page 1
Not Reported in N.W.2d, 2001 WL 709905 (Iowa App.)
**(Cite as: Not Reported in N.W.2d)**

Fogle v. Le Mars Mut. Ins. Co. Of Iowa
Iowa App.,2001.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK RULES BEFORE CITING.
Court of Appeals of Iowa.
Ray FOGLE and Donna Fogle, as Co-Administrators of the Estate of Michelle L. Fogle, Deceased, John R. Hudson, Thomas A. Hudson, and Stacey Jolene Hartwig, Plaintiffs-Appellants,
Betty L. ADAMS, as Administrator of the Estate of Phillip R. Adams, Deceased, Plaintiff,
v.
LE MARS MUTUAL INSURANCE COMPANY OF IOWA, Defendant-Appellee.
No. 00-983.

June 13, 2001.

Appeal from the Iowa District Court for Keokuk County, Dan F. Morrison, Judge.
The plaintiffs appeal a district court ruling granting the defendant's motion for summary judgment in plaintiffs' action to collect insurance benefits.

AFFIRMED.

Davis D. Dixon of Heslinga, Heslinga, Dixon & Moore, Oskaloosa, for appellants Ray and Donna Fogle.
David S. Gorham of Morrison, Lloyd, McConnell, Mullins & Davis, Washington, for appellants John and Thomas Hudson.
Stephen D. Lombardi of the Lombardi Law Firm, Des Moines, for appellant Stacey Hartwig.
Rene Charles Lapierre of Klass, Stoik, Mugan, Villone, Phillips, Orzechowski, Clausen & Lapierre, L.L.P., Sioux City, for appellee.

Considered by STREIT, P.J., and HECHT and VAITHESWARAN, JJ.
PER CURIAM.
**\*1** Plaintiffs appeal a decision of the district court granting summary judgment to defendant in this action to collect insurance benefits. Plaintiffs claim there was a genuine issue of material fact concerning whether Phillip Adams failed to properly renew his insurance policy, or the policy was wrongly canceled. We affirm on appeal.

Adams had an automobile insurance policy with Le Mars Mutual Insurance Company for the time period September 10, 1998, to March 10, 1999. On January 26, 1999, Le Mars sent Adams an offer to renew the policy and a billing notice. Adams did not submit payment, and ten days prior to March 10, 1999, the company sent him a reminder notice. The premium was not received by March 10, 1999, and by its terms the policy lapsed on that date. On March 15, 1999, Le Mars sent Adams notice his policy had expired and coverage was no longer in effect.

On March 28, 1999, Adams was driving his pickup and he collided with a parked vehicle owned by John Hudson. John's vehicle was occupied by himself, Thomas Hudson, Stacy Hartwig, and Michelle Fogle. Adams and Michelle died as a result of the collision, and John, Thomas, and Stacy were injured. The co-administrators of Michelle's estate, Ray and Donna Fogle, along with John, Thomas, and Stacy, made claims against Adams' estate.

Le Mars denied coverage of Adams at the time of the accident. On July 9, 1999, Le Mars sent the Fogles' counsel a letter which stated, "Mr. Adams' automobile policy with Le Mars Mutual was canceled March 10, 1999, due to non payment of premium." On August 2, 1999, Le Mars sent the Fogles' counsel a letter which included the statement, "Enclosed, please find a copy of the cancellation notice sent to our insured."

Michelle's estate, Adams' estate, John, Thomas, and Stacy filed a petition for declaratory judgment against Le Mars, alleging the insurance company had failed to properly cancel Adams' policy under Iowa Code section 515D.5 (1997), and therefore the policy remained in effect at the time of the accident.[FN1] Le Mars filed a motion for summary judg-

ment. Le Mars claimed the policy was not canceled, but lapsed when it was not renewed.

> FN1. The parties actually cite the 1999 Iowa Code, but that code did not take effect until July 1, 1999, and the 1997 Iowa Code would govern the insurance company's responsibilities in March 1999.

The district court granted Le Mars' motion for summary judgment. The court found the policy automatically terminated when the renewal premium was not received, and this was a lapse or expiration, not the cancellation of a policy. The court concluded section 515D.5 was not applicable in this case. Plaintiffs appeal.

We review a summary judgment ruling for error. *Hasbrouck v. St. Paul Fire & Marine Ins. Co.,* 511 N.W.2d 364, 366 (Iowa 1993). Summary judgment is properly entered where the record shows no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). In considering the record, we view the facts in the light most favorable to the party who opposes the motion for summary judgment. *General Car & Truck Leasing Sys., Inc. v. Waterman,* 557 N.W.2d 274, 276 (Iowa 1996).

**\*2** Plaintiffs assert Adams' insurance policy with Le Mars was canceled for nonpayment of premium, and therefore, the notice provisions of section 515D.5 should apply. They point out Le Mars sent a letter to the Fogles' counsel, stating Adams' insurance policy was canceled on March 10, 1999, for nonpayment of premium. Plaintiffs claim that because Le Mars failed to notify Adams' at least ten days before his policy was canceled, the cancellation notice was not effective. *See Freeman v. Bonnes Trucking, Inc.,* 337 N.W.2d 871, 877 (Iowa 1983) (an insurer's attempted cancellation of a policy without notice to the insured was of no effect).

Chapter 515D is known as the Iowa Automobile Insurance Cancellation Control Act. Iowa Code § 515D.1. The relevant portion of section 515D.5 provides:

Notwithstanding the provisions of section 515.80 through 515.81A, a notice of cancellation of a policy shall not be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation, or, where the cancellation is for nonpayment of premium notwithstanding the provisions of sections 515.80 and 515.81A at least ten days prior to the date of cancellation.

Iowa Code § 515D.5. Section 515D.5 applies only where a policy has been canceled. *See Travelers Indem. Co. v. Fields,* 317 N.W.2d 176, 185 (Iowa 1982).

Section 515D.4 gives a list of reasons which allow an insurance company to validly cancel a policy. Iowa Code § 515D.4. One of the valid reasons for cancellation of a policy is nonpayment of premium. Iowa Code § 515D.4(1)(a).[FN2] Section 515D.4 does not apply to the nonrenewal of a policy. Iowa Code § 515D.4(3).

> FN2. "Nonpayment of premium" is defined as "failure of the named insured to discharge when due any of the named insured's obligations in connection with the payment of premiums on the policy, or any installment of a premium, ..."Iowa Code § 515D.2(3).

Our supreme court has stated cancellation and nonrenewal are not synonymous.*Travelers Indem. Co.,* 317 N.W.2d at 185. Le Mars claims Adams' policy was not actually canceled, but it automatically terminated under the terms of the policy because Adams did not pay the renewal premium. Adams' automobile insurance policy provided:

Automatic Termination. If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

The Iowa Supreme Court considered a similar factual situation, and an identical automatic termina-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tion provision, in *First National Bank v. Watts,* 462 N.W.2d 922, 923-24 (Iowa 1990). There, also, the insured failed to pay the renewal premium and an accident occurred after the policy period expired. The court stated:"Cancellation," as used in insurance law, means termination of a policy prior to the expiration of the policy period by act of one or all of the parties; "termination" refers to the expiration of the policy by lapse of the policy period.

*First Nat'l Bank,* 462 N.W.2d at 926-27 (quoting *Waynesville Sec. Bank v. Stuyvesant Ins. Co.,* 499 S.W.2d 218, 220 (Mo.Ct.App.1973)). The court found the policy, by its terms, automatically terminated upon the insured's failure to pay the renewal premium. *Id.* at 927.The court concluded the notice provisions for cancellation in chapter 515D did not apply. *Id.*

**\*3** We find Adams' insurance policy with Le Mars terminated when the policy period expired on March 10, 1999, because Adams did not pay a renewal premium to extend the period of insurance. We find Adams' policy was not canceled, because the policy was not terminated prior to the expiration of the policy period on March 10, 1999. Under these circumstances, where there was no cancellation of the policy, section 515D.5 does not apply. *See Id.;Travelers Indem. Co.,* 317 N.W.2d at 185.

The letters sent by Le Mars to the Fogles' counsel do not create a genuine issue of material fact. The letters were written several months after the policy expired. Also, the letters were written after Adams' death, and therefore, could not lead him to misunderstand the extent of his coverage. *See Monroe County v. International Ins. Co.,* 609 N.W.2d 522, 526 (Iowa 2000) (Doctrine of reasonable expectations applies where ordinary layman would misunderstand the extent of coverage provided).

The district court properly granted summary judgment to Le Mars. We affirm the decision of the district court.

AFFIRMED.

Iowa App.,2001.
Fogle v. Le Mars Mut. Ins. Co. Of Iowa
Not Reported in N.W.2d, 2001 WL 709905 (Iowa App.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.