# EXHIBIT U

Not Reported in N.W.2d                                                                                                              Page 1
Not Reported in N.W.2d, 2003 WL 22849756 (Mich.App.)
**(Cite as: Not Reported in N.W.2d)**

Iagar v. Transport Ins. Co.
Mich.App.,2003.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Michigan.
Cornel IAGAR and Mariana Iagar, Plaintiffs-Appellants,
v.
TRANSPORT INSURANCE COMPANY, Defendant-Appellee.
No. 241196.

Dec. 2, 2003.

Before: MURRAY, P.J., and GAGE and KELLY, JJ.

[UNPUBLISHED]
PER CURIAM.

**\*1** Plaintiffs appeal as of right the trial court's order granting defendant's motion for summary disposition. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiffs maintained an automobile insurance policy issued by defendant. The policy, in effect from December 16, 1999 through June 15, 2000, provided that if defendant offered to renew coverage and the insured did not accept the offer, the policy would terminate at the end of the current policy period. The insured's failure to pay the required renewal premium "when due" indicated that the insured had not accepted the offer to renew. Defendant offered to renew plaintiffs' policy for the period June 16, 2000 through December 15, 2000. The renewal notice stated that the policy expired at 11:59 p.m. on June 15, 2000 and that payment of the renewal premium was due on that date. The renewal notice stated that the renewal payment must be postmarked "on or before" June 15, 2000, and suggested that the insured allow five days for mailing and processing.

On June 18, 2000, plaintiffs were involved in an automobile accident. On June 19, 2000, they personally delivered the renewal premium to an agent for defendant, and reported the accident. Defendant declined to pay benefits on the ground that plaintiffs' policy expired on June 15, 2000. Plaintiffs filed suit alleging that their policy was renewed in a timely manner and that they were entitled to benefits. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the terms of its contract with plaintiff unambiguously provided that the policy expired on June 15, 2000, and that the renewal premium was due no later than June 15, 2000. In response, plaintiffs argued that an issue of fact existed as to when defendant required actual receipt of the renewal premium. They asserted that because the renewal notice required a postmark date of June 15, 2000, and suggested allowing five days for mailing, it was reasonable to assume that defendant did not expect to receive payment before June 20, 2000.

The trial court granted defendant's motion for summary disposition, finding that no ambiguity existed between the policy and the renewal notice. The policy clearly stated that coverage expired at 11:59 p.m. on June 15, 2000. The renewal notice stated that the renewal premium was due on June 15, 2000, and that the payment should be postmarked on or before June 15, 2000.

We review a trial court's decision on a motion for summary disposition de novo. *Auto Club Group Ins Co v. Burchell,* 249 Mich.App 468, 479;642 NW2d 406 (2001).

An insurance contract should be read as a whole and meaning given to all terms. *Auto-Owners Ins Co v. Churchman,* 440 Mich. 560, 566;489 NW2d 431 (1992). An insurance contract is clear and unambiguous if it fairly admits of but one interpretation. *Farm Bureau Mut Ins Co v. Nikkel,* 460 Mich. 558, 566;596 NW2d 915 (1999). If the language of an insurance contract is clear, its construction is a question of law for the court. *Henderson v. State Farm Fire & Cas Co,* 460 Mich. 348, 353;596

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00428-JJF  Document 65-23  Filed 11/19/2007  Page 3 of 3

Not Reported in N.W.2d Page 2
Not Reported in N.W.2d, 2003 WL 22849756 (Mich.App.)
**(Cite as: Not Reported in N.W.2d)**

NW2d 190 (1999). An insurance contract is ambiguous if, after reading the entire contract, its language can be reasonably understood in different ways. *Nikkel, supra* at 566-567. Ambiguities are to be construed against the insurer. *State Farm Mut Auto Ins Co v. Enterprise Leasing Co,* 452 Mich. 25, 38;549 NW2d 345 (1996).

**\*2** Plaintiffs argue that the trial court erred by granting defendant's motion for summary disposition. We disagree. The policy and renewal notice stated that the policy expired at 11:59 p.m. on June 15, 2000. This language is clear and unambiguous, and thus fairly admits of but one interpretation.*Nikkel, supra* at 566.The renewal notice stated that the renewal premium was due June 15, 2000, and that a premium sent by mail must be postmarked on or before that date. A payment postmarked on June 15, 2000, but received after that date was retroactive to 12:00 a.m. on June 16, 2000. Plaintiffs correctly note that the renewal notice did not state that the policy could be renewed only by mail; however, nothing in the notice indicated that a payment made in person could be made later than June 15, 2000. All information available to plaintiffs indicated that the renewal payment was due on June 15, 2000, and that if the payment was mailed it was required to be postmarked no later than that date to be considered timely. Plaintiffs did not pay the renewal premium until June 19, 2000, the day after they were involved in an accident. They failed to pay the renewal premium by the due date; therefore, they were not covered at the time of the accident. *McCormic v. Auto Club Ins Ass'n,* 202 Mich.App 233, 238;507 NW2d 741 (1993). The language of the policy and renewal notice was clear and unambiguous. The trial court was required to enforce the policy as written, and could not create an ambiguity where none existed in order to apply the reasonable expectations rule. *McKusick v. Travelers Indemnity Co,* 246 Mich.App 329, 338;632 NW2d 525 (2001). Summary disposition was proper.

Affirmed.

Mich.App.,2003.
Iagar v. Transport Ins. Co.
Not Reported in N.W.2d, 2003 WL 22849756 (Mich.App.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.