**EXHIBIT W**

Not Reported in A.2d                                                                                                                  Page 1
Not Reported in A.2d, 1993 WL 562194 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Konitzer v. Carpenter
Del.Super.,1993.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, New Castle County.
Paul KONITZER, Plaintiff,
v.
Keith P. CARPENTER, Defendant,
**No. C.A. 92C-07-067.**

Submitted Oct. 6, 1993.
Decided Dec. 29, 1993.

On Defendant's Motion for Partial Summary Judgment. Granted in Part. Denied in Part.

Neal J. Levitsky, Agostini & Levitsky, Wilmington, for plaintiff.
Charlene D. Davis, Bayard, Handelman & Murdoch, Wilmington, for defendant.

### MEMORANDUM OPINION

COOCH, Judge.

*1 Paul Konitzer (Plaintiff) filed this action against Keith Carpenter (Defendant) seeking damages, alleging that Defendant's termination of Plaintiff's employment service as head groundskeeper on his property constituted a breach of an oral employment contract. Defendant has moved for partial summary judgment as to Count I (breach of contract claim) and Count II (promissory estoppel claim) of Plaintiff's complaint under Superior Court Civil Rule 56 on the grounds that he is not liable to Plaintiff as a matter of law and that there are no genuine issues of material fact, arguing that both counts are barred by Statute of Frauds and/or the doctrine of employment at will.[FN1] For the reasons stated herein, Defendant's motion for partial summary judgment is granted as to Count I and denied as to Count II.

FN1. There is no application for summary judgment as to Count III (claim for overtime and vacation pay) of Plaintiff's complaint and thus it is not addressed in this opinion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about October 1, 1987, Plaintiff was hired by Defendant as a part time groundskeeper at Defendant's home in Montchanin, Delaware (the Property). After approximately three months of work, he was let go in December 1987, when his services were no longer needed. In January 1988, Plaintiff obtained full time employment at David M. Hickman, Inc. in West Chester, Pennsylvania, as a vehicle operator.

In (apparently) May or early June of 1988, Defendant contacted Plaintiff and offered him the position of head groundskeeper of the Property. It is not disputed that as head groundskeeper Plaintiff was to receive a base salary, have use of the groundskeeper's house, receive payment of all utilities associated with the use of the head groundskeeper's house, receive complete medical benefits and be provided with a vehicle for use on a full time basis. Plaintiff, subsequent to the telephone conversation with Defendant, wrote a letter dated June 9, 1988, to Tom Smith, who worked for Defendant and otherwise acted as his agent, expressing his interest in this position and listing what he thought his salary requirements would be for each of the next six years, indicating that after six years Plaintiff and Defendant could discuss future salary adjustments. Plaintiff claims that he was further advised during a meeting with Defendant and Tom Smith, held on or about July 6, 1988, that he could have the job of head groundskeeper on the Property as long as Defendant resided on the Property and as long as Plaintiff wanted the job. Plaintiff contends that his June 9 letter was discussed at the July 6 meeting and that certain handwritten notations setting forth various terms of employment were made by Tom Smith. The only signature on this letter is Plaintiff's. Plaintiff thus left his job at David M. Hickman, Inc. and began working for Defendant in July 1988 and commenced residing on the Property

at that time.

The essential dispute is the nature of the employment contract as it relates to the duration of Plaintiff's employment. Plaintiff maintains that he was promised employment by Defendant for a six year term and that, in any event, he was repeatedly assured by Defendant that he could have the job of head groundskeeper for as long as Defendant resided on the Property and as long as Plaintiff wanted the job. Plaintiff states that he relied on these promises to his detriment, having moved from West Chester to Montchanin in 1988 and having given up his previous employment (which allegedly provided better health benefits), thereby locating to another job and another place to live.

**\*2** Plaintiff maintains that the issue of security of employment was specifically raised by him because he feared another possible termination of his employment, as happened with his previous employment with Defendant in 1987. Plaintiff contends that his June 9, 1988 letter to Tom Smith set forth a six year term of employment. Plaintiff alleges that he was assured by Defendant during a telephone conversation with Defendant prior to July 6, 1988 that his position would not be eliminated.

Defendant denies that he promised Plaintiff the head groundskeeper position either for six years or for as long as Defendant resided on the Property and as long as Plaintiff wanted the job. In July 1991, Defendant discharged Plaintiff "for a number of reasons, including an abuse of overtime." (Def.Op.Br. at 4). (Such "reasons" are not further explained in the record).

On July 9, 1992, Plaintiff filed the complaint in this action in Superior Court. Count I sets forth a claim based on breach of contract. Count II sets forth a claim based on promissory estoppel. Count III (not at issue) sets forth a claim for vacation and overtime pay.

## II. DISCUSSION

On a motion for summary judgment, the Court must view the facts and all reasonable inferences therefrom in a light most favorable to the non-moving party (Plaintiff). *Tew v. Sun Oil Co.,* Del.Super., 407 A.2d 240, 242 (1979). The Court must grant summary judgment as to Count I and/or Count II if the pleadings and the record show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment on either count as a matter of law.[FN2] Super.Ct.Civ.R. 56(c); *Moore v. Sizemore,* Del.Supr., 405 A.2d 679, 680 (1979). Summary judgment will be denied, however, "if there is any reasonable hypothesis by which the opposing party may recover, or if there is a dispute as to a material fact or the inferences to be drawn therefrom." *Vanaman v. Milford Memorial Hosp., Inc.,* Del.Supr., 272 A.2d 718, 720 (1970). Also, where the non-moving party will bear the burden of proof at trial, summary judgment may be granted if the moving party can demonstrate a "complete failure of proof" concerning an essential element of the non-moving party's case. *Standard Accident Ins. Co. v. Ponsells' Drug Stores, Inc.,* Del.Supr., 202 A.2d 271, 276 (1964); *Hammond v. Colt Industries Operating Corp.,* Del.Super., 565 A.2d 558, 560 (1989).

> FN2. Count III (Plaintiff's claim for overtime and vacation pay) is not the subject of Defendant's Summary Judgment motion. Partial summary judgment under Rule 56(a) or (b) is properly employed to determine legal issues not constituting the entirety of a "claim," thus defining what matters are to be tried. *Sweede v. Cigna Healthplan of Delaware, Inc.,* Del.Super., C.A. No. 87C-SE-171, Del Pesco, J. (Feb. 2, 1989) (ORDER) at 8.

Accordingly, Defendant is entitled to partial summary judgment if he can demonstrate a complete failure of proof concerning an essential element of Plaintiff's proof as to Count I and/or Count II of Plaintiff's complaint, so as to render all other facts immaterial. *Hammond,* 565 A.2d at 560 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986), *cert. denied,* 484 U.S. 1066 (1988)). Also, when ruling on a motion for summary judgment, "the judge must view the evidence presented

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 254 (1986). A promissory estoppel claim in the employment context must be proven by "clear and convincing evidence." *Reeder v. Sanford School, Inc.,* Del.Super., 397 A.2d 139, 141 (1979); *National Fire Ins. Co. v. Eastern Shore Lab., Inc.,* Del.Super., 301 A.2d 526, 529 (1973).

**\*3** The issues thus to be resolved by the Court to determine Defendant's motion for partial summary judgment are whether Plaintiff's breach of contract claim (Count I) and/or his promissory estoppel claim (Count II) are barred by the Statute of Frauds or the doctrine of employment at will.

*A. Count I is Not Barred by the Statute of Frauds But is Nonetheless Unenforceable Because Plaintiff is an "Employee at Will."*

Defendant is entitled to partial summary judgment as to Count I.

The relevant facts, viewed in a light most favorable to Plaintiff, show that Defendant promised Plaintiff employment for six years and/or as long as the Defendant resided on the property and Plaintiff wanted the position. Defendant contends (incorrectly) that Plaintiff failed to allege the latter promise in connection with Count I (that Plaintiff's employment could continue as long as Defendant resided on the Property and Plaintiff wanted the job) and further contends that, in any event, an oral contract for a six year term of employment is barred by the Statute of Frauds. However, Plaintiff has alleged the existence, alternatively, of two contracts: 1) an oral employment contract for a fixed term of six years (Comp. ¶ 12) (Contract A) and 2), notwithstanding the six year contract, an oral employment contract to last as long as Defendant resided on the Property and Plaintiff still wanted the job (Comp. ¶¶ 6 & 11) (Contract B). For the purposes of this motion, the Court, looking at the facts in the light most favorable to Plaintiff, assumes the existence of these contracts and will analyze whether, as Defendant urges, enforcement of these contracts is barred by the Statute of Frauds.

The Statute of Frauds, 6 *Del.C.* § 2714, provides in pertinent part:
No action shall be brought to charge any person upon ... any agreement that is not to be performed within the space of one year from the making thereof ... unless the contract is reduced to writing, or some memorandum, or notes thereof, are signed by the party to be charged therewith....

6 *Del.C.* § 2714(a). "The language 'not to be performed within the space of one year' is held to mean 'which could not possibly be performed within the space of one year.' " *Brandner v. Delaware State Hous. Auth.,* Del.Ch., 605 A.2d 1 (1991) (citing *Haveg Corporation v. Guyer,* Del.Supr., 211 A.2d 910, 913 (1965)). Applying this rule to the case at bar, Contract A (the alleged oral employment agreement for a term of six years) is barred by the Statute of Frauds, since by its very terms it was a six year contract. *Haveg, supra* at 912. *See also Kirschling v. Lake Forest School Dist.,* D.Del., 687 F.Supp. 927, 930 (1988) (holding that the Statute of Frauds will prevent enforcement of an action for damages based on an employment contract that cannot possibly be performed within one year). Plaintiff does not now argue that his claimed six year oral contract for employment services (Contract A) is not barred by the Statute of Frauds and now relies only on Contract B.

**\*4** Contract B, however, is another matter. In *Haveg,* the Court held "that an oral promise of a long-extended performance, which the agreement provides shall come to an end upon the happening of a certain condition, is not within the Statute of Frauds if the condition is one that may happen in one year." 211 A.2d at 912. Contract B (the alleged agreement that Plaintiff would have the job of head groundskeeper as long as Defendant resided on the Property and Plaintiff wanted the job) is not barred by the Statute of Frauds under the reasoning of *Haveg* since the "condition" (Defendant's leaving the property) "may happen in one year." *Id. See also* 2 Arthur L. Corbin, *Corbin on Contracts* § 446, at 546 (1950); Annotation, *Statute of frauds against oral contracts not to be performed within year as applicable to contracts susceptible by its*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*terms, or by construction, of performance within year, where performance within that time is improbable or almost impossible.,* 129 A.L.R. 534 (1940). Thus, if there is any possibility that the condition may occur within a year, no matter how unlikely its occurrence may be, the mere possibility that it could happen takes the contract out of the Statute of Frauds, rendering it potentially enforceable. *Haveg,* 211 A.2d at 912-913. *See also Brandner,* 605 A.2d at 2 (holding that "[e]mployment contracts of indefinite duration *may be* completed within one year and, thus, may be enforced notwithstanding the Statue of Frauds").[FN3]

> FN3. For a further listing of cases recognizing the enforceability of employment contracts of indefinite duration, see *Brandner,* 605 A.2d at 1-2 n. 1.

Although Contract B is not barred by the Statute of Frauds since Defendant could have moved from the property within one year, this does not end the inquiry. Although Contract B is for an indefinite term and does take the contract out of the reach of the Statute of Frauds, the agreement at bar is a contract for a hiring at will. This Court has held that "[a]n oral contract of employment for an indefinite period is a hiring at will which may be terminated at any time by either party with or without cause." *Emory v. Nanticoke Homes, Inc.,* Del.Super., C.A. No. 82C-MR-14, Ridgely, J. (July 19, 1985) Letter Op. at 5 (citing *Greer v. Arlington Mills Mfg. Co.,* Del.Super., 43 A. 609, 611 (1899); *Haney v. Laub,* Del.Super., 312 A.2d 330, 332 (1973)). This Court has further held that even where oral assurances are given to someone that that person is intended to be a permanent employee, such "written or oral statements to a prospective employee concerning the conditions of [the prospective employee's] employment are not enforceable against the employer without some basic contract consideration, i.e. detrimental reliance by the employee upon the representations made by the employer." *Asher v. A.I. DuPont Inst. of the Nemours Found.,* Del.Super., C.A. No. 84C-JL-71, Martin, J. (June 19, 1987) Letter Op. at 5.[FN4]

> FN4. The applicability of *Asher* to Plaintiff's promissory estoppel argument is discussed in Section B of this opinion (discussing Count II of Plaintiff's complaint), *infra* at 12.

In *Asher,* the employee worked as a medical lab technician. He was told that after a 90 day probationary period he would be considered a permanent employee and that he could only be terminated for cause. The employee was then terminated because of "a series of conflicts with his supervisor," and subsequently brought suit for wrongful discharge and breach of contract. *Id.* at 2. The employer argued that the employee was employed at will and therefore could be fired at any time for any reason without the employer having breached its employment contract. The *Asher* Court held that oral assurances that he was to be permanent employee, without more, were not sufficient to change his "at will" status, and granted the employer's motion for summary judgment. *Id.* at 4-5. *Asher* thus supports Defendant's argument for dismissal of Count I (the breach of contract claim) since detrimental reliance is not alleged in Count I.

**\*5** In *Edwards v. Lutheran Social Services of Dover, Inc.,* Del.Super., C.A. No. 83C-JN-22, Ridgely, J. (April 8, 1987) (ORDER), an employee was employed as an executive director of a social services organization. The Court held that the employer's asking a prospective new executive director if he would be willing to stay more than two or three years, and expressing hope that he would be working with the agency for a long time, did not alter his "at will" status. *Id.* at 4. (The *Edwards* Court did not address any detrimental reliance claim).

Likewise, this Court finds that in the case at bar, Defendant's alleged statements (that Plaintiff could have the job of head groundskeeper for as long as Defendant resided on the Property and as long as Plaintiff wanted the job), even if true, did not create a contract of employment for a definite period of time thereby altering Plaintiff's "at will" status. Thus, Plaintiff was hired as at will employee. *Asher, supra* at 4-5; *Edwards, supra* at 4. *See also Mer-*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1993 WL 562194 (Del.Super.)
(Cite as: Not Reported in A.2d)

Page 5

rill v. Crothall-American, Inc., Del.Supr., 606 A.2d 96, 102 (1992) (holding that Delaware law establishes a "heavy presumption" that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite, and that although Employee's employment was described as permanent, this was nevertheless insufficient to alter Employee's at will status); *Peterson v. Beebe Medical Center, Inc.,* Del.Supr., No. 565, 1992, Moore, J. (March 24, 1993) (ORDER) at 3-4 (holding that an employer's statement to an employee that "we trust you will be here until you retire" was insufficient to create an enforceable contract obligation, the employee having been employed at will).[FN5]

> FN5. *Merrill* and *Peterson* also held that "every employment contract made under the laws of this State, consonant with general principles of contract law, includes an implied covenant of good faith and fair dealing.... It has been said that 'to constitute a breach of the implied covenant of good faith, the conduct of the employer must constitute 'an aspect of fraud, deceit or misrepresentation.'' ... An employer acts in bad faith when it induces another to enter into an employment contract through actions, words, or the withholding of information, which is intentionally deceptive in some way material to the contract." *Merrill,* 606 A.2d at 101 (citations omitted); *Peterson v. Beebe Medical Center, Inc.,* Del.Supr., No. 565, 1992, Moore, J. (March 24, 1993) (ORDER) at 5. Plaintiff has not alleged such a breach in the case at bar, hence any issue of bad faith is not addressed in this opinion.

Therefore, as to Count I (Plaintiff's breach of contract claim), Contract A (the alleged agreement promising Plaintiff employment for a fixed term of six years) is barred by the Statute of Frauds by the fact of its six year term. Contract B (the alleged agreement promising Plaintiff employment for as long as Defendant resided at the Property and Plaintiff still wanted the job), while not violative of the Statute of Frauds, is nonetheless unenforceable because Plaintiff was an employee at will, with employment terminable at will by the employer at any time, for any reason (absent bad faith), with or without cause. Defendant's motion for partial summary judgment is therefore granted as to Count I of Plaintiff's complaint.[FN6]

> FN6. Since the Court finds the alleged employment contract unenforceable (due to Plaintiff's at-will status) it is not necessary to rule on Defendant's additional argument that the alleged contract fails for lack of mutuality of consideration.

*B. Count II (Promissory estoppel claim) is Not Barred by the Statute of Frauds Nor by the Presumption that Plaintiff is an Employee at Will.*

Defendant is not entitled to a grant of summary judgment as to Count II.

Count II of Plaintiff's complaint alleges that Defendant promised that Plaintiff would be employed for a term of six years and, alternatively, for as long as Defendant resided on the property and Plaintiff wanted the job. (Comp. ¶ 20). Plaintiff asserts that he detrimentally relied on this alleged promise made by Defendant, giving up his job and his residence in West Chester and relocating to Montchanin. Plaintiff asserts that his previous employment paid him a higher base salary, offered him a better medical insurance plan and offered dental coverage. Plaintiff alleges that he is now in a worse position, after termination of his employment, having to secure new employment with comparable health coverage to what Defendant provided, to acquire a new residence and to obtain other means of transportation. For the purposes of this motion, the Court assumes the foregoing facts as true.

**\*6** The alleged promise for work for a fixed six year term is barred by the Statute of Frauds, while a contract for an indefinite term is not, as such a contract may be completed within one year. *Brandner,* 605 A.2d at 2. This issue is addressed, with respect to Count I, *supra* at pp 6-10 of this Opinion.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Both parties correctly note that Delaware law recognizes a cause of action based upon the doctrine of promissory estoppel, *Metropolitan Convoy Corp. v. Chrysler Corp.,* Del.Supr., 208 A.2d 519, 521 (1965), and that such a claim must be proved by clear and convincing evidence, *Reeder v. Sanford School, Inc.,* 397 A.2d at 141; *National Fire Ins. Co. v. Eastern Shore Lab., Inc.,* 301 A.2d at 529. "In order to state a claim for promissory estoppel, plaintiff must allege (i) the making of a promise; (ii) with the intent to induce action or forbearance based on the promise; (iii) reliance; and (iv) injury." *Peterson v. Beebe Medical Center, Inc.,* Del.Super., C.A. No. 91C-07-147, Del Pesco, J. (Nov. 13, 1992) Letter Op. at 8 (citing *Rabkin v. Philip A. Hunt Chemical Corp.,* Del.Ch., 480 A.2d 655, 661 (1984), *rev'd on other grounds,* 498 A.2d 1099 (1985)), *aff'd on other grounds* Del.Supr., No. 565, 1992, Moore, J. (March 24, 1993) (ORDER).

Defendant contends, however, that Plaintiff's promissory estoppel argument is barred by the "heavy presumption" that Plaintiff was an employee at will. *Merrill,* 606 A.2d at 102. While Plaintiff's status as an at will employee bars Plaintiff's Count I breach of contract claim, it does not necessarily prohibit a claim based on promissory estoppel if Plaintiff can prove the elements of promissory estoppel by the necessary "clear and convincing" evidentiary standard. *Taylor v. Canteen Corp.,* C.D.Ill., 789 F.Supp. 279, 285 (1992) (recognizing that "[p]romissory estoppel constitutes a cause of action separate and distinct from one sounding in contract."); *Asher, supra* at 4-5 (holding that "written or oral statements to a prospective employee concerning the conditions of this employment are not enforceable against the employer without some basic contract consideration, i.e. detrimental reliance by the employee upon the representations made by the employer."); *Crisco v. Board of Educ. of the Indian River School Dist.,* Del.Ch., C.A. No. 9282, Berger, V.C. (Aug. 29, 1988) Mem.Op. 7-13 (holding that an employer was estopped from terminating an employee because of a reduction in force, despite the employee's at will status). *See also Carlson v. Arnot-Ogden Memorial Hosp.,* 918 F.2d 411, 416 (3rd Cir.1990) (suggesting that an employee may make a promissory estoppel claim where the normal contract requirements are not met: "In light of our finding that the parties formed an enforceable contract, relief under a promissory estoppel claim is unwarranted"); *Peterson, supra* at 8 (serving as an example where this Court considered a plaintiff's promissory estoppel argument separate from her contract claim which was otherwise barred by her "at will" status), *Guyer v. Haveg Corp,* Del.Super., 205 A.2d at 176, 181 (1964) (holding that an estoppel argument may apply where the employee changes his position because of representations that were made by his employer on which he was known to rely), *aff'd on other grounds,* Del.Supr., 211 A.2d 910 (1965); Farnsworth, *Developments in Contract Law During the 1980's: The Top Ten,* 41 Case W.Res.L.Rev. 203, 208 (1990); Siniscalco, *Wrongful Termination and Emerging Torts,* 2 *21st Annual Institute on Employment Law* 379, 455 (1992): "Even states which adhere to the traditional at-will doctrine may enforce an employer's promises if an employee detrimentally relies on them") (citations omitted).[FN7]

> FN7. *But see Gaines v. Wilmington Trust Co.,* C.A. No. 90C-MR-135, Del Pesco, J. (June 3, 1991) Letter Op. at 6 ("plaintiff claims that she detrimentally relied on [her employer's] representations that she would not be terminated without just cause. Such allegations do not state a cause of action for an at-will employee."), *aff'd on other grounds,* Del.Supr., No. 250, 1991, Hartnett, V.C. (Dec. 27, 1991); *Emory v. Nanticoke Homes, Inc., supra* at 5-6 (holding that a "unilateral expression" by an employer of its employment policy in an employee handbook (relating to procedures regarding termination) did not modify the employee's at will status, thereby warranting summary judgment as to plaintiff's promissory estoppel claim).

**\*7** Plaintiff, eventually to prevail on his promissory estoppel claim, will have to prove said claim by clear and convincing evidence. *Reeder v. Sanford School, Inc.,* 397 A.2d at 141; *National Fire Ins.*

*Co.,* 301 A.2d at 529. Furthermore, the United States Supreme Court has held that "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson,* 477 U.S. at 254. Hence, the question here is whether a jury could reasonably find either that Plaintiff proved his case by clear and convincing evidence or that he did not. *Id.* Stated another way, "[a]ny application for [summary] judgment must be denied if there is any reasonable hypothesis by which the opposing party may recover,"*Vanaman,* 272 A.2d at 720, as viewed through the "prism of the substantive evidentiary burden,"*Anderson,* 477 U.S. at 254.

Therefore, in order to prevail on a claim for promissory estoppel, Plaintiff must prove each of the following elements by clear and convincing evidence: (i) the making of a promise; (ii) with the intent to induce action or forbearance based on the promise; (iii) reliance; and (iv) injury. *Peterson, supra* at 8. As to the first requirement, "the making of a promise," Plaintiff must prove by clear and convincing evidence that an actual promise or definite assurance in promissory form was made. Whether such a promise was made, however, is a question of fact necessarily determined by a jury.

Defendant relies on the cases *In Re Phillips Petroleum Securities Litig.,* 881 F.2d 1236 (3rd Cir.1989), *Metropolitan Convoy Corp. v. Chrysler Corp.,* Del.Supr., 208 A.2d 519 (1965), *Reeder v. Sanford School, Inc.,* Del.Super., 397 A.2d 139 (1979) and *Taylor v. Canteen Corp.,* C.D.Ill., 789 F.Supp 279 (1992) for the proposition that, assuming Defendant made the statement that Plaintiff could have the head groundskeeper position as long as Defendant remained on the Property and Plaintiff wanted the job, any such statement is still not enforceable as merely an expression of "opinion, expectation or assumption [and is] insufficient to establish the promise element of the promissory estoppel cause of action." (Def.Op.Br. at 13). This Court disagrees.

Defendant is correct in his assertion that Plaintiff must prove the existence of a real promise, *Metropolitan Convoy Corp,* 208 A.2d at 519, and that "[m]ere expressions of opinion, expectation or assumption are insufficient." *Reeder,* 397 A.2d at 141. The question presented is in which category ("real promise" or "mere expression of opinion," etc.) Defendant's alleged representation belongs. The answer depends in part on such factors as what the Defendant said, in what manner he said it and how many times such assurances were made. A statement, as was made to the employee in *Peterson, supra* at 5,"We trust you will be here until you retire" is more likely a mere expectation. In the case at bar, however, Plaintiff has alleged the making of a more explicit promise. Viewing the facts in the light most favorable to Plaintiff, the non-moving party, there remains material issues of fact. Even when considered under the standard of *Anderson,* it is possible that Plaintiff could prove the alleged promise by clear and convincing evidence. Summary judgment is thus inappropriate at this juncture.

**\*8** The Court finds the cases cited by Defendant distinguishable. *In Re Phillips Petroleum Securities Litigation* was not an employment case and its holding that shareholders could not recover on a promissory estoppel theory turned on its own particular facts. In *Metropolitan Convoy Corp.* a plaintiff automobile hauler sought restitution of its out-of-pocket expenses attendant upon its location of terminal facilities in a city where the defendant automobile corporation's plant was located. While the plaintiff based its argument on promissory estoppel, the Court found that the evidence failed to demonstrate a definite promise by the employer that the defendant corporation would continue to use its services. In that case the Supreme Court found nothing in the record to suggest that the defendant promised or otherwise assured the plaintiff that it would continue to use its services. Here, however, Plaintiff has alleged a promise. Taking the facts in the light most favorable to the non-movant (Plaintiff), this Court assumes it was made. Regardless, it is a material fact in dispute, thus making summary judgment inappropriate.

*Reeder,* relied upon by Defendant, is more support-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ive of Plaintiff's argument. In *Reeder,* an employer (a school) assured an employee football coach that his salary would not be reduced as a result of the school's decision to terminate its football team. The employer subsequently discharged the employee pursuant to the termination clause in its employment contract and thereafter rehired him under a new employment contract for a lower salary (presumably reflecting his decreased duties). The employee filed suit on both breach of contract and promissory estoppel theory. The *Reeder* Court held, viewing the facts in the light most favorable to the non-movant employee, that a jury question was raised concerning the employer's alleged statements, thus precluding summary judgment. *Id.* at 141-142. The case at bar presents a quite similar situation.

Finally, *Taylor v. Canteen Corp.* is also distinguishable, although factually it is close to the facts of this case. In *Taylor,* an employee gave up his protection of the union's collective bargaining agreement and accepted a management position because the district manager told him that "if he accepted the management job in exchange for his loss of seniority and job security guaranteed by the collective bargaining agreement, he would have 'nothing to worry about' ... [and] was told he would 'not have to be concerned with job security' as he would work for Defendant as maintenance supervisor for 'as long as he wished or until he retired.'" *Id.* at 281. The *Taylor* Court found that these were mere optimistic expressions of the future. *Id.* at 284. Although the statements of the employers in the case at bar and in *Taylor* are similar, the Court finds the alleged promise made by Defendant to be somewhat more specific than the statement in *Taylor.*

**\*9** As Plaintiff points out, the alleged 1988 promise should not be viewed in a vacuum. The fact that Plaintiff was previously employed by Defendant in 1987 and that his employment was terminated the first time after only a three month period potentially lends credence to Plaintiff's claim that he especially sought and received a promise for employment as long as Defendant resided at the Property, however otherwise unlikely or problematical such "promise" might appear. Also, Tom Smith, Defendant's employee, apparently has not submitted an affidavit as to what occurred during the negotiations between the parties, even though he was present at the July 6, 1988 meeting. Such evidence would surely be brought forth at trial. Whether Plaintiff could prove the existence of the elements of his promissory estoppel claim will depend on such factual determinations and the credibility of the witnesses presenting such material facts.

With respect to the second criterion of an action for promissory estoppel (the existence of an "intent to induce action or forbearance based on the promise"), the Superior Court has held that "[s]ummary judgment is inappropriate where ... the inference or ultimate fact to be established concerns intent or other subjective reactions." *George v. Frank A. Robino, Inc.,* Del.Supr., 334 A.2d 223, 224 (1975). Furthermore, whether Defendant intended that Plaintiff rely on the promise assumes the existence of the promise, is a material fact in dispute. Such factual determinations as intent to induce reliance, whether any resultant reliance was reasonable (the third criterion) and whether, and to what extent, injury resulted (the fourth criterion) all, in the context of this case, involve factual questions for a jury. In this connection, the United States Supreme Court has stated:

Our holding [in a libel suit brought by a public official] that the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.... Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Anderson,* 477 U.S. at 254 (citations omitted).

This Court cannot hold that a jury would not be able to find that Plaintiff could prove his promissory estoppel claim by clear and convincing evidence. This Court has held that where it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law, summary judgment will not be granted. *Tew,* 407 A.2d at 242 (citing *Ebersole v. Lowengrub,* Del.Supr., 180 A.2d 467 (1962)). Such is the case at bar.

### CONCLUSION

**\*10** For the foregoing reasons, Defendant's motion for partial summary judgment is granted as to Count I (breach of contract claim) and is denied as to Count II (promissory estoppel claim).

IT IS SO ORDERED.

Del.Super.,1993.
Konitzer v. Carpenter
Not Reported in A.2d, 1993 WL 562194 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.