IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAYNE DREXEL, | : | |
| | : | C.A. No.: 05-428 JJF |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE INSURANCE CO. | : | |
| | : | |
| Defendant. | : | |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

CASARINO, CHRISTMAN & SHALK

  /S/ Stephen P. Casarino
Stephen P. Casarino, Esquire
Bar I.D. No. 174
800 N. King Street, Suite 200
Wilmington, DE 19801
Attorney for Defendant

Dated: November 29, 2007

**TABLE OF CONTENTS**

Table of Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      The plaintiff's policy was terminated for non payment
of premium and was not cancelled during term. . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     There is no ambiguity in the Harleysville policy running to
the benefit of the plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    Defendant is entitled to summary judgment on the record
of this case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

i

**TABLE OF CASES IN AUTHORITIES**

*Brandywine Shoppe Inc., v. State Farm Fire & Casualty Co.*
307 A2d 806 (Del. Super 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lord v. Souder,* 748 A2d 393 (Del. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Moore v. Travelers Indemnity Insurance Co.*, 408 A2d 298
(Del. Super. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*National Fire Insurance Company of Hartford v. Eastern Laboratories Inc.*,
301 A2d 529 (Del. Super. 201) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*State Farm Mutual Automobile Insurance Company v. Mondorf*,
659 A2d 215 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Wilson v. American Insurance Co.*, 209 A2d (Del. 1965) . . . . . . . . . . . . . . . . . . . . 4,5

**ARGUMENTS**

I. THE PLAINTIFF'S POLICY WAS TERMINATED FOR NON PAYMENT OF PREMIUM AND WAS NOT CANCELLED DURING TERM.

Despite every effort by plaintiff to argue that his policy was cancelled instead of terminated, neither the facts nor the law offer any support to plaintiff's position. In essence, the plaintiff creates a strawman. He argues that the only provision in the policy dealing with non payment relates to cancellation, therefore the policy must have been cancelled. There is no requirement under Delaware law that a policy set forth the means of termination for non payment of premium. Plaintiff's policy was terminated because he failed to renew the policy.

The distinction between cancellation and termination or non renewal for failing to pay is a clear one that plaintiff refuses to accept. Cancellation is an affirmative action taken by an insurance company to terminate an existing policy whereas a failure to renew concerns a policy that has ceased to exist. *State Farm Mutual Automobile Insurance Company v. Mondorf*, 659 A2d 215 (1995); *Moore v. Travelers Indemnity Insurance Co.*, 408 A2d 298 (Del. Super. 1979). The plaintiff has pointed to no provision of the Delaware Code requiring that the insurance carrier notify the insured of termination for non payment of premium. If an insured does not pay his premium, he does not have an insurance policy at the end of the term.

As the court pointed out in *Mondorf*, where a policy is not renewed due to the insureds' failure to pay the renewal premium, "no notice to the insured is required".

No matter how many times the plaintiff states it, the fact is that Drexel's policy was not cancelled. His policy was never in effect:

- Harleysville's policies have been issued to Drexel for a term of one year. His last policy ran from June 8, 2003 through June 8, 2004.

1

- A premium notice was sent to the plaintiff requiring a minium payment of $283.80 by June 8, 2004 in order to obtain a renewed policy.

- Plaintiff did not pay his premium.

- On June 15, 2004, a NOTICE OF POLICY EXPIRATION was sent to the plaintiff advising that he had not made his payment and that coverage had expired on June 8, 2004.

- The NOTICE OF POLICY EXPIRATION also informed the plaintiff that he could have protection if Harleysville received payment by June 30, 2004.

- Plaintiff did not pay his premium by July 30, 2004.

- On July 7, 2004, a CONFORMATION OF TERMINATION was sent to the plaintiff.

It is disingenuous for the plaintiff to argue that he relied upon the cancellation provision in his policy. Plaintiff had not read his policy and there is no evidence that he knew about the cancellation provision, much less relied upon it. What is clear, however is that the plaintiff read the NOTICE OF POLICY EXPIRATION because he back dated his check to make it appear as if he had paid the premium prior to the expiration date.

## II. THERE IS NO AMBIGUITY IN THE HARLEYSVILLE POLICY RUNNING TO THE BENEFIT OF THE PLAINTIFF.

It is conceded that ambiguities in insurance policies are to be construed against the insurance company. However, that does not mean that the court creates an ambiguity when in fact there is none. A cancellation provision is perfectly clear. It only relates to a policy in effect: "we may cancel <u>this</u> policy" by mailing notice of cancellation within ten days.

"Notice of Cancellation will state the <u>effective date</u> of cancellation. The policy period will end on that date."

The cancellation provision does not even proport to deal with a situation of non renewal or expiration of term. It cancells an exiting policy on an effective date in the future.

### III. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON THE RECORD OF THIS CASE.

Plaintiff argues that there are disputed facts which would defeat summary judgment.

It is unquestioned that Harleysville adjusted the plaintiff's loss. It did so under the mistaken belief that the policy was still in effect. It is submitted, however that the mere adjusting a loss does not estop the insurance company from denying coverage when no policy exists.

Plaintiff relies upon *Lord v. Souder,* 748 A2d 393 (Del. 2000) which deals with an employment contract situation and not with estoppel in an insurance contract situation. In an insurance contract, estoppel can only be established if: (1) the party claiming the estoppel lacked knowledge of and the means of learning the true facts; (2) that the relied upon the conduct of the party against whom the estoppel is claimed; (3) that he suffered a prejudicial change in his position as a consequence of such reliance. *Wilson v. American Insurance Co.*, 209 A2d (Del. 1965); *Brandywine Shoppe Inc., v. State Farm Fire & Casualty Co.* 307 A2d 806 (Del. Super 1973); *National Fire Insurance Company of Hartford v. Eastern Laboratories Inc.*, 301 A2d 529 (Del. Super. 201)

Estoppel is an equitable right. Although Harleysville started to adjust the claim, the plaintiff knew or should have known that he had not paid his premium in a timely manner and that there was no insurance coverage. He received documentation telling him that his policy had been terminated for non payment of premium. Harleysville made no "promise" to plaintiff to induce him in any manner. His property had been damaged by fire and he knew it had to be repaired. He signed a contract with G.S. Booth Associates for it to do his work with the clear understanding that if the insurance company for whatever reason didn't pay the repairs, then plaintiff would be responsible for payment to G.S. Booth Associates. (Drexel- P52)

4

In *Wilson v. American Insurance*, <u>Supra</u>, the policy involved had expired two days before the accident. The court noted that there was no custom or practice of the policy holder paying late which would estop the insurance carrier. The court noted that the policy had expired. However, if the policy had been cancelled before expiration in the face of an accident giving rise to potential liability, the question of estoppel is a more open question, but not when a policy expires under its own terms.

In essence, the plaintiff is asking the court to create an insurance contract where there was none and to do so without paying for it. Estoppel does not create a new policy.

Surely, the plaintiff cannot be serious when he argues that Harleysville kept his money and cashed his check. Harleysville pointed out clearly that the day after receipt of his check, Harleysville mailed the plaintiff the amount of his payment back to him. Just because the plaintiff has not cashed that check does not indicate that Harelysville intended to keep his payment.

There was no misleading by the defendant in this case. Any misleading was done by the plaintiff who knew that his policy had terminated yet tried to keep it in effect by back dating his check.

Plaintiff argues that waiver is a fact for the jury, again arguing that Harleysville cashed the payments premium payment. Plaintiff's payment was returned to him the following day when Harleysville realized the policy was no longer in effect. Returning the check is not an act of waiver, but to the contrary, it shows that it is not waiving its rights.

CASARINO, CHRISTMAN & SHALK

    /s/ Stephen P. Casarino,
STEPHEN P. CASARINO, ESQUIRE
Bar I.D. No. 174
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899-1276
302 594-4500
Attorney for Defendant Harleysville

**CERTIFICATE OF SERVICE**

I, STEPHEN P. CASARINO, Esq., hereby certify that I have caused to be deposited in the mailbox at 800 North King Street, Suite 200, Wilmington, DE 19801, on this 29th day of November, 2007, a true and correct copy of the attached Defendant's Reply Brief in support of its Motion for Summary Judgment to:

> Robert K. Beste, III, Esq.
> Smith Katzenstein & Furlow LLP
> 800 Delaware Avenue, 7th Floor
> P.O. Box 410
> Wilmington, DE 19899

> CASARINO, CHRISTMAN & SHALK
>
> /s/ Stephen P. Casarino
> STEPHEN P. CASARINO, ESQUIRE
> Bar I.D. No. 174
> 800 N. King Street, Suite 200
> P.O. Box 1276
> Wilmington, DE 19899
> Attorney for Defendant