**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LAYNE DREXEL,                        :

                                       :

          Plaintiff,              :

                                         :     C.A. No. 05-00428 (JJF)

                  v.               :

                                         :     Jury Trial Demanded

HARLEYSVILLE INSURANCE CO.,   :

                                         :

          Defendant.          :

### ***Local Rule 16.4(d) Pretrial Order***

## *1.    Statement of the Nature of the Action*

<u>*By plaintiff:*</u>

This civil actions concerns the parties' dispute regarding a policy of property insurance, and specifically whether the insurance coverage at issue was effective on June 22, 2004 when fire caused substantial damage to plaintiff's property.

Plaintiff has moved for summary judgment and, if the Court rules in plaintiff's favor, a trial on liability questions will not be necessary. If the Court denies plaintiff's summary judgment application, the jury must consider whether defendant breached the property insurance contract by refusing to pay for the repairs to plaintiff's property made necessary by the fire (Count I). Plaintiff also asserts that defendant, due to its actions following the fire, should be estopped from denying coverage under the property insurance contract (Count II).

<u>*By defendant:*</u>

The defendant contends that the insurance policy was terminated prior to the fire and no coverage is available. Cross motions for summary judgment have been filed and are currently waiting decision by the court.

### 2. Constitutional Or Statutory Basis of Federal Jurisdiction

Defendant removed this action (from the Superior Court of the State of Delaware) on the basis of diversity of citizenship and its assertion that the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332(a)(1)).

### 3. Statement of Facts Which Are Admitted Without Proof

<u>By plaintiff</u>:

      a.     Layne Drexel is an adult resident of the State of Delaware and, at all relevant times, was the fee simple owner of 1740 West Fourth Street in Wilmington, Delaware.

      b.     Harleysville Mutual Insurance Company is a ~~foreign~~ Pennsylvania insurance company authorized to insure property within the State of Delaware.

      c.     Commencing in 1999, defendant insured 1740 West Fourth Street against certain losses, including fire damage. That coverage remained in place through at least June 8, 2004. Plaintiff is the beneficiary of that insurance coverage.

      d.     On June 22, 2004, an accidental fire caused damage to 1740 West Fourth Street, Wilmington, Delaware.

<u>By defendant</u>:

It is admitted that the fire occurred on June 22, 2004. It is further admitted that the following documents were sent by Harleysville to plaintiff:

      a.     March 29, 2004 - premium invoice;
      b.     June 14, 2002 - notice of policy cancellation;
      c.     July 7, 2004 - conformation of termination;

* Plaintiff does not agree to defendant's proposed facts and demands strict proof thereof.

### 4. Issues of Fact Which Remain to Be Litigated

<u>By plaintiff</u>:

None known at this time (but see plaintiff's reservation of rights in section 13).

04343|ORD|10037689.WPD

*By defendant*:

      a.      Was plaintiff timely notified that his policy was up for renewal.

      b.      Did plaintiff post date a check in order to obtain insurance coverage.

      c.      Amount of damages should plaintiff recover.

## 5. Issues of Law Which Remain to Be Litigated

*By plaintiff:*

      a.      Whether defendant effectively cancelled the insurance policy prior to the loss at issue (plaintiff moved for summary judgment on this issue). (D.I. 33)

      c.      Whether the doctrine of promissory estoppel precludes defendant from denying coverage under the insurance policy at issue.

      e.      If the Court determines that Harleysville Mutual Insurance Company is entitled to summary judgment on the issue of whether plaintiff's policy expired on June 8, 2004, whether Harleysville waived any right to timely premium payments by accepting Layne Drexel's late premium payment and whether plaintiff accepted defendant's offer of coverage by sending his premium payment late (see paragraphs 8 and 13 for additional details).

*By defendant*:

The primary issue of law is whether the plaintiff's policy expired for non payment of premium or whether the policy continued and was improperly terminated by the insurance company. These issues are presently before the court on cross motions for summary judgment.

## 6. List of Premarked Exhibits

*By plaintiff:*

P1      May 8, 1997 Lease Agreement between plaintiff and Dhiro Patel.

P2      June 17, 1999 Business Owners Application. *

P3      March 14, 2002 Premium Invoice. **

P4      June 11, 2003 Premium Invoice. **

P5      March 23, 2004 Request for Survey by defendant. **

P6      March 26, 2004 Premium Invoice.

P7      April 30, 2004 Request for Cancellation/Termination Notice.

P8      April 30, 2004 Recommendations by Bob Eckert. **

P9      May 17, 2004 email from Brook Beauman to Linda Seville. *

P10     June 3, 2004 letter from S.T. Good Insurance, Inc. to plaintiff, with enclosures. *

P11     Defendant's March 26, 2004 Premium Invoice.

P12     June 3, 2004 email from Brooke Beauman to Linda Seville. *

P13     Defendant's June 22, 2004 "Acknowledgement" of Claim No. F SO-530739-U ND.

P14     June 23, 2004 Assignment Notification from defendant to Tower Insurance Services.

P15     June 24, 2004 First Report & Acknowledgment by Tower Insurance Services. **

P16     June 29, 2004 letter from Tower Insurance Services to plaintiff. **

P17     June 29, 2004 email from Brooke Beauman to Marc Good. *

P18     July 1, 2004 estimate by Tower Insurance Services. *

P19     July 6, 2004 Confirmation of Termination, with Certificate of Mailing.

P20     July 6, 2004 letter from Tower Insurance Services to plaintiff. *

P21     July 15, 2004 letter from defendant to plaintiff. **

P22     July 20, 2004 estimate by G. S. Booth & Assocs., Inc. **

P23     July 23, 2004 Wilmington Fire Department report.

P24    July 25, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc., including attachment. *

P25    July 27, 2004 letter from defendant to S. T. Good Insurance, Inc. *

P26    July 27, 2004 report by Fire Analysis Consulting Group. *

27    July 29, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P28    July 30, 2004 letter from Tower Insurance Services to defendant.

P29    August 1, 2004 letter from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P30    August 9, 2004 estimate by Tower Insurance Services. *

P31    August 9, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc.*

P32    August 9, 2004 facsimile from G. S. Booth & Assocs., Inc. to Tower Insurance Services. *

P33    August 9, 2004 letter from Tower Insurance Services to defendant. *

P34    August 13, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P35    August 13, 2004 facsimile from G. S. Booth & Assocs., Inc. to Tower Insurance Services.*

P36    August 13, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P37    August 13, 2004 Adjustment Invoice by Tower Insurance Services. *

P38    August 13, 2004 email from Robert Southard to Cherry Clodfelter. **

P39    August 13, 2004 facsimile from Tower Insurance Services to defendant. *

P40    August 13, 2004 Statement of Loss.

P41    August 13, 2004 letter from defendant to plaintiff, with enclosures. **

P42    August 17, 2005 email from Amber Stanton to Sherry Clodfelter. *

P43    August 24, 2004 letter from plaintiff to the Insurance Commissioner of the State of Delaware. **

P44    September 14, 2004 letter from defendant to plaintiff.

P45    September 14, 2004 letter from defendant to plaintiff, with certified mail receipt. **

P46    Defendant's March 30, 2005 Audit Trail and processing remarks. **

P47    Defendant's March 30, 2005 Adjuster Remarks printout. **

P48    March 30, 2005 email from Vincent Bracco to Sherry Clodfelter. *

P49    March 30, 2005 facsimile from Vincent Bracco to Sherry Clodfelter. *

P50    Commercial Package No. MPA-812988 (including Letter of Certification).

P51    Defendant's "Direct Bill - Account/Payment Info" and Direct Bill - Audit Trail."

P52    Personal check from Layne Drexel.

P53    ISO Properties, Inc. Multi-line Report. **

P54    Defendant's October 25, 2005 Initial Disclosures **

P55    Defendant's March 17, 2006 Interrogatory and Request for Production Responses.**

P56    Harleysville's Direct Billing Criteria

P57    Harleysville's Printed Claim Notes

P58    Harleysville's Property Claim Manual (May 2005)

P59    Harleysville's Best Practices Claims Handling Manual (May 2004)

Plaintiff reserves the right to rely upon and exhibits identified by defendant.

\* Defendant objects - hearsay Rule 803
\*\* Defendant objects - relevancy Rule 402

<u>By defendant:</u>

      a.      March 29, 2004 - premium notice *

      b.      June 14, 2004 - notice of policy cancellation **

      c.      July 7, 2004 - conformation of termination **

      d.      checks by plaintiff drawn on WFSF, Nos. 4356 through 4363 ***

      e.      insurance policy in controversy

\*      Plaintiff objects based on Rules 802 (hearsay) and 901 (authentication).

\*\*      Plaintiff objects based on Rules 802 (hearsay), 901 (authentication), and 402 (relevance).

\*\*\*      Plaintiff objects based on rule 402 (relevance).

### 7. Witness List

<u>By plaintiff:</u>

| | |
|---|---|
| Layne Drexel | Mark D. Good |
| 1910 Old Capital Trail | S.T. Good Insurance, Inc. |
| Newark, Delaware | 67 Christiana Road |
| | New Castle, Delaware |
| | |
| Jerry Booth | George Powell |
| Mark Pedrotti | Tower Insurance Services |
| G. S. Booth & Assocs., Inc. | Post Office Box 4088 |
| 333 Robinson Lane | Greenville, Delaware |
| Wilmington, Delaware | |

Harleysville Mutual Insurance Co.          Robert Southard
355 Maple Avenue                           5901 Peachtree Dunwoody Rd. NE
Harleysville, Pennsylvania                 Suite A100
                                           Atlanta, Georgia

Amber Stanton                              Sherri Clodfelter
355 Maple Avenue                           Lakeview Ridge II
Harleysville, Pennsylvania                 2630 Elm Hill Pike, Suite 100
Nashville, Tennessee

Brooke Beauman                             Linda Seville
225 Monroe Avenue                          3 Audrey Drive
Edgewater, Maryland                        Barto, Pennsylvania

Danny Riddle                               Cynthia Beauman
Lakeview Ridge II                          355 Maple Avenue
2630 Elm Hill Pike, Suite 100              Harleysville, Pennsylvania
Nashville, Tennessee

Vincent J. Bracco                          Bob Eckert
355 Maple Avenue                           355 Maple Avenue
Harleysville, Pennsylvania                 Harleysville, Pennsylvania

Chris Logan                                Rob Hamilton
355 Maple Avenue                           355 Maple Avenue
Harleysville, Pennsylvania                 Harleysville, Pennsylvania

Robert Sullivan
355 Maple Avenue
Harleysville, Pennsylvania

Plaintiff reserves the right to rely upon and witnesses identified by defendant, and to amend
this list.

*By defendant:*

Robert Southard, Atlanta, GA
Amber Stanton, Harleysville, PA
Sherry Clodfelter, Nashville, TN
Danny Riddle, Nashville, TN

Linda Seville, 3 Aubry Drive, Barto, PA 19504
Brooke Bauman, 335 Monroe Avenue, Edgewarter, MD

### 8. Brief Statement of What Plaintiff Intends to Prove

If the Court grants Layne Drexel's motion for summary judgment on Counts I and IV (which presents only questions of law), then no trial is necessary.

If the Court denies Layne Drexel's motion for summary judgment, then plaintiff intends to prove that Harleysville Mutual Insurance Company offered him insurance coverage for the period between June 8, 2004 and June 7, 2005, and that he accepted that offer by mailing his premium payment to Harleysville. Although Harleysville Mutual Insurance company asserts that it received that premium payment late, it nonetheless accepted that payment and cashed Layne Drexel's check, which fulfilled Layne Drexel's obligations under the insurance contract. By accepting Layne Drexel's premium check, Harleysville Mutual Insurance Company waived any right it had to require timely premium payments. Plaintiff will also show that the insurance coverage in question was continuous and not effectively cancelled or terminated prior to the fire, nor did the policy expire.

Even if the Court were to grant Harleysville Mutual Insurance Company's motion for summary judgment and hold that the June 8, 2003 to June 7, 2004 contract expired when plaintiff failed to pay the premium in a timely fashion, this issue will still require a trial because plaintiff asserts a new contract was formed when he sent his premium payment to Harleysville Mutual Insurance Company and it negotiated that premium check.

Alternatively, plaintiff will argue that at trial that promissory estoppel applies and that, because of its actions after the fire damages at issue, Harleysville should be estoped from refusing to pay for the fire damage.

### 9. Brief Statement of What Defendant Intends to Prove

The defendant expects to prove that the plaintiff's insurance policy was not renewed due to non payment of premium. Defendant will also show that plaintiff attempted to fraudulently obtain insurance by backdating a check to claim that the paid the premium in a timely manner. Defendant will show that there was no insurance coverage available to the plaintiff at the time of the loss.

### 10. Statement by Counterclaimants or Cross-claimants

Not applicable.


### 11. Desired Amendments to the Pleadings

Not applicable.


### 12. Certification of Settlement Efforts

The parties to this action, through counsel, certify that they have engaged in meaningful, two way settlement communications, without success.


### 13. Other Matters

<u>By plaintiff</u>:

Plaintiff filed a motion for summary judgment asking the Court to determine, as a matter of law, whether defendant effectively terminated the insurance coverage prior to the loss according to the terms of the policy. Plaintiff's motion pertains to Count I (breach of contract) and Count IV (a statutory claim for attorneys' fees) and, if successful, would render Count II (promissory estoppel) moot. Only plaintiff's bad faith claim would require further litigation if plaintiff's motion for summary judgment is granted.

Defendant's motion for summary judgment argues that the insurance policy at issue does not require advance notice of expiration. Further, defendant's motion asserts that the policy expired by its own terms on June 8, 2004 (before the June 22, 2004 fire damage). If the Court grants defendant's motion, a trial will be required regarding whether defendant's March 26, 2004 premium invoice constituted an offer of insurance coverage and whether plaintiff accepted that offer by sending his premium payment. Further, the jury will need to determine whether defendant waived the right to insist on timely premium payments by negotiating plaintiff's late premium payment. Plaintiff's bad faith (Count III), promissory estoppel (Count II), and attorneys' fees (Count IV) claims would remain viable under this scenario.

*By defendant*:

A resolution of the cross motions for summary judgment will resolve most or all of the issues at trial.

**14.    *This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice*.**

SMITH, KATZENSTEIN & FURLOW LLP

 /s/  Robert K. Beste
Kathleen M. Miller (No. 2898)
Robert K. Beste, III (No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

*Attorneys for plaintiff*

CASARINO CHRISTMAN & SHALK, P.A.

  /s/   Stephen P. Casarino
Stephen P. Casarino (No. 174)
800 N. King St., Ste. 200
Wilmington, Delaware 19801
(302) 594-4500

*Attorneys for defendant*

**SO ORDERED** this _____ day of _____, 2008

_____
United States District Court Judge

04343|ORD|10037689.WPD                     X