**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LAYNE DREXEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-00428 (JJF) |
| v. | : | |
| | : | Jury Trial Demanded |
| HARLEYSVILLE INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

*Local Rule 16.4(d) Pretrial Order*

*1.   Statement of the Nature of the Action*

<u>*By plaintiff:*</u>

This civil actions concerns the parties' dispute regarding a policy of property insurance, and specifically whether the insurance coverage at issue was effective on June 22, 2004 when fire caused substantial damage to plaintiff's property.

The Court ruled in February 2008 that plaintiff's insurance policy expired prior to the fire at issue. Nonetheless, plaintiff advances two related arguments which, if successful, would mandate insurance coverage under the policy at issue.

First, plaintiff asserts that, due to defendant's actions (and those of its agents) following the fire, Harleysville should be estopped from denying coverage under the property insurance contract (Count II). Second, plaintiff asserts that promissory estoppel applies and precludes defendant from denying coverage for the fire damage.

<u>By defendant:</u>

The defendant contends that the issue before the jury is limited to whether Harleysville is estopped from denying plaintiff's claim. The court has already ruled that there was no contract in effect at the time of the accident.

04343|ORD|10038883.WPD

## *2. Constitutional Or Statutory Basis of Federal Jurisdiction*

Defendant removed this action (from the Superior Court of the State of Delaware) on the basis of diversity of citizenship and its assertion that the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332(a)(1)).

## *3. Statement of Facts Which Are Admitted Without Proof*

*By plaintiff*:

    a.    Layne Drexel is an adult resident of the State of Delaware and, at all relevant times, was the fee simple owner of 1740 West Fourth Street in Wilmington, Delaware.

    b.    Harleysville Mutual Insurance Company is a foreign insurance company authorized to insure property within the State of Delaware.

    c.    Commencing in 1999, defendant insured 1740 West Fourth Street against certain losses, including fire damage. That coverage remained in place until June 7, 2004.

    d.    On June 22, 2004, an accidental fire caused damage to 1740 West Fourth Street, Wilmington, Delaware.

*By defendant*:

It is admitted that the fire occurred on June 22, 2004. It is further admitted that the following documents were sent by Harleysville to plaintiff:

    a.    March 29, 2004 - premium invoice;
    b.    June 14, 2002 - notice of policy cancellation;
    c.    July 7, 2004 - conformation of termination;

\* Plaintiff does not agree to defendant's proposed facts and demands strict proof thereof.

## *4. Issues of Fact Which Remain to Be Litigated*

*By plaintiff*:

See plaintiff's portion of the issues of law section.

*By defendant*:

  a. Was plaintiff aware that his policy had terminated.
  b. Was plaintiff misled by any action on the part of Harleysville.
  c. Did plaintiff sustain a change in position by conduct on the part of Harleysville
  d. Any damages that plaintiff is entitled to recover

*5. Issues of Law Which Remain to Be Litigated*

*By plaintiff*:

  a. Whether defendant should be estopped from denying coverage under the insurance policy at issue.

  b. Whether the doctrine of promissory estoppel precludes defendant from denying coverage under the insurance policy at issue.

  c. Whether defendant waived any right to demand timely premium payment by adjusting plaintiff's claim.

*By defendant*:

It is the defendant's position that the plaintiff is not entitled to attorney's fees because the court has concluded that there was no contract of insurance. Attorney's fees under 18 Delaware Code Section 4102 are only permitted upon a rendering of a judgment against an insurer pursuant to a policy of property insurance.

*6. List of Premarked Exhibits*

*By plaintiff:*

P1 May 8, 1997 Lease Agreement between plaintiff and Dhiro Patel.

P2 June 17, 1999 Business Owners Application. *

P3 March 14, 2002 Premium Invoice. **

P4      June 11, 2003 Premium Invoice. **

P5      March 23, 2004 Request for Survey by defendant. **

P6      March 26, 2004 Premium Invoice.

P7      April 30, 2004 Request for Cancellation/Termination Notice.

P8      April 30, 2004 Recommendations by Bob Eckert. **

P9      May 17, 2004 email from Brook Beauman to Linda Seville. *

P10     June 3, 2004 letter from S.T. Good Insurance, Inc. to plaintiff, with enclosures. *

P11     Defendant's March 26, 2004 Premium Invoice.

P12     June 3, 2004 email from Brooke Beauman to Linda Seville. *

P13     Defendant's June 22, 2004 "Acknowledgement" of Claim No. F SO-530739-U ND.

P14     June 23, 2004 Assignment Notification from defendant to Tower Insurance Services.

P15     June 24, 2004 First Report & Acknowledgment by Tower Insurance Services. **

P16     June 29, 2004 letter from Tower Insurance Services to plaintiff. **

P17     June 29, 2004 email from Brooke Beauman to Marc Good. *

P18     July 1, 2004 estimate by Tower Insurance Services. *

P19     July 6, 2004 Confirmation of Termination, with Certificate of Mailing.

P20     July 6, 2004 letter from Tower Insurance Services to plaintiff. *

P21     July 15, 2004 letter from defendant to plaintiff. **

P22     July 20, 2004 estimate by G. S. Booth & Assocs., Inc. **

P23     July 23, 2004 Wilmington Fire Department report.

P24     July 25, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs.,

       Inc., including attachment. *

P25     July 27, 2004 letter from defendant to S. T. Good Insurance, Inc. *

P26     July 27, 2004 report by Fire Analysis Consulting Group. *

P27     July 29, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P28     July 30, 2004 letter from Tower Insurance Services to defendant.

P29     August 1, 2004 letter from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P30     August 9, 2004 estimate by Tower Insurance Services. *

P31     August 9, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc.*

P32     August 9, 2004 facsimile from G. S. Booth & Assocs., Inc. to Tower Insurance Services. *

P33     August 9, 2004 letter from Tower Insurance Services to defendant. *

P34     August 13, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P35     August 13, 2004 facsimile from G. S. Booth & Assocs., Inc. to Tower Insurance Services.*

P36     August 13, 2004 facsimile from Tower Insurance Services to G. S. Booth & Assocs., Inc. *

P37     August 13, 2004 Adjustment Invoice by Tower Insurance Services. *

P38     August 13, 2004 email from Robert Southard to Cherry Clodfelter. **

P39     August 13, 2004 facsimile from Tower Insurance Services to defendant. *

P40     August 13, 2004 Statement of Loss.

P41   August 13, 2004 letter from defendant to plaintiff, with enclosures. **

P42   August 17, 2005 email from Amber Stanton to Sherry Clodfelter. *

P43   August 24, 2004 letter from plaintiff to the Insurance Commissioner of the State of Delaware. **

P44   September 14, 2004 letter from defendant to plaintiff.

P45   September 14, 2004 letter from defendant to plaintiff, with certified mail receipt. **

P46   Defendant's March 30, 2005 Audit Trail and processing remarks. **

P47   Defendant's March 30, 2005 Adjuster Remarks printout. **

P48   March 30, 2005 email from Vincent Bracco to Sherry Clodfelter. *

P49   March 30, 2005 facsimile from Vincent Bracco to Sherry Clodfelter. *

P50   Commercial Package No. MPA-812988 (including Letter of Certification).

P51   Defendant's "Direct Bill - Account/Payment Info" and Direct Bill - Audit Trail."

P52   Personal check from Layne Drexel.

P53   ISO Properties, Inc. Multi-line Report. **

P54   Defendant's October 25, 2005 Initial Disclosures **

P55   Defendant's March 17, 2006 Interrogatory and Request for Production Responses.**

P56   Harleysville's Direct Billing Criteria

P57   Harleysville's Printed Claim Notes

P58   Harleysville's Property Claim Manual (May 2005)

P59   Harleysville's Best Practices Claims Handling Manual (May 2004)

P60   G. S. Booth & Assoc., Inc. Remediation File

Plaintiff reserves the right to rely upon and exhibits identified by defendant.

04343|ORD|10038883.WPD                                v

\* Defendant objects - hearsay Rule 803
\*\* Defendant objects - relevancy Rule 402

*By defendant:*

      a.    March 29, 2004 - premium notice *

      b.    June 14, 2004 - notice of policy cancellation **

      c.    July 7, 2004 - conformation of termination **

      d.    checks by plaintiff drawn on WFSF, Nos. 4356 through 4363 ***

      e.    insurance policy in controversy

\*    Plaintiff objects based on Rules 802 (hearsay) and 901 (authentication).

\*\*    Plaintiff objects based on Rules 802 (hearsay), 901 (authentication), and 402 (relevance).

\*\*\*    Plaintiff objects based on rule 402 (relevance).

## 7. Witness List

*By plaintiff:*

| | |
|---|---|
| Layne Drexel | Mark D. Good |
| 1910 Old Capital Trail | S.T. Good Insurance, Inc. |
| Newark, Delaware | 67 Christiana Road |
| | New Castle, Delaware |
| | |
| Jerry Booth | George Powell |
| Mark Pedrotti | Tower Insurance Services |
| G. S. Booth & Assocs., Inc. | Post Office Box 4088 |
| 333 Robinson Lane | Greenville, Delaware |
| Wilmington, Delaware | |

| | |
|---|---|
| Harleysville Mutual Insurance Co.<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Robert Southard<br>5901 Peachtree Dunwoody Rd. NE<br>Suite A100<br>Atlanta, Georgia |
| Amber Stanton<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Sherri Clodfelter<br>Lakeview Ridge II<br>2630 Elm Hill Pike, Suite 100<br>Nashville, Tennessee |
| Brooke Beauman<br>225 Monroe Avenue<br>Edgewater, Maryland | Linda Seville<br>3 Audrey Drive<br>Barto, Pennsylvania |
| Danny Riddle<br>Lakeview Ridge II<br>2630 Elm Hill Pike, Suite 100<br>Nashville, Tennessee | Cynthia Beauman<br>355 Maple Avenue<br>Harleysville, Pennsylvania |
| Vincent J. Bracco<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Bob Eckert<br>355 Maple Avenue<br>Harleysville, Pennsylvania |
| Chris Logan<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Rob Hamilton<br>355 Maple Avenue<br>Harleysville, Pennsylvania |
| Robert Sullivan<br>355 Maple Avenue<br>Harleysville, Pennsylvania | Mildred Alderfer<br>355 Maple Avenue<br>Harleysville, Pennsylvania |

Plaintiff reserves the right to rely upon and witnesses identified by defendant, and to amend this list.

*By defendant:*

Robert Southard, Atlanta, GA
Amber Stanton, Harleysville, PA
Sherry Clodfelter, Nashville, TN

04343|ORD|10038883.WPD                    vii

Danny Riddle, Nashville, TN
Linda Seville, 3 Aubry Drive, Barto, PA 19504
Brooke Bauman, 335 Monroe Avenue, Edgewarter, MD
Mildred Alderfer, Pa
George Powell - Tower Insurance Services Greenville, DE

### 8. Brief Statement of What Plaintiff Intends to Prove

Plaintiff will show that estoppel and promissory estoppel prevent defendant from denying coverage under for the fire at issue. Further, plaintiff will show that defendant waived its right to demand a timely premium payment by adjusting plaintiff's fire damage loss.

### 9. Brief Statement of What Defendant Intends to Prove

The defendant expects to prove that the plaintiff was aware that his insurance had not been timely paid. Defendant will also show that plaintiff did not rely upon any action of the defendant but to the contrary tried to fraudulently get the insurance company to pay his loss when he knew the policy had terminated.

### 10. Statement by Counterclaimants or Cross-claimants

Not applicable.

### 11. Desired Amendments to the Pleadings

Not applicable.

### 12. Certification of Settlement Efforts

The parties to this action, through counsel, certify that they have engaged in meaningful, two way settlement communications, without success.

### 13. Other Matters

*By plaintiff*:

None.

*By defendant*:

None.

14. This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

SMITH, KATZENSTEIN & FURLOW LLP

_____
Kathleen M. Miller (No. 2898)
Robert K. Beste, III (No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

*Attorneys for plaintiff*

CASARINO CHRISTMAN & SHALK, P.A.

_____
Stephen P. Casarino (No. 174)
800 North King Street, Suite 200
Wilmington, Delaware 19801
(302) 594-4500

*Attorneys for defendant*

SO ORDERED this _____ day of _____, 2008

                                _____
                                United States District Court Judge

04343|ORD|10038883.WPD                    ix